ELIZABETH A. SPERLING (SBN 231474)
esperling@glaserweil.com
SARAH G. MILLER (SBN 281751)
smiller@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendant
TalentBridge, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>                    Plaintiff,<br><br>v.<br><br>TALENTBRIDGE, INC.,<br><br>                    Defendant. | CASE NO.: 2:26-cv-00222-AH(SSCx)<br>Hon. Anne Hwang, District Judge<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Sarah G. Miller; Request for Judicial Notice; [Proposed] Order Granting Motion to Dismiss; [Proposed] Order Granting Request for Judicial Notice]<br><br>DATE:        April 22, 2026<br>TIME:        1:30 p.m.<br>CTRM:      Ctrm 9C<br><br>Case Filed:  January 5, 2026 |

Glaser Weil

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 22, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Anne Hwang in Courtroom 9C (Ninth Floor) of the above-entitled Court located at 350 West First Street, Los Angeles, California 90012, Defendant TalentBridge, Inc. ("TalentBridge") will and hereby does move the Court to dismiss the entirety of the Complaint filed by Plaintiff Vivek Shah ("Plaintiff") against TalentBridge and all allegations therein, which consists of one claim for relief for violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631(a) (the "Complaint").

This Motion is made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule") on the following grounds:

1.     This Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff fails to plead either of the two required elements necessary to establish diversity jurisdiction: (1) complete diversity of citizenship and (2) an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332.

2.     This Complaint should also be dismissed for lack of subject matter jurisdiction because Plaintiff is a tester and cannot establish injury-in-fact, and even without his tester status, he fails to plead facts to support an injury-in-fact sufficient to establish Article III standing.

This Motion also is made pursuant to Rule 12(b)(6) on the following grounds:

1.     Plaintiff fails to plead his sole claim under Cal. Penal Code § 631(a), which is alleged solely under clauses two and four, because he fails to plausibly allege interception, which is a required element of clause two.

2.     Plaintiff fails to plead his sole claim under Cal. Penal Code § 631(a), which is alleged solely under clauses two and four, because he fails to allege the presence of a third party eavesdropper, which also is a required element of clause two.

3.     Plaintiff fails to plead his sole claim under Cal. Penal Code § 631(a) under clause four because he fails to allege a violation of clauses one, two, or three.

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(1) AND RULE 12(b)(6)

3175028

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the Declaration of Sarah G. Miller, the Request for Judicial Notice, the pleadings and other matters on file in this action, and such other and further matters as may come before the Court.

This Motion is made following the good faith conference of counsel pursuant to L.R. 7-3, which took place on March 9, 2026 via Google Meet.  Declaration of Sarah G. Miller ("Miller Decl."), ¶ 2.  The parties thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion. *Id.*  The parties were not able to reach an agreement, thereby necessitating this motion.

DATED:  March 16, 2026                       Respectfully submitted,

                                             GLASER WEIL FINK HOWARD
                                                JORDAN & SHAPIRO LLP


                                             By:  /s/ Sarah G. Miller
                                                  ELIZABETH A. SPERLING
                                                  SARAH G. MILLER
                                                  Attorneys for Defendant
                                                  TalentBridge, Inc.

Glaser Weil

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(1) AND RULE 12(b)(6)

3175028

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 2

III. LEGAL STANDARD .................................................................................... 4

    A. Rule 12(b)(1) Motion to Dismiss ....................................................... 4

    B. Rule 12(b)(6) Motion to Dismiss ....................................................... 4

IV. TALENTBRIDGE'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE GRANTED AND THE CASE DISMISSED .......................................... 5

    A. Plaintiff Fails To Adequately Allege Diversity Jurisdiction ............... 5

    B. Plaintiff Fails to Allege Article III Injury-in-Fact ............................ 8

V. DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE GRANTED .................... 12

    A. Plaintiff Fails to Plead A Claim Under CIPA Because He Fails to Plead Plausible Interception ....................................................... 13

    B. Plaintiff Fails to Allege the Presence Of A Third Party Eavesdropper ..................................................................................... 15

    C. There Is No Violation of the Fourth Clause Because There Is No Violation of Another Clause ............................................................ 16

VI. CONCLUSION ............................................................................................ 17

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

# TABLE OF AUTHORITIES

Page

## CASES

*Armstrong v. Allied Ins. Co.*,
No. 14-cv-0424-JGB, 2014 WL 12591844 (C.D. Cal. Aug. 19, 2014).................. 12

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)......................................................................................... 4, 5

*Bautista v. Pan Am. World Airlines, Inc.*,
828 F.2d 546 (9th Cir. 1987) ............................................................................. 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................... 4, 5

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986)............................................................................................ 5

*Blue Ridge Ins. Co. v. Stanewich*,
142 F.3d 1145 (9th Cir. 1998) ........................................................................... 7

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-cv-01456-SB, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .... 9, 10, 11, 12

*Chandler v. State Farm Mut. Auto. Inc. Co.*,
598 F.3d 1115 (9th Cir. 2010) ........................................................................... 4

*Cody v. Boscov's, Inc.*,
No. 8:22-CV-01434-SSS-KKX, 2024 WL 2228973 (C.D. Cal. May 6, 2024)....... 15

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ........................................................... 13

*Esparza v. Gen Digital Inc.*,
No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024) 13, 15, 16

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ........................................................ 13, 14

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022)............................................................ 11

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ......................................................................... 12, 15

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ......................................................... 14, 15

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) .............................................................. 15

Glaser Weil

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ................................................................................ 6, 7

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) .................................................................................. 6

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ............................................................................ 13, 14

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ............................................................................... 12

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008) ................................................................................. 5

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) ............................................................... 11, 12

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ................................................................................... 5

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ............................................................................ 4, 10

*Rodriguez v. Autotrader.com, Inc.*,
No. 2:24-cv-08735-RGK, 2025 WL 1122387 (C.D. Cal. Mar. 14, 2025) .......... 9, 10

*Rodriguez v. Autotrader.com, Inc.*,
No. 2:24-sv-08735-RGK, 2025 WL 1085787 (C.D. Cal. Cal. Apr 4, 2025) ...... 9, 10

*Rodriguez v. Brushfire Recs.*,
No. 2:25-CV-09797-CAS-PDX, 2025 WL 3692144
(C.D. Cal. Dec. 15, 2025) ............................................................................... 10, 11

*Rodriguez v. Google LLC*,
No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ..................... 14

*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) ................................................................................... 5

*Shah v. Russco57, LLC*,
No. CV 25-12371 PA (MARX), 2026 WL 71868
(C.D. Cal. Jan. 9, 2026).......................................................................... 1, 6, 7, 8

*Spencer v. Kemna*,
523 U.S. 1, 11 (1998).............................................................................................. 4

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016).......................................................................................... 4, 10

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ................................................................................. 5

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .................................................................. 13

Glaser Weil

iii

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

*TransUnion LLC v. Ramirez*,
 594 U.S. 413 (2021) ..................................................................................... 10

*Valenzuela v. Keurig Green Mountain, Inc.*,
 674 F. Supp. 3d 751 (N.D. Cal. 2023) ....................................................... 14, 15, 16

*Valenzuela v. Super Bright LEDs Inc.*,
 No. EDCV2301148JAKSPX, 2023 WL 8424472 (C.D. Cal. Nov. 27, 2023). 13, 14, 15, 16

*W. Mining Council v. Watt*,
 643 F.2d 618 (9th Cir. 1981) ..................................................................................... 5

**STATUTES**

18 U.S.C. § 875(b) .............................................................................................. 3

28 U.S.C. § 1332 .............................................................................................. 4

28 U.S.C. § 1332(c)(1) ........................................................................................ 7

Cal. Penal Code § 631 ........................................................................................ 9

Cal. Penal Code § 631(a) ................................................ 1, 2, 3, 7, 8, 12, 13, 15, 16, 17

**RULES**

C.D. Cal. L.R. 8-1 ............................................................................................. 6

Fed. R. Civ. P. 12(b)(1) ................................................................... 1, 4, 8, 17

Fed. R. Civ. P. 12(b)(6) ................................................................... 2, 4, 12, 17

Fed. R. Civ. P. 8(a) ........................................................................................... 5

Fed. R. Civ. P. 8(a)(1) ....................................................................................... 5

**OTHER AUTHORITIES**

U.S. Const. art. III .............................................................. 4, 9, 10, 11, 12

Glaser Weil

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff is a convicted felon and serial, vexatious litigant who has targeted scores, if not hundreds, of companies nationwide, either with demand letters, lawsuits, or arbitration demands, alleging violations of California's Invasion of Privacy Act ("CIPA"), in an attempt to extort settlement funds in exchange for avoiding litigation. Defendant TalentBridge, Inc. ("TalentBridge") is Plaintiff's latest target. Plaintiff's Complaint against TalentBridge is one of his many copy-and-paste complaints, alleging a single violation of CIPA Section 631(a). The Complaint was served and filed for no purpose other than to extract money from TalentBridge. The Complaint lacks merit, fails to establish subject matter jurisdiction, and fails to state a claim. The Court should dismiss the meritless Complaint and put an end to Plaintiff's extortionist tactics.

Plaintiff is not a stranger to extortion. In 2012, Plaintiff was sentenced to 87 months in prison followed by three years of supervised release after he attempted to extort significant sums from billionaires and other wealthy individuals by threatening to kill members of their families. Once released and unsupervised, Plaintiff turned to litigation to continue his extortionist tactics, serving and filing numerous demands and complaints for violations of various statutes until ultimately choosing to focus on CIPA violations to target the masses.

Plaintiff's Complaint against TalentBridge lacks subject matter jurisdiction and must be dismissed pursuant to Rule 12(b)(1) for at least two reasons:

*First*, Plaintiff fails to adequately plead the elements for diversity jurisdiction. Plaintiff does not sufficiently allege either party's citizenship. Nor does he allege any violation that could plausibly establish the jurisdictional threshold amount in controversy. Judge Percy Anderson recently dismissed with prejudice an essentially identical complaint filed by Plaintiff against a different company *for these same reasons*. *Shah v. Russco57, LLC*, No. CV 25-12371 PA (MARX), 2026 WL 71868, at *1 (C.D. Cal. Jan. 9, 2026).

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

***Second***, Plaintiff fails to sufficiently allege a concrete injury-in-fact sufficient to satisfy Article III standing. Plaintiff is a self-proclaimed "tester" plaintiff – a serial plaintiff who visits websites specifically to identify alleged violations for purposes of litigation – and thus he lacked a reasonable expectation of privacy when visiting TalentBridge's website and cannot establish an injury-in-fact. Furthermore, even without his "tester" status, Plaintiff still cannot establish an injury sufficient to satisfy Article III because he does not allege that he has a protectible privacy interest in the information he allegedly submitted.

For each of these reasons, independently, this Court lacks subject matter jurisdiction to hear this dispute, and this case should be dismissed without leave to amend.

This case should also be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege facts sufficient state his claim for relief under the second and fourth clauses of Section 631(a) of CIPA in the following ways:

***First***, Plaintiff fails to plausibly allege that information was intercepted *while in transit*, which is a required element of a claim under the second clause of Section 631(a).

***Second***, Plaintiff fails to plausibly allege the presence of a third party eavesdropper, which is a required element of a claim under the second clause of Section 631(a).

***Third***, Plaintiff cannot state a claim under the fourth clause of Section 631(a) because he fails to state a claim under the first, second, and third clauses.

For each of these reasons, too, the Complaint should be dismissed with prejudice.

## II.   STATEMENT OF FACTS

Plaintiff has a history of extortion. In 2012, "[Plaintiff] was arrested by the FBI after he mailed threatening communications with the intent to extort. He had targeted billionaires and other wealthy individuals through threats to kill members of their families. He later was convicted of attempted extortion and sentenced to 87 months in

3175028

prison." *Shah v. NYP Holdings, Inc.*, No. 23-1127, 2024 WL 3825220, at *1 (7th Cir. Aug. 15, 2024) (Shah "plead[] guilty to one count of transmitting a threat in interstate commerce with intent to extort money in violation of 18 U.S.C. § 875(b), and seven counts of mailing threatening communications, in violation of 18 U.S.C. § 876(b). Mr. Shah was sentenced to 87 months of imprisonment, followed by three years of supervised release."); *see also* Request for Judicial Notice ("RJN") Exs. 1, 2.

After he was released from prison, Plaintiff began filing copyright infringement actions. *See NYP Holdings*, 2024 WL 3825220, at *1. He then filed complaints alleging violations of the various other statutes and common law claims. *See, e.g.*, RJN Exs. 3-5. Eventually, Plaintiff began to focus on the California Invasion of Privacy Act, filing numerous lawsuits against companies with websites. *See, e.g.*, RJN Exs. 6-10. There is no telling how many additional demands were "settled" by companies preferring to avoid the cost of litigation and simply paying his demands. Plaintiff has admitted in previous filings that he is a "tester" plaintiff, a serial plaintiff who visits websites specifically to identify alleged violations to ensure legal compliance, in other words for purposes of litigation. *See, e.g.*, RJN, Ex. 10.

On or about January 5, 2026, after TalentBridge did not accede to Plaintiff's demands, Plaintiff filed this lawsuit, alleging violation of Cal. Penal Code section 631(a). Plaintiff's allegations are conclusory and vaguely allege that Plaintiff accessed TalentBridge's website "[o]n numerous occasions, including on or about October 29, 2025," that in using the website, he submitted "multiple searches queries through the website's search bar," and that unidentified "third-party scripts" on the website "caused the contents of Plaintiff's communication—the exact search terms he typed—to be transmitted in real time from Plaintiff's browser to third-party servers regardless of Plaintiff's cookie preference selections." Compl. ¶¶ 10, 12, 14. Plaintiff alleges he was injured by "the invasion of his statutory privacy rights" and contends nothing else is required. *Id.* ¶ 26. As discussed herein, this Court lacks subject matter jurisdiction over this dispute and Plaintiff fails to allege facts sufficient to state a claim.

3175028

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss an action for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Inc. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). To establish subject matter jurisdiction by invoking the court's diversity requirements, a plaintiff must allege that the parties are completely diverse, *i.e.* citizens of different states, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

In addition, a plaintiff must establish the "irreducible constitutional minimum" of standing under Article III of the United States Constitution, which, among other conditions, requires a plaintiff to allege she has "suffered an injury in fact." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). A statutory violation alone does not confer standing without a showing of concrete, particularized, and actual or imminent harm. *Popa v. Microsoft Corp.*, 153 F.4th 784, 788, 796 (9th Cir. 2025) (noting that "individual circumstances giv[e] rise to the plaintiffs' alleged injuries rather than simply greenlighting a per se rule for privacy statutes").

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction to survive the motion and must "clearly . . . allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Spencer v. Kemna*, 523 U.S. 1, 11 (1998). Plaintiff fails to meet his burden.

### B.   Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. To survive a Rule 12(b)(6) motion to dismiss, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*,

Glaser Weil

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

550 U.S. at 556-57).   Thus, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court also may not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Iqbal*, 556 U.S. at 679 ("[W]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

To properly state a claim a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Dismissal is therefore proper when the complaint either (1) lacks a cognizable legal theory; or (2) fails to allege sufficient facts to support a cognizable legal theory.  *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Plaintiff's Complaint against Talentbridge fails to state facts sufficient to support a cognizable legal theory, warranting dismissal.

## IV.   TALENTBRIDGE'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE GRANTED AND THE CASE DISMISSED

### A.   Plaintiff Fails To Adequately Allege Diversity Jurisdiction

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).  Central District of California Local Rule 8-

1 further requires that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

Here, Plaintiff asserts that the Court has diversity jurisdiction over this matter. Compl. ¶ 5. ("This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)....")[1]. However, the Complaint fails to allege sufficient facts to support either of the two required elements necessary for the Court's exercise of diversity jurisdiction over this action: (1) complete diversity of citizenship of the parties; and (2) that the amount in controversy exceeds $75,000.

*First,* the Complaint fails to properly allege complete diversity of citizenship. "To properly allege the Court's diversity jurisdiction, a plaintiff must affirmatively allege the actual citizenship of the relevant parties; a mere statement that the parties are citizens of different states is insufficient." *Shah*, 2026 WL 71868, at *1. Here, Plaintiff merely alleges that "the parties are citizens of different states," that he is a "citizen of the United States and resident of Los Angeles, California" and that TalentBridge "is a Delaware business entity." Compl. ¶¶ 5, 8, 9. Neither allegation is sufficient.

To establish Plaintiff's citizenship, Plaintiff was required to allege not only that he was a citizen of the United States, but also that he is *domiciled* in a particular state, *i.e.* resides in a particular state with intent to remain or return. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). It is not sufficient to merely allege, as Plaintiff did here, that he is a "resident" of a particular state because "the diversity jurisdiction statute, 28 U.S.C. 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

Plaintiff similarly misses the mark as to TalentBridge. "A corporation is a citizen

---

[1] Plaintiff's alternative allegation of "supplemental jurisdiction" fails as there is no original jurisdiction.

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

of both its state of incorporation and the state in which it has its principal place of business. *Shah,* 2026 WL 71868, at *1 (citing 28 U.S.C. § 1332(c)(1).) Plaintiff only alleges that TalentBridge "is a Delaware business entity." Compl. ¶ 9. Assuming that refers to state of incorporation, Plaintiff still fails to allege the state in which TalentBridge has its principal place of business, which is another place TalentBridge is considered a citizen. The Court cannot determine whether complete diversity exists absent allegations regarding both places of citizenship for TalentBridge.

"Because Plaintiff fails to adequately allege [both party's] citizenship he has failed to meet his burden of establishing the Court's diversity jurisdiction." *Shah*, 2026 WL 71868, at *1; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings."); *Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Plaintiff also fails to satisfy the second required element of diversity jurisdiction – *i.e.*, that the amount in controversy is in excess of $75,000. Plaintiff alleges a single claim for relief under Cal Penal Code § 631(a), and seeks a civil penalty of $5,000. Compl. ¶ 22-26, Prayer for Relief. Plaintiff alleges that he accessed TalentBridge's website "[o]n numerous occasions, including on or about October 29, 2025" and that in using the website, he submitted "multiple searches queries through the website's search bar." Compl. ¶¶ 10, 12. Plaintiff provides no further information regarding the number of alleged violations. Plaintiff's conclusory allegations fail to establish that the amount in controversy exceeds $75,000. *See Shah*, 2026 WL 71868, at *1 (dismissing case without leave to amend because even the thirteen violations alleged by plaintiff at $5,000 in statutory damages each would not exceed $75,000 in statutory damages); *see also Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998) ("[W]e deem it to be the better practice that [diversity jurisdiction] allegations be supported by

7

3175028

prima facie proof.").

In *Shah*, 2026 WL 71868, at *1, Judge Percy Anderson *sua sponte* dismissed a complaint that was *nearly identical to the Complaint in this action* and *filed by this same Plaintiff* alleging the *exact same claim* for a violation of section 631(a) against a different company, for failure to sufficiently satisfy this Court's subject matter jurisdiction. After the first dismissal, Plaintiff amended his complaint to add more details, but the Court held the amended complaint still failed to sufficiently allege diversity jurisdiction. Specifically, Plaintiff still did not properly allege the citizenship of the LLC and, even though he added new allegations that there were 13 alleged violations, even 13 violations at $5,000 in statutory damages each could not surpass the $75,000 threshold. *Id.* at *1. The same applies here. The Complaint includes jurisdictional allegations that are essentially identical[2] to those in the initial complaint in *Shah*, which were dismissed *sua sponte*, and which are much less specific than the allegations in the *Shah* amended complaint, which were also dismissed as insufficient to establish diversity jurisdiction. *Id.*; *see also* RJN, Exs. 11, 12. This Plaintiff has had numerous attempts to get it right. Instead, he vexatiously continues to recycle the same insufficient complaints, which fail to establish subject matter jurisdiction.

Accordingly, because Plaintiff fails to allege either of the two required elements for diversity jurisdiction the Complaint should be dismissed.

### B.    Plaintiff Fails to Allege Article III Injury-in-Fact

The Complaint should also be dismissed pursuant to Rule 12(b)(1) for failure to allege facts establishing Article III standing, because (1) a "tester", like Plaintiff, who seeks out privacy violations for the purpose of initiating litigation, cannot claim a reasonable expectation of privacy or an injury-in-fact required to establish standing; and (2) Plaintiff has failed to allege facts showing he suffered *any injury*, let alone a

---

[2] The jurisdictional allegations in this Complaint are identical to the jurisdictional allegations in the initial complaint in *Shah*, except to the extent they apply to a different defendant. *Compare* Compl. ¶¶ 5, 8, 9, 26 & Prayer for Relief *with* RJN Ex. 11 ¶¶ 5, 8, 9, 26 & Prayer for Relief.

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

personal, concrete injury sufficient to establish standing.

*First*, courts in this District have held that a tester plaintiff, like Plaintiff here, who "seek[s] out invasions of privacy" cannot claim a reasonable expectation of privacy or injury-in-fact required to establish Article III standing when they self-impose alleged injuries resulting from their conduct as a "tester." *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-cv-08735-RGK, 2025 WL 1122387, at *2 (C.D. Cal. Mar. 14, 2025); *see also Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB, 2023 WL 2996686, at *4 n.4 (C.D. Cal. Apr. 5, 2023) (dismissing privacy claims for lack of standing and noting that tester plaintiff could not be reasonably surprised by the recording of her information).

Plaintiff is a "tester" plaintiff who actively seeks out privacy violations on a company's website in order to file lawsuits.  In fact, Plaintiff has admitted in judicially-noticeable complaints that he "works as a 'tester' to ensure that companies abide by the privacy obligations imposed by California law," and that it is "necessary and desirable" for him to bring serial litigation "to enforce and advance consumer protection statutes." RJN, Ex. 10 ¶ 4.  Here, Plaintiff visited TalentBridge's website with the intent and purpose of "testing" it, *i.e.* seeking out a privacy violation in order to file this Complaint.  In other words, he sought out and expected the alleged harm for which he now seeks redress.  In this situation, Plaintiff cannot establish a concrete injury sufficient for Article III standing.

In a substantially similar situation in *Rodriquez*, the Court held that because the plaintiff was a tester and "fully expected" a privacy violation when visiting the website at issue in order to file a lawsuit, the plaintiff lacked a reasonable expectation of privacy or an injury-in-fact to establish standing to bring her claims under CIPA. Thus, the Court dismissed Plaintiff's CIPA Section 631 claim with prejudice. *Rodriguez*, 2025 WL 1122387, *Rodriguez* at *2; *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-sv-08735-RGK, 2025 WL 1085787 at *1 (C.D. Cal. Cal. Apr 4, 2025).

The same reasoning applies to Plaintiff's Section 631 claim here.  Plaintiff

9

3175028

Glaser Weil

visited TalentBridge's website with the intent and desire to identify a privacy violation. He expected and intentionally manufactured an alleged privacy injury. This is insufficient to establish an actual and concrete injury necessary for Article III standing. *Rodriguez*, 2025 WL 1122387, at *3 ("Plaintiff's injury squarely depends on her expectations, as an invasion of privacy requires a reasonable expectation of privacy to have been violated. And as a tester seeking to file lawsuits for invasions of her privacy, she had no expectation of privacy, and thus, no injury in fact."); *Autotrader.com*, 2025 WL 1085787, at *1 ("a tester that visited and entered information into Defendant's website expecting the information to be accessed, recorded, and disclosed, she cannot claim an injury when her expectations were ultimately met.").

***Second***, even without his tester status, Plaintiff still fails to allege a concrete injury and lacks standing to sue. Plaintiff alleges only that he was injured by "the invasion of his statutory privacy rights" and contends nothing else is required. Compl. ¶ 26. He is incorrect. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis added); *see also Byars*, 2023 WL 2996686, at *3 (rejecting Plaintiff's same argument that a violation of CIPA constitutes an injury in fact without an additional showing of harm).

In evaluating standing to sue for statutory violations, courts must "assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa*, 153 F.4th at 791. "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *TransUnion*, 594 U.S. at 414. A statutory privacy violation relates to the common law privacy tort of intrusion upon seclusion. *Rodriguez v. Brushfire Recs.*, No. 2:25-CV-09797-CAS-PDX, 2025 WL 3692144, at *6 (C.D. Cal. Dec. 15, 2025). But even "a conclusory allegation that defendant has intruded upon [Plaintiff's] seclusion would not

10

3175028

Glaser
Weil

be enough to establish standing. Plaintiff must adequately allege harm from the statutory violations that is analogous to the common law tort of intrusion upon seclusion." *Id.*

Here, Plaintiff alleges that his CIPA violation is by itself sufficient to establish injury. Not so. The only other thing Plaintiff alleges is that he "submitted multiple search queries through the website's search bar," and "third-party scripts caused the contents of Plaintiff's communications – the exact search terms he typed – to be transmitted . . . to third party servers." Compl. ¶¶ 12, 14. But Plaintiff does not identify the content of what he allegedly submitted through the search bar, and thus his conclusory allegation does not establish that Plaintiff has a protectible privacy interest in the allegedly submitted information. *See Mikulsky*, 682 F. Supp. 3d at 864 ("Plaintiff's conclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information. . . Accordingly, Plaintiff's allegation is insufficient to allege a concrete harm that is required for Article III standing.").

Even if Plaintiff had alleged that he disclosed his basic contact information – which he did not – "courts have found [even] that type of information does not bear a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023); *see also I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049–50 (N.D. Cal. 2022) (finding disclosure of "basic contact information, including one's email address, phone number, or . . . username" inadequate to establish Article III standing based on the "insufficient fit between the loss of information alleged here and the common law privacy torts of private disclosure of private facts and intrusion upon seclusion").[3]

---

[3] *See also Byars*, 2023 WL 2996686, at *3 (a right to privacy "encompasses the individual's control of information concerning his or her person" and is violated when the defendant "reveal[s] an individual's likes, dislikes, interests, and habits over a significant amount of time, without affording users a meaningful opportunity to control or prevent the unauthorized exploration of their private lives" but not personal information or personally identifying information) (citing *In re Facebook, Inc. Internet*

11

3175028

Here, Plaintiff has not even alleged that much, making his purported "injury" insufficient for Article III standing. *See Mikulsky*, 682 F. Supp. 3d at 864; *Byars*, 2023 WL 2996686, at *3 (granting motion to dismiss because "[p]laintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest. She therefore has not identified any harm to her privacy."); *Armstrong v. Allied Ins. Co.*, No. 14-cv-0424-JGB, 2014 WL 12591844, at *6-7 (C.D. Cal. Aug. 19, 2014) (granting motion to dismiss because the plaintiff did not identify the specific type of personal information that the defendants allegedly accessed).

Accordingly, because Plaintiff has failed to allege any concrete harm that is required for Article III standing, the Complaint should be dismissed. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction.").

## V. DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE GRANTED

This case should also be dismissed for failure to state a claim under Rule 12(b)(6) because it fails to plead the essential elements of Plaintiff's claim for violation of Cal. Penal Code Section 631(a).

Section 631(a) contains four clauses, but Plaintiff alleges liability only under the second and fourth clause, which impose liability on anyone who: (Second Clause) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state"; or (Fourth Clause) "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned

*Tracking Litig.*, 956 F.3d 589, 598-99 (9th Cir. 2020)).

3175028

above in this section." Cal. Penal Code § 631(a).[4]

Plaintiff has failed to allege facts sufficient to state a claim under either the second or the fourth clause of Section 631(a), at least because (1) Plaintiff fails to plead facts sufficient to allege that any communication was plausibly intercepted while in transit; (2) Plaintiff has not alleged facts sufficient to show the presence of a third party eavesdropper; and (3) because there is no violation of clause one, two, or three, there can be no violation of clause four.

### A. Plaintiff Fails to Plead A Claim Under CIPA Because He Fails to Plead Plausible Interception

"[T]o state a claim under CIPA, a plaintiff must allege that the defendant 'read or learned the contents of a communication while the communication was **in transit, or in the process of being sent or received**.'" *Valenzuela v. Super Bright LEDs Inc.*, No. EDCV2301148JAKSPX, 2023 WL 8424472, at *8 (C.D. Cal. Nov. 27, 2023) (emphasis added) (internal citation omitted). The Ninth Circuit has held that, "for communications with a website to be 'intercepted,' they 'must be acquired during transmission, not while [they are] in electronic storage.'" *Super Bright*, 2023 WL 8424472, at *8 (citing *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).)[5] "This is a "narrow definition" limited to "acquisition contemporaneous with

---

[4] Plaintiff does not allege that the first clause is implicated here, nor could he, because Plaintiff does not allege that TalentBridge tapped a "telegraph or telephone wire, line, cable, or instrument." *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1115 (N.D. Cal. 2025); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023) (collecting cases). Plaintiff also does not allege that Talentbridge violated the third clause, which involves using or attempting to use, or communicating, the obtained information. See Compl. ¶¶ 22-26. Nor would any such claim survive. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024) ("[A]s the third aiding and abetting clause of Section 631(a) requires a violation of the first or second clauses, the Court does not reach the issue of whether Plaintiff has stated a plausible claim."); *Esparza v. Gen Digital Inc.*, No. CV 23-8223-KK-AGRX, 2024 WL 655986, at *4 (C.D. Cal. Jan. 16, 2024) ("Because Plaintiff has failed to adequately allege a violation under the first or second clauses of Section 631(a), the allegations as to this [third] clause are also insufficient.").

[5] Although *Konop* addressed the Wiretap Act, courts apply *Konop* in the context of CIPA and have dismissed CIPA claims when there was no "interception" under the Wiretap Act. *Id.*, citing *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014); *Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066,

3175028

transmission." *Id.* (citing *Konop*, 302 F.3d at 878).

"To plausibly allege that Plaintiff's communications were intercepted while in transit, factual allegations regarding the method, or nature, of interception are required." *Heiting*, 728 F. Supp. 3d at 1126. Courts reject interception allegations that do "little more than restate the pleading requirement of real time interception." *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023) ("[T]his complaint is entirely speculative. How do these third parties interface with Defendant's chat platform other than via "code"? It is impossible to infer from the complaint. Thus, Plaintiff's simultaneity claims are just too conclusory to survive [*Twombly* and *Ashcroft*]. . . The allegations here do not explain—even at a high level—how such code might plausibly work."). "Alleging that the defendant intercepted a communication in real time is insufficient, without specific facts about what was intercepted and when or how the interception took place." *Super Bright*, 2023 WL 8424472, at *10.

Indeed "vague allegations about how [the third party's] data collection occurs 'in real time' " does not "provide fair notice to [the defendants] of when they believe [the third party] intercepts their communications." *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017). Further, "[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [someone] is intercepting [the plaintiff's] data in transit." *Super Bright*, 2023 WL 8424472, at *10 (citing *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022)).

Here, Plaintiff's allegations are conclusory and do nothing more than repeat the pleading language that there was interception in "real time" and/or "in transit." *See* Compl. ¶¶ 15, 18, 21, 24. The Complaint alleges *zero* "specific facts that make it plausible [someone] is intercepting [TalentBridge's] data in transit." *Super Bright*, at *4 (N.D. Cal. Jan. 22, 2018).

Glaser Weil

3175028

2023 WL 8424472, at *10.  Plaintiff's vague allegations do not explain how a purported interception occurs *in transit* and do not provide fair notice to TalentBridge of when communications are allegedly intercepted.  *In re Vizio,* 238 F. Supp. 3d at 1228 (dismissing CIPA claim where allegation that data collection occurs "in real time").  This is insufficient to state a claim under CIPA.  *Super Bright*, 2023 WL 8424472, at *10  (finding plaintiff inadequately alleged claim under second clause absent specific facts about when and how interception took place); *Esparza*, 2024 WL 655986, at *4 ("Plaintiff has merely restated the pleading requirement of real time interception which is insufficient to state a claim."); *Cody v. Boscov's, Inc.*, No. 8:22-CV-01434-SSS-KKX, 2024 WL 2228973, at *3 (C.D. Cal. May 6, 2024) (dismissing section 631(a) claim without leave to amend, and explaining that "to survive motion to dismiss, plaintiff must allege 'how specifically the third-party vendor 'intercepts' communications in transit'").  Accordingly, Plaintiff fails to allege interception, and the Complaint should be dismissed.

### B.   Plaintiff Fails to Allege the Presence Of A Third Party Eavesdropper

"Section 631 contains an exemption from liability for a person who was a 'party' to a communication."  *Keurig*, 674 F. Supp. 3d at 758 (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020)).  "The party exception must be considered in the technical context of this case." *Id.*

To determine whether the exception applies, courts consider whether the alleged third party has the "capability to use its record of the interaction for [another] purpose." *Id.*  (citing *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023)). "[A] plaintiff [] must have at least pled some non-conclusory factual allegations to support the use capabilities of the third-party software company involved."  Absent allegations demonstrating that capability, a claim under section 631(a)'s second clause fails. *Id.*

In *Keurig*, the Court held that the plaintiff failed to state a claim under section 631(a)'s second clause because she failed to allege facts supporting the unnamed third

3175028

party's "<u>capability</u> to use its record of the interaction for [another] purpose." *Id.* (emphasis in original). Instead, she did not identify the third party, just a list of potential third parties, and alleged that whichever third party the defendant used was integrated with Meta and had the capability to sell customer data to Meta. *Id.* at *4. This was insufficient to support either an inference that the defendant used one of those providers, or that Meta was integrated with one of those providers. *Id*.

Similarly here, Plaintiff does not allege which third parties purportedly intercepted the communication or that they have any capacity to use their record of the interaction in any way. Plaintiff alleges mere conclusory statements that "Defendant had embedded third-party tracking and analytics scripts on the website, including code associated with third-party companies such as HubSpot" and that when Plaintiff submitted his search query, those unidentified "third-party scripts" caused the unidentified contents to be transmitted to unidentified "third party servers." Compl. ¶¶ 13, 14. This does not plausibly identify any third party – the phrase "such as Hubspot" merely suggests that Hubspot *could* be a potential third party – nor does it plausibly show that any identified third party has the capacity to use the purportedly intercepted data. As such, Plaintiff's conclusory allegations fail to allege the presence of a third party eavesdropper, and thus fail to state a claim under section 631(a). *Keurig*, 674 F. Supp. 3d at 758; *Super Bright*, 2023 8424472, at *8.

**C.    <u>There Is No Violation of the Fourth Clause Because There Is No Violation of Another Clause</u>**

"With respect to the fourth clause [of Section 631(a)], a plaintiff alleging a CIPA violation must adequately allege a violation under one of the first three clauses of Section 631(a)." *Esparza*, 2024 WL 655986, at *4 (*citing Super Bright*, 2023 WL 8424472, at *11). Here, Plaintiff has failed to adequately allege a violation under any of the first three clauses of Section 631(a), and thus any allegations under the fourth clause are also insufficient as a matter of law, and must be dismissed. *Id.*

Accordingly, Plaintiff fails to plead his Section 631(a) claim, and the Complaint

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

*Glaser Weil*

must be dismissed under Rule 12(b)(6). Nor can any of these defects plausibly be cured. Thus, the Complaint should be dismissed without leave to amend.

## VI.    CONCLUSION

Plaintiff fails to allege diversity jurisdiction or injury-in-fact sufficient to establish Article III standing. For each of these reasons, this Court lacks subject matter jurisdiction and the Complaint should be dismissed pursuant to Rule 12(b)(1) without leave to amend. In addition, the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to sufficiently plead the elements of interception or a third party eavesdropper sufficient to state a claim under CIPA Section 631(a). Because Plaintiff cannot state a claim under the first, second, or third clauses of Section 631(a), he also cannot state one under the fourth clause. Accordingly, TalentBridge respectfully requests that the Court dismiss the Complaint without leave to amend.

DATED:  March 16, 2026

Respectfully submitted,

GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP


By:  /s/ Sarah G. Miller
    ELIZABETH A. SPERLING
    SARAH G. MILLER
    Attorneys for Defendant
    TalentBridge, Inc.

Glaser
Weil

DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3175028

## CERTIFICATE OF COMPLIANCE WITH MEET AND CONFER

I certify that the parties met on March 9, 2026 via Google Meet conference. During this discussion, the parties thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

DATED:  March 16, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: /s/ Sarah G. Miller
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel for record TalentBridge, Inc., certifies that this Memorandum of Points and Authorities contains 5,774 words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 16, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: /s/ Sarah G. Miller
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

3175028