**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

VIVEK SHAH,
Plaintiff,

v.

TALENTBRIDGE, INC.,
Defendant.

Case No.: 2:26-cv-00222-AH-SSC

Date**:** April 15, 2026
Time**:** 1:30 pm
Courtroom**:** 9C
Before**:** Hon. Anne Hwang

**NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(f) CONFERENCE**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 15, 2026 at 1:30pm, or as soon thereafter as the matter may be heard in Courtroom 9C of the Roybal Federal Building and United States Courthouse, located at 255 E. Temple St., Los Angeles, CA, 90012, before the Honorable Anne Hwang, United States District Judge, I, Plaintiff Vivek Shah, will and hereby do move this Court for an Order compelling Defendant, through its counsel, to participate in a conference pursuant to Federal Rule of Civil Procedure 26(f).

This motion is based on this Notice of Motion and Motion, the Declaration of Vivek Shah, the complete files and records in this action, and such other evidence and argument as may be presented to the Court.

This motion is made following Defendant's counsel's refusal to confer as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**MOTION TO COMPEL RULE 26(f) CONFERENCE**

I respectfully move this Court to compel Defendant to comply with its clear and non-negotiable obligations under Federal Rule of Civil Procedure 26(f).

Defendant cannot unilaterally stay its discovery obligations by threatening to file a motion to dismiss. By refusing to participate in the Rule 26(f) conference, Defendant is preventing the parties from discussing the "nature and basis of their claims and defenses," "the possibility of settling," making arrangements for disclosures, and discussing issues about preserving discoverable information, all as required by Rule 26(f). This refusal directly prejudices me and impedes the "just, speedy, and inexpensive determination of every action" mandated by Rule 1.

The Rule 26 provision regarding timing of the discovery conference requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Advisory Committee Notes make clear that 26(f) conferences should happen sooner rather than later, regardless of the preliminary nature of the proceedings. (Fed. Rules Civ. Proc., rule 26, 1993 Advisory Comm. Notes ["It will often be desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint . . . "].

Moreover, this Court's Standing Order (Doc. 8 at 5) states that "**Discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay" (emphasis original). Defendant has clearly ignored the Court's Order and is essentially unilaterally holding the discovery process hostage by refusing to participate in in the Rule 26(f) conference.

This motion is being brought after the parties conducted a meet and confer on March 9, 2026.

For the foregoing reasons, I respectfully request that the Court grant this motion in its entirety, order Defendant's counsel to participate in a Rule 26(f) conference within four (4) days.

Dated: March 16, 2026

*/s/ Vivek Shah*

Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com