## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| VIVEK SHAH,<br>        Plaintiff,<br><br>v.<br><br>TALENTBRIDGE, INC.,<br>        Defendant. | Case No.: 2:26-cv-00222-AH-SSC<br><br>Date**:** April 22, 2026<br>Time**:** 1:30 pm<br>Courtroom**:** 9C<br>Before**:** Hon. Anne Hwang |

## PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE

## AND CORRECTIVE RELIEF UNDER THE COURT'S INHERENT

## AUTHORITY

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 22, 2026 at 1:30pm, or as soon thereafter as the matter may be heard in Courtroom 9C of the Roybal Federal Building and United States Courthouse, located at 255 E. Temple St., Los Angeles, CA, 90012, before the Honorable Anne Hwang, United States <u>District</u> Judge, I, Plaintiff Vivek Shah, will and hereby do move this Court for an Order for protective and corrective relief under the Court's inherent authority.

This motion is based on this Notice of Motion and Motion, the Declaration of Vivek Shah, the complete files and records in this action, and such other evidence and argument as may be presented to the Court.

This motion is made following a meet and confer by the parties, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## MOTION FOR PROTECTIVE AND CORRECTIVE RELIEF UNDER THE COURT'S INHERENT AUTHORITY

I am respectfully moving for a protective and corrective relief under the Court's inherent authority based on Defendant's improper use of its Motion to Dismiss and Request for Judicial Notice as vehicles for irrelevant, inflammatory, and prejudicial personal attacks that are not properly directed to the legal issues presented by Rules 12(b)(1) and 12(b)(6). Defendant's filings do not merely challenge jurisdiction or the sufficiency of my pleading. They attempt to recast this case as a character attack against me by foregrounding stale criminal-history allegations, accusations of "extortion," and unrelated filings from other cases. See ECF No. 13 at 7-9; ECF No. 14 at 2-4; ECF No. 14-1 at 2-18; ECF No. 14-2 at 2-6.

I do not seek attorney's fees or any monetary sanction. I seek protective and corrective relief governing how this case is handled going forward. Specifically, I ask the Court to disregard the smear material already submitted, deny the Request for Judicial Notice to the extent it seeks consideration of irrelevant and prejudicial matters, and order admonishing that future filings be limited to facts, authorities, and arguments genuinely relevant to the claims, defenses, and procedural issues properly before the Court.

## I. INTRODUCTION

This action is a website-interception case under the California Invasion of Privacy Act. My Complaint alleges that Defendant embedded third-party code on its website that caused my search queries to be transmitted to third parties in real time, while in transit, and without my consent even after I selected "Reject All." ECF No. 1 at 1-5, ¶¶ 1-4, 10-26.

That is the issue. But Defendant's Motion to Dismiss does not begin with the legal sufficiency of those allegations. It begins by telling the Court that I am a "convicted felon and serial, vexatious litigant" who has targeted companies "in an attempt to extort settlement funds," and that my Complaint was filed "for no purpose other than to extract money." ECF No. 13 at 7. Defendant then continues with a section titled "Statement of Facts" asserting that I "ha[ve] a history of extortion," followed by discussion of a criminal matter from 2012. ECF No. 13 at 8-9.

At the same time, Defendant filed a Request for Judicial Notice under Federal Rule of Evidence 201 that asks the Court to take notice not only of two criminal-case documents, but also ten complaints from unrelated cases. ECF No. 14 at 2-4. Those exhibits include the Affidavit in Removal Proceeding, filed as RJN Exhibit 1, ECF No. 14-1 at 2-18, and a motion to terminate supervised release, filed as RJN Exhibit 2, ECF No. 14-2 at 2-6, along with unrelated complaints from *Robinhood, Hershey, Woodbury, Secureworks, Peridio,*

*Backoffice Associates, Drexel Chemical, WPROMOTE, and Russco57*. ECF No. 14 at 2-4.

This is not proper Rule 12 practice. Rule 12(b)(1) and Rule 12(b)(6) allow a defendant to challenge subject-matter jurisdiction and the sufficiency of the pleading. Fed. R. Civ. P. 12(b). They do not authorize a defendant to front-load merits briefing with personal smears, remote criminal-history material, and a stack of unrelated complaints in order to prejudice the Court against the plaintiff. A motion is not a pleading, and it must "state with particularity the grounds for seeking the order" and the relief sought. Fed. R. Civ. P. 7(a), 7(b)(1). Judicial notice likewise reaches only adjudicative facts that are not subject to reasonable dispute because they are generally known or readily verifiable from unquestionable sources. Fed. R. Evid. 201(b). It is not a license to use court records as a back door for prejudicial character attacks.

Federal courts have inherent power to protect the integrity of their proceedings and to address litigation conduct undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons. In the Ninth Circuit, inherent-authority sanctions and corrective orders may be based on recklessness when combined with an improper purpose such as harassment. See *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001). That is the proper framework here.

## II. FACTUAL BASIS FOR RELIEF

My Complaint alleges a narrow CIPA claim. I allege that Defendant's website contained a search bar; that I submitted multiple search queries while in California; that third-party code caused the exact search terms I typed to be transmitted in real time to third-party servers while the communication was in transit; that I selected "Reject All" before submitting any search queries; and that Defendant still transmitted the contents of my communications without prior consent. ECF No. 1 at 2-4, ¶¶ 10-26. I further allege that Defendant aided, employed, and agreed with third parties to read and learn the contents of my communications while in transit, in violation of Cal. Penal Code § 631(a), and that statutory damages are available under Cal. Penal Code § 637.2. ECF No. 1 at 4-5, ¶¶ 23-26.

Defendant's Motion to Dismiss does not simply address those allegations. In the introduction, Defendant states that I am a "convicted felon and serial, vexatious litigant," that I have targeted companies "in an attempt to extort settlement funds," and that the Complaint was filed "for no purpose other than to extract money." ECF No. 13 at 7. In the very next section, Defendant says: "Plaintiff has a history of extortion." ECF No. 13 at 8. It then describes a 2012 criminal matter and cites unrelated materials to portray me as someone who supposedly "turned to litigation to continue his extortionist tactics." ECF No. 13 at 7-9.

Defendant also repeatedly refers to me as a "tester" and a serial litigant, relying on unrelated pleadings from other actions. See ECF No. 13 at 14-16. To support that narrative, Defendant's Request for Judicial Notice asks the Court to consider twelve separate exhibits, most of which are complaints from unrelated cases. ECF No. 14 at 2-4. Thus, the Request for Judicial Notice is not narrowly directed to any limited adjudicative fact necessary to resolve a particular Rule 12 issue. It is instead structured as a dossier.

The impropriety is even clearer because Defendant's own Exhibit 2 contains facts that undercut the insinuation Defendant is trying to create. In RJN Exhibit 2, the filing states that I had been "completely compliant" with all conditions of supervised release, had no missed or positive drug tests, attended all meetings, submitted requested documents on time, and had "not had any further contacts with the criminal justice system." ECF No. 14-2 at 2-3. So even the materials Defendant chose to submit show how remote and stale this subject is.

This tactic has nothing to do with the actual Rule 12 questions. The questions under Rules 12(b)(1) and 12(b)(6) are whether the Court has jurisdiction and whether my Complaint plausibly states a claim. The questions are not whether Defendant can inflame the record with unrelated matters and force me to litigate my character instead of my pleaded claim.

## III. LEGAL STANDARD

A federal court has inherent authority to manage its proceedings and to impose protective or corrective measures when a party abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). That power exists independently of the Federal Rules and reaches conduct undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id*. at 45-46.

The Ninth Circuit has held that sanctions under the court's inherent power may be imposed where conduct is "tantamount to bad faith." *Fink*, 239 F.3d at 992. Recklessness alone may not suffice, but recklessness combined with an improper purpose, such as harassment or an attempt to mislead or gain unfair advantage, does. *Id*. at 993-94. The core point is that a litigant may not use court filings as a vehicle for improper tactics that degrade the fairness of the proceeding.

Rule 12 confirms the limited office of a motion to dismiss. Rule 12(b)(1) and Rule 12(b)(6) authorize threshold challenges to jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6). Rule 12(d) further confirms that when matters outside the pleadings are presented on a Rule 12(b)(6) motion and not excluded, the motion must generally be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Rule 7 separately distinguishes pleadings from motions and requires motions to state with particularity the grounds for relief. Fed. R. Civ. P. 7(a), (b)(1).

Federal Rule of Evidence 201 is likewise limited. It permits judicial notice only of adjudicative facts not subject to reasonable dispute because they are generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The existence of a filing in another court may sometimes be noticed for a limited purpose, but judicial notice does not authorize a party to ask the Court to accept disputed factual narratives for their truth or to use public records as a means of smearing an opposing party.

## IV. ARGUMENT

### A. Defendant Used Its Rule 12 Motion To Put Me on Trial Personally Instead of Addressing the Complaint.

The problem here is not merely that Defendant used forceful language. The problem is that Defendant deliberately shifted the focus of its Motion to Dismiss away from the allegations in my Complaint and onto me personally.

My Complaint alleges that Defendant intercepted my search queries in real time through third-party code, despite my rejection of nonessential tracking, and without my consent. ECF No. 1 at 1-5, ¶¶ 1-4, 10-26. But Defendant chose to open its motion by branding me a "convicted felon and serial, vexatious litigant" and accusing me of trying to "extort settlement funds." ECF No. 13 at 7. Defendant then continued with a "Statement of Facts" centered on a 2012 criminal matter.

ECF No. 13 at 8-9.

That is not a legitimate Rule 12 analysis. Whether Defendant intercepted my website communications, whether those communications were in transit, whether any third-party technology functioned as an eavesdropper, and whether consent existed are the issues raised by the Complaint. ECF No. 1 at 2-5, ¶¶ 10-26. Defendant's attempt to poison the well with old criminal allegations and inflammatory labels does not resolve any of those questions.

**B. The Request for Judicial Notice Is Overbroad and Improperly Used as a Smear Device.**

Defendant's Request for Judicial Notice seeks far more than what Rule 201 legitimately permits. Defendant asks the Court to take notice of twelve exhibits. ECF No. 14 at 2-4. Two are criminal-case documents from long ago. ECF No. 14-1 at 2-18; ECF No. 14-2 at 2-6. Ten are complaints from unrelated civil actions. ECF No. 14 at 2-4. The structure and volume of these exhibits show that Defendant is not asking for notice of a narrow, undisputed adjudicative fact. Defendant is asking the Court to absorb a negative narrative about me.

Even if the existence of some of those filings could be noticed for limited purposes, Rule 201 does not permit Defendant to use them as substantive proof that I am extortionate, vexatious, or otherwise unworthy of having my present Complaint adjudicated on its own allegations. See Fed. R. Evid. 201(b). Nor does

Rule 12 authorize Defendant to convert a motion to dismiss into an evidentiary attack based on collateral materials and unrelated allegations.

This is especially true where Defendant's own RJN materials show the remoteness of what it is trying to exploit. Exhibit 2 states I was completely compliant on supervision and had no further contacts with the criminal justice system. ECF No. 14-2 at 2-3. That only highlights how far Defendant had to reach outside the present case to create a smear narrative.

## C. The Remote Criminal-History Material Is Irrelevant to the Actual Issues Before the Court.

The criminal material Defendant foregrounds dates back to 2012. ECF No. 13 at 8-9; ECF No. 14-1 at 2-18; ECF No. 14-2 at 2-6. This case, by contrast, concerns alleged website interceptions in late 2025. ECF No. 1 at 2-5, ¶¶ 10-26. The temporal disconnect is obvious, and so is the substantive disconnect.

The old criminal matter does not answer whether my Complaint adequately pleads diversity, standing, interception in transit, the existence of a third-party eavesdropper, or aiding-and-abetting liability under Cal. Penal Code § 631(a). It serves only one practical purpose: prejudice. Defendant is trying to get the Court to view me negatively before addressing the Rule 12 issues on their own terms.

That is the kind of improper purpose that justifies exercise of the Court's inherent authority. See *Chambers*, 501 U.S. at 45-46; *Fink*, 239 F.3d at 993-94.

**D. Prospective Corrective Relief Is the Proper Remedy.**

I am not asking for money. I am asking the Court to protect the integrity of the proceedings.

This case should move forward based on the operative pleading, the governing law, and facts properly presented for the issue actually before the Court. It should not proceed by repeated references to stale criminal allegations, generalized personal attacks, or unrelated lawsuits.

The most appropriate relief is therefore prospective and corrective. The Court should disregard the smear material in ECF No. 13 and the overbroad narrative presented through ECF No. 14 and its exhibits. The Court should also direct that future motions, oppositions, requests for judicial notice, declarations, and related papers be confined to matters genuinely relevant to the claims, defenses, and procedural issues properly before the Court.

The Court should further order that Defendant may not include or rely on remote criminal-history allegations, accusations of extortion or vexatiousness, or unrelated pleadings from other cases unless Defendant first obtains leave of Court and shows why the material is specifically relevant and legally proper for the issue presented. Without such a limitation, Defendant has every incentive to keep trying to litigate me personally instead of litigating the case.

**V. REQUESTED RELIEF**

I respectfully request that the Court enter an order:

- Exercising its inherent authority to protect the integrity of the proceedings and prevent further abusive motion practice;

- Disregarding the criminal-history allegations, accusations of extortion, "serial litigant" rhetoric, and other irrelevant prejudicial matter contained in Defendant's Motion to Dismiss, including the statements at ECF No. 13 at 7-9 and related portions of ECF No. 13 at 14-16;

- Denying Defendant's Request for Judicial Notice, ECF No. 14, to the extent it seeks consideration of irrelevant, inflammatory, or otherwise improper material, including but not limited to the materials identified at ECF No. 14-1 at 2-18, ECF No. 14-2 at 2-6, and the unrelated complaints listed at ECF No. 14 at 2-4;

- Ordering that all future filings in this action be confined to matters genuinely relevant to the claims, defenses, and procedural issues properly before the Court;

- Prohibiting Defendant from including or relying on stale criminal-history allegations, accusations of extortion, generalized character attacks, or unrelated pleadings from other cases in future filings unless Defendant first obtains leave of Court and makes a specific showing of legal relevance and propriety;

- Directing that this case proceed on the merits of the operative pleadings, applicable law, and properly supported facts relevant to issues legitimately before the Court; and

- Granting such other and further protective or corrective relief as the Court deems just and proper.

## VI. CONCLUSION

Defendant did not merely challenge jurisdiction or the sufficiency of my Complaint. It attempted to derail the case by presenting me as the subject of the litigation and by asking the Court to consider stale criminal-history material and unrelated complaints from other cases. See ECF No. 13 at 7-9, 14-16; ECF No. 14 at 2-4; ECF No. 14-1 at 2-18; ECF No. 14-2 at 2-6. That is not proper Rule 12 motion practice, and it is not a proper use of judicial notice.

I respectfully ask the Court to exercise its inherent authority to stop this practice now, disregard the improper material, and require that this case be litigated going forward on the actual claims, defenses, and procedural issues before the Court.

Dated: March 16, 2026

*/s/ Vivek Shah*
Vivek Shah
1301 N Broadway Ste 32167

Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com

## **CERTIFICATION**

I certify that the parties met by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part. I further certify that this motion contains 2,835 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Vivek Shah*
Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com