ELIZABETH A. SPERLING (SBN 231474)
esperling@glaserweil.com
SARAH G. MILLER (SBN 281751)
smiller@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendant
TalentBridge, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

VIVEK SHAH,

Plaintiff,

v.

TALENTBRIDGE, INC.,

Defendant.

CASE NO.: 2:26-cv-00222-AH(SSCx)
The Hon. Anne Hwang, District Judge

**DEFENDANT TALENTBRIDGE'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

DATE: April 15, 2026
TIME: 1:30 p.m.
CTRM: Ctrm 9C

Case Filed: January 5, 2026

Defendant TalentBridge, Inc. ("TalentBridge") respectfully opposes Plaintiff's unnecessary and meritless Motion to Compel Rule 26(f) Conference. As an initial matter, there is no recognized procedural device by this name.

As set forth in the Declaration of Sarah G. Miller in support of TalentBridge's Motion to Dismiss, TalentBridge is not refusing to meet and confer pursuant to FRCP 26(f) and in fact, very much intends to engage in such a conference, in accordance with the Federal, local and Court's rules. ECF No. 13-1 ¶ 4. Plaintiff, however, had insisted that TalentBridge engage in a Rule 26(f) conference simultaneously with TalentBridge's motion to dismiss conference, and as a condition to showing up for that conference, prior to TalentBridge having even appeared in this action.[1]

TalentBridge told Plaintiff that it was not required to combine its meet and confer on the Motion to Dismiss, which should be focused on the pleadings, with the Rule 26(f) conference. ECF No. 13-1 ¶ 4. Plaintiff ultimately agreed to participate in the motion to dismiss conference but raised his intent to file this Motion at that time, and then did so. *See id.*

Federal Rule of Civil Procedure 26(f) requires parties to confer "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." But a defendant "who ha[s] not yet appeared" is not obligated to "attend the Rule 26(f) conference and/or respond to [discovery] before their deadline to file an answer or a Rule 12 motion." *Stussy, Inc. v. Shein*, No. 822CV00379CJCKESX, 2022 WL 17363898, at *6 (C.D. Cal. Sept. 23, 2022); *see also id.* at *5 ("no defendant is bound to respond to a Rule 34 document request" before appearing in the action). "Similarly, a motion to compel under Rule 37 is authorized only once a defendant has failed to properly respond to a discovery request. However, as a defendant is only required to respond to discovery requests after they have appeared in an action." *Id.* That is, "an appearance — not service — is the

[1] TalentBridge did not appear until March 16, 2026. ECF Nos. 11-12.

first point at which a defendant is subject to discovery directed at a 'party.'" *Id.*

TalentBridge had not yet made its appearance when Plaintiff demanded the Rule 26(f) conference. Nor had the Court set a scheduling conference. Plaintiff filed this Motion on the very same day TalentBridge first appeared in this action. *See* ECF Nos. 11-12, 16. Thus, Plaintiff's Motion to Compel is unsupported by law and should be denied. Furthermore, Plaintiff cites no law or authority that recognizes a motion to compel a Rule 26(f) conference. It is also not clear whom the motion is filed against – the Court to order the conference or TalentBridge to attend it. The motion should be denied on the basis of uncertainty as well.

Moreover, now that TalentBridge has appeared, it intends to work with Plaintiff to schedule a mutually agreeable time for a Rule 26(f) conference in accordance with the Rules, at least 21 days before a scheduling conference set by the Court. *See* ECF No. 13-1 ¶ 4.

Accordingly, Plaintiff's Motion is meritless, premature, and unnecessary. It is a waste of the Court's and TalentBridge's time and resources. As such, TalentBridge respectfully requests that the Motion be denied.

DATED: March 24, 2026

Respectfully submitted,

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: [signature]
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

Glaser Weil