ELIZABETH A. SPERLING (SBN 231474)
esperling@glaserweil.com
SARAH G. MILLER (SBN 281751)
smiller@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendant
TalentBridge, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

VIVEK SHAH,

Plaintiff,

v.

TALENTBRIDGE, INC.,

Defendant.

CASE NO.: 2:26-cv-00222-AH(SSCx)
The Hon. Anne Hwang, District Judge

**DEFENDANT TALENTBRIDGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE AND CORRECTIVE RELIEF**

DATE: April 22, 2026
TIME: 1:30 p.m.
CTRM: Ctrm 9C

Case Filed: January 5, 2026

# TABLE OF CONTENTS

Page

I. INTRODUCTION .... 1

II. FACTUAL BACKGROUND .... 1

III. PLAINTIFF FAILS TO MEET HIS HIGH BURDEN TO OBTAIN PROTECTIVE AND CORRECTIVE RELIEF .... 2

A. Legal Standard .... 2

B. The MTD and RJN Do Not Constitute Bad Faith Or Warrant A Protective Order Blocking Relevant Information .... 3

IV. CONCLUSION .... 6

Glaser Weil

# TABLE OF AUTHORITIES

Page

**CASES**

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .......... 2

*Fink v. Gomez,* 239 F.3d 989 (9th Cir. 2001) .......... 3

*In re Count Liberty, LLC,* 370 B.R. 259 (Bankr. C.D. Cal. 2007) .......... 2

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2004) .......... 4

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) .......... 4, 6

*Shah v. NYP Holdings, Inc.*, No. 23-1127, 2024 WL 3825220 (7th Cir. Aug. 15, 2024) .......... 4

*Travelers Indem. Co. of Connecticut v. Newlin*, 498 F. Supp. 3d 1262 (S.D. Cal. 2020) .......... 4

*Vivek Shah v. Russco57, LLC,* Case No. 2:25-cv-12371-PA-(MARx) .......... 5

*Wharton v. Calderon*, 127 F.3d 1201 (9th Cir. 1997) .......... 2, 5

**RULES**

Fed. R. Civ. P. 12(b)(1) .......... 1, 6

Fed. R. Civ. P. 12(b)(6) .......... 1, 6



Glaser Weil

## I. INTRODUCTION

Plaintiff's meritless Motion For Protective and Corrective Relief seeks an overbroad, vague, and speculative prospective protective order blocking Defendant TalentBridge, Inc. ("TalentBridge") from obtaining judicial notice of public court filings or discussing any relevant contextual or background information about Plaintiff that Plaintiff himself determines is not relevant to this matter. Plaintiff has provided no basis for the Court to issue this relief, and it should be denied.

For the Court to issue the requested relief under its inherent powers, it must find bad faith or some type of willful improper conduct. There is none here. TalentBridge filed, in good faith, its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). It included in the introduction and background section information about Plaintiff's history discussed in case law and supported by judicially-noticeable documents and facts. It also sought judicial notice of, and referenced, complaints filed in other matters that demonstrate Plaintiff's litigation activity, identify his previous judicial admissions, and illustrate for the Court allegations by Plaintiff identical to the ones in this case that were already found insufficient. There is nothing improper about this. Nor is this the appropriate avenue for Plaintiff to request a denial of the RJN or the MTD, or to prospectively block which documents can be requested for judicial notice in the future.

Furthermore, the Court can appropriately determine what weight to assign to the context and background information in the MTD and RJN when evaluating those documents without the need for a vague, overbroad, and speculative prospective protective order. Accordingly, Plaintiff has not met the high threshold for the Court to exercise its inherent authority to grant protective or corrective relief, and thus Plaintiff's Motion should be denied.

## II. FACTUAL BACKGROUND

On or about March 16, 2026, TalentBridge timely filed its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (the "MTD"). ECF



Glaser Weil

No. 13. Concurrently with the filing of the MTD, TalentBridge filed a Request for Judicial Notice ("RJN") in support of the MTD, seeking judicial notice of 12 publicly-available court filings, which provide relevant and pertinent information to the claims and issues in this case, including Plaintiff's background, litigation activity, motivations for filing this litigation, and identical allegations asserted by Plaintiff in this and other cases that were already found insufficient. ECF No. 14.

Plaintiff, however, wants to shield the Court from learning of his history as described in these judicially-noticeable court filings and thus, on or about March 19, 2026, Plaintiff filed this Motion requesting that the Court exercise its inherent powers to grant "protective and corrective relief" in the form of an overbroad protective order that denies TalentBridge's RJN, disregards Plaintiff's history and all allegations that Plaintiff thinks are prejudicial, prohibits unrelated pleadings from other cases without first requiring TalentBridge to make a specific showing of legal relevance and propriety, directing that the case proceed on the merits based on only what Plaintiff believes are the relevant issues, and other inappropriate, vague, and overbroad relief. *See* Mot. at 12-14.

## III. PLAINTIFF FAILS TO MEET HIS HIGH BURDEN TO OBTAIN PROTECTIVE AND CORRECTIVE RELIEF

### A. Legal Standard

The Court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly expeditious disposition of cases." *Wharton v. Calderon*, 127 F.3d 1201, 1206–1207 (9th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).) "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

"Where a court imposes a sanction under its inherent power, it must make a finding of bad faith." *In re Count Liberty, LLC*, 370 B.R. 259, 271(Bankr. C.D. Cal. 2007). Indeed, as Plaintiff concedes, "sanctions and corrective orders" under the







Glaser Weil

Court's inherent authority require "litigation conduct undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons." Mot. at 5 (citing *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001) for the proposition that corrective orders require "recklessness when combined with an improper purpose such as harassment"). Even "mere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink*, 239 F.3d at 993–94. To the contrary, sanctions may be available "for a variety of types of ***willful actions***, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994 (emphasis added).

No such bad faith, frivolous, harassing, or improper actions exist here, much less anything sufficient to justify Plaintiff's requested protective order denying the RJN and banning publicly-available and judicially-noticeable facts and court filings that are relevant to this case and the MTD.

**B. <u>The MTD and RJN Do Not Constitute Bad Faith Or Warrant A Protective Order Blocking Relevant Information</u>**

Contrary to Plaintiff's contentions, TalentBridge did not include information in its MTD or with its RJN in bad faith or willfully for an improper purpose, and Plaintiff has not and cannot show otherwise. Thus, there is no basis on which to grant Plaintiff's extraordinary request for an overbroad and vague protective order denying TalentBridge's RJN, prohibiting contextual background information supported by judicially-noticeable facts, requiring that this case focus solely on issues that Plaintiff himself determines are relevant, or other vague and speculative relief. *See* Mot. at 12-14.

In the introduction and background sections of the MTD, TalentBridge referenced contextual background information regarding Plaintiff's history. TalentBridge referenced case law discussing this history – *i.e.*, specifically that Plaintiff had previously been convicted and served time for attempted extortion – a different version of a similar scheme Plaintiff is perpetrating on TalentBridge with this litigation.

ECF No. 13 (citing *Shah v. NYP Holdings, Inc.*, No. 23-1127, 2024 WL 3825220, at *1 (7th Cir. Aug. 15, 2024) ("[Plaintiff] was arrested by the FBI after he mailed threatening communications with the intent to extort. He had targeted billionaires and other wealthy individuals through threats to kill members of their families. He later was convicted of attempted extortion and sentenced to 87 months in prison."). TalentBridge also concurrently filed a RJN in support of the MTD, seeking judicial notice of 12 documents, all of which are publicly-filed court documents. ECF No. 14.

The inclusion of this contextual information in the introduction and background section of the MTD, and the exhibits to the RJN, *i.e.*, complaints filed and statements made by Plaintiff in other cases, are relevant to the arguments in the MTD and do not constitute bad faith or willfully improper conduct by TalentBridge. As an initial matter, the 12 exhibit court filings are all properly the subject of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Travelers Indem. Co. of Connecticut v. Newlin*, 498 F. Supp. 3d 1262, 1280 n.4 (S.D. Cal. 2020) ("Under Federal Rule of Evidence 201, the Court may take judicial notice of filings in other courts."). Further, despite Plaintiff's confusion on this point (Mot. at 8), these judicially-noticeable documents *are* properly considered on a motion to dismiss, and do not require the Court to transform the MTD into one for summary adjudication. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1112-15 (C.D. Cal. 2004) ("In addition to the allegations of the complaint, a court may consider exhibits submitted with the complaint, documents whose contents are alleged in the complaint when authenticity is not questioned, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.").

Finally, TalentBridge's reference to *Shah*, 2024 WL 3825220, at *1, and the 12 exhibits to the RJN, are not inflammatory or prejudicial, but rather provide relevant and pertinent judicially-noticeable ***facts*** regarding (a) Plaintiff's background and history of extortion and attempted extortion (Exhibits 1-2), which provides context to Plaintiff's



Glaser Weil

attempted extortion of TalentBridge here; (b) other federal court complaints filed by Plaintiff showing his prolific litigation presence over the years and how he came to focus on CIPA claims (Exhibits 3-5), like the one asserted here; (c) examples of the numerous CIPA claims filed by Plaintiff, demonstrating the basis for his "serial litigant" status (Exhibits 6-10); (d) a state court complaint filed by Plaintiff in which he admits that he is a "tester" Plaintiff with respect to CIPA violations (Exhibit 4), which is a key element of an argument in the MTD; (e) and Plaintiff's initial and amended complaints filed in *Vivek Shah v. Russco57, LLC*, Case No. 2:25-cv-12371-PA-(MARx) (Exhibits 11 and 12), both of which Judge Percy Anderson dismissed *sua sponte* due to lack of subject matter jurisdiction *for the very same reasons* that Plaintiff's complaint against TalentBridge fails to allege subject matter jurisdiction here. *See* ECF Nos. 13-14. Thus, the *Shah* case and these 12 judicially-noticeable court filings are relevant to the MTD and this case, and were not included in bad faith or for any willfully reckless or improper purpose. Plaintiff has not shown otherwise. He simply wishes to bury this information and keep it away from the Court.

Nevertheless, the Court is appropriately positioned to determine the weight and relevance of this information when it reviews the MTD and RJN. In any event, Plaintiff's arguments are more appropriately raised in a challenge to TalentBridge's RJN or in opposition to the MTD, rather than in a separate motion seeking a protective order denying the RJN and blocking relevant context and information that Plaintiff deems irrelevant for the entirety of the case. *See Wharton*, 127 F.3d at 1207 (finding protective order issued under court's inherent powers was an abuse of discretion as order could not be justified as a "sanction", "as an attorney disciplinary measure", "or as necessary to control the courtroom or proceedings before the court").

As to Plaintiff's contention that the MTD is somehow "not proper Rule 12 practice" because the introduction to the MTD and the supporting RJN include background information about Plaintiff's past that he believes is inflammatory, this is unsupported by law. This information is relevant context, which the Court can

determine to consider or not. The core of the MTD asserts legal arguments supported by the allegations, or lack thereof, in Plaintiff's Complaint that demonstrate Plaintiff's Complaint should be dismissed for at least four reasons. ECF No. 13. It is a proper Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss. The RJN also is a proper request for judicial notice under Federal Rule of Evidence 201seeking judicial notice of court filings. *See Reyn's Pasta Bella*, 442 F.3d at 746.

Accordingly, Plaintiff has failed to demonstrate any bad faith or willfully improper conduct by TalentBridge in including case law discussing Plaintiff's history and judicially-noticeable court filings demonstrating Plaintiff's litigation activity, previous relevant judicial admissions, and Plaintiff's allegations found insufficient in other cases that are identical to the ones alleged in this case. Thus, Plaintiff has failed to justify his requested relief. This also is not the appropriate means for Plaintiff to request a denial of the RJN or the MTD. The Court is well positioned to assign the appropriate weight to the context and background information in the MTD and RJN when evaluating those documents without the need for a vague, overbroad, and speculative prospective protective order.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's request for prospective and corrective relief must be denied. Plaintiff has identified no bad faith or willfully reckless or improper conduct by TalentBridge and thus no basis to issue a vague, speculative and prospective protective order. Plaintiff may oppose the MTD and the RJN at the appropriate time, but it has provided no basis herein for the Court to deny either or to issue any prospective order regarding what information can be discussed in this case.

DATED: April 1, 2026

Respectfully submitted,

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: [signature]
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned, counsel for record TalentBridge, Inc., certifies that this Memorandum of Points and Authorities contains 1957 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 1, 2026

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: [signature]
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

Glaser Weil