**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

VIVEK SHAH,
Plaintiff,

v.

TALENTBRIDGE, INC.,
Defendant.

Case No.: 2:26-cv-00222-AH-SSC

Date: April 22, 2026
Time: 1:30 pm
Courtroom: 9C
Before: Hon. Anne Hwang

# PLAINTIFF'S REPLY TO MOTION FOR PROTECTIVE AND CORRECTIVE RELIEF UNDER THE COURT'S INHERENT AUTHORITY

Defendant's opposition confirms the core defect in its Motion to Dismiss and Request for Judicial Notice: the challenged material is not necessary to resolve any Rule 12 issue. Defendant never argues that my 2012 criminal matter, accusations of "extortion," or a stack of unrelated complaints is an element of diversity jurisdiction, Article III standing, interception in transit, third-party eavesdropping, or any other issue raised by the Motion to Dismiss. Instead, Defendant now says the material is "context." ECF No. 21 at 4-6. That label is telling. "Context" is not a Rule 12 element, and Rule 201 does not authorize a

party to build a collateral character narrative and then ask the Court to sort out the prejudice later.

The opposition also makes the problem worse. It expressly asserts that my past provides context to my "attempted extortion of TalentBridge here." ECF No. 21 at 7-8. That is not a judicially noticed fact. It is an unadjudicated accusation about this very lawsuit. I do not seek fees or any monetary sanction. I seek modest corrective relief directed to this docket: that the Court disregard the challenged character material, deny or limit the Request for Judicial Notice to proper purposes, require future filings in this action to stay tied to issues genuinely before the Court; and admonishing counsel. That is ordinary case management, and it is warranted here.

**I. THE OPPOSITION CONFIRMS THAT THE CHALLENGED MATERIAL IS COLLATERAL TO THE MOTION TO DISMISS.**

Defendant's own filings show that the real Rule 12 issues are ordinary pleading and jurisdiction questions. In counsel's declaration describing the parties' meet and confer, Defendant identified the grounds for its Motion to Dismiss as: failure to allege complete diversity and the amount in controversy; lack of Article III injury because I am supposedly a tester and supposedly failed to identify a protectable privacy interest; failure to plausibly allege interception; failure to allege a third-party eavesdropper; and failure of the fourth clause absent another

clause violation. ECF No. 13-1 at 2-3. None of those grounds depends on my criminal history from 15 years ago. None depends on calling me a "convicted felon," "serial, vexatious litigant," or extortionist. None depends on unrelated filings involving Robinhood, Hershey, Woodbury, or other companies. The declaration is useful precisely because it strips away the rhetoric and shows what Defendant itself understood the legal issues to be.

The opposition does not try to connect the challenged material to those elements. It says the criminal filings and unrelated complaints provide "context" about my "background," "litigation activity," and "motivations for filing this litigation." ECF No. 21 at 2, 4-6. But background, litigation activity, and supposed motivation are not elements of Rule 12(b)(1) or Rule 12(b)(6). Calling the material "context" is therefore an admission that the material is collateral to the actual legal questions.

The nature of the exhibits underscores the point. Defendant says Exhibits 3 through 5 show that I have a "prolific litigation presence over the years and how he came to focus on CIPA claims." ECF No. 21 at 7-8. But Exhibit 3 is a Robinhood credit-card complaint, and Exhibit 4 is a Hershey popcorn-labeling complaint. ECF No. 14 at 2-3. Those filings do not help decide whether TalentBridge's website allegedly intercepted search queries in transit. They serve only to paint me as litigious. That is propensity rhetoric, not Rule 12 relevance.

Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance civil rights statutes, and that Courts must not make any "adverse credibility determinations" based on a plaintiff's litigation history. *Langer v. Kiser*, 57 F.4th 1085, 1094-95 (9th Cir. 2023), cert. denied, 144 S. Ct. 823 (2024) cert. denied, 144 S. Ct. 823 (2024), reh'g denied, 144 S. Ct. 1132 (2024). *See also Valenzuela v. Nationwide Mut. Ins*. Co., 686 F. Supp. 3d 969, 974 n.2 (C.D. Cal. 2023) ("The Court is not inclined to question Valenzuela's allegations on the basis that she has filed other [CIPA] lawsuits.").

**II. RULE 201 DOES NOT ALLOW DEFENDANT TO USE PUBLIC FILINGS AS SUBSTANTIVE PROOF OF CHARACTER, MOTIVE, OR PROPENSITY.**

I don't dispute the limited proposition that a court may take judicial notice of the existence of public records. But that is not the end of the analysis. The Ninth Circuit has repeatedly made clear that judicial notice does not authorize a court to accept as true disputed factual assertions in public records, and it does not allow a defendant to use extra-pleading materials to insert its own competing narrative into a motion to dismiss.

That is exactly what Defendant attempts here. RJN Exhibit 1 is not a conviction or judgment; it is an "Affidavit in Removal Proceeding" and criminal

complaint materials filed at the outset of a criminal case. ECF No. 14 at 2; ECF No. 14-1 at 2-18. Those materials contain allegations by law enforcement. They are not adjudicative facts establishing that I am now engaged in "attempted extortion of TalentBridge here." ECF No. 21 at 7-8. Exhibits 3 through 12 are pleadings from other cases. ECF No. 14 at 2-4. Pleadings are allegations, not findings. If Defendant wishes to cite an actual prior ruling for an actual legal proposition, it may cite the ruling itself. What it may not do is attach a dossier of complaints and then invite the Court to infer bad character, bad motive, or bad propensity.

The opposition's handling of its own RJN illustrates the problem. It says that I admitted tester status in "Exhibit 4." ECF No. 21 at 8. But Exhibit 4, as listed in the RJN, is the Hershey snack-food complaint. ECF No. 14 at 2-3. The asserted tester complaint is elsewhere in the RJN. The point is not the typo by itself. The point is that Defendant dumped a volume of unrelated pleadings into the record and then used them loosely as a character package. That is precisely the sort of overuse of judicial notice that *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) warns against.

## III. I AM SEEKING MODEST CASE-MANAGEMENT RELIEF, NOT SANCTIONS.

A central defect in the opposition is that it treats my motion as though I wase seeking punitive sanctions. I am not. I expressly disclaimed fees and monetary relief in the opening motion. ECF No. 17 at 3, 12. Defendant therefore spends much of its opposition arguing against a sanction standard that does not fit the relief actually requested.

Of course a court must make the findings required before imposing sanctions under its inherent authority. But a federal court also possesses inherent authority to manage its own proceedings and control the materials presented to it. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Wharton v. Calderon*, 127 F.3d 1201, 1206-07 (9th Cir. 1997). A nonmonetary order directing that certain improper matter will not be considered, or that future briefing remain confined to legally relevant issues, is not the same thing as imposing a punitive sanction. I askthe Court to protect the decisional process and admonish this conduct, not to punish counsel.

That distinction matters here because the relief can be granted narrowly and practically. The Court need not decide that every challenged statement was made with sanctionable bad faith to decide that it should not resolve a Rule 12 motion through a lens of stale criminal allegations, accusations of extortion, and unrelated complaints. The Court may simply say that those materials are not proper Rule 12 decisional material for the purposes for which Defendant is using them.

## IV. THE OPPOSITION'S NEW ACCUSATION OF "ATTEMPTED EXTORTION OF TALENTBRIDGE HERE" CONFIRMS THE NEED FOR CORRECTIVE RELIEF.

The strongest evidence that relief is needed is the opposition itself. Rather than retreat from the challenged rhetoric, Defendant doubles down and accuses my of "attempted extortion of TalentBridge here." ECF No. 21 at 7-8. That accusation is not established by the Complaint, the Miller declaration, the RJN, or any order in this case. It is exactly the sort of unsupported motive allegation I sought to keep out of the Rule 12 presentation.

Defendant cannot justify that accusation by pointing to Exhibit 2 of the RJN. Exhibit 2 is a motion to terminate supervised release in which defense counsel stated that I had been compliant on supervision and had no further contacts with the criminal justice system for nearly 15 years. ECF No. 14-2 at 2-3. Yet Defendant cites Exhibits 1 and 2 together as support for the current accusation that this lawsuit is "attempted extortion." ECF No. 21 at 7-8. That leap is precisely why a limiting order is warranted. If the Court does nothing, Defendant has every reason to continue reframing ordinary motion practice as a morality play about me rather than a legal analysis of the pleadings.

## V. THIS MOTION IS A PROPER VEHICLE, AND *WHARTON* DOES NOT HELP DEFENDANT.

Defendant says I should raise these arguments only in opposition to the RJN or the Motion to Dismiss. ECF No. 21 at 8-9. But that misses the point of this motion. I am not merely arguing that the MTD should lose on the merits. I am asking the Court to address the separate procedural problem that Defendant has already placed improper character material before the Court and threatens to repeat the tactic. A merits opposition can address relevance. It does not necessarily yield a corrective order or guidance going forward.

*Wharton* is inapposite. There, the Ninth Circuit reversed a sweeping order regulating defense counsel's out-of-court contacts with nonparty witnesses in a capital habeas case. 127 F.3d at 1207. I am seeking nothing remotely comparable. I ask only for an order governing what may properly be presented to this Court in filings in this case. That is at the core of the Court's authority to manage proceedings before it.

**VI. AT MINIMUM, THE COURT SHOULD GRANT NARROW, TARGETED RELIEF.**

If the Court concludes that any portion of my original requested relief was phrased too broadly, I respectfully clarify and narrow the request here. I do not ask the Court to bar citation to actual authorities, to actual published rulings, or to materials genuinely necessary to a specific issue. Nor do I ask the Court to preclear every future filing. A narrower order will fully address the problem.

At minimum, the Court should order that: (1) the criminal-history allegations, accusations of extortion, and generalized character attacks in ECF No. 13 will not be considered in resolving the Motion to Dismiss; (2) the Request for Judicial Notice, ECF No. 14, is denied or limited to the extent it seeks to use Exhibits 1 through 12 for the truth of disputed assertions or for any character, motive, or propensity inference; and (3) future filings in this action may not rely on stale criminal-history allegations, accusations that this suit is extortion, or unrelated pleadings from other cases absent a specific showing of legal relevance and propriety to the issue presented.

That limited relief preserves Defendant's ability to litigate every actual Rule 12 argument. It simply requires Defendant to litigate those arguments on proper materials. Even if the Court declines any prospective component, it should still grant corrective relief as to the filings already submitted.

## CONCLUSION

Defendant's opposition does not show that the challenged material is needed to decide any Rule 12 issue. It shows the opposite. The material is "context," and the opposition uses that supposed context to accuse me of "attempted extortion of TalentBridge here." ECF No. 21 at 7-8. I respectfully request that the Court grant the motion, disregard the challenged character material, deny or limit the Request for Judicial Notice to proper purposes, and ensure that the Motion to Dismiss is

decided on the pleading, the governing law, and materials genuinely relevant to the issues before the Court.

Dated: April 1, 2026

*/s/ Vivek Shah*
Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, Plaintiff Vivek Shah, certifies that this brief contains 1,892 words, which complies with the word limit of L.R. 11-6.1.

/s/ Vivek Shah

Vivek Shah