**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

VIVEK SHAH,
Plaintiff,

v.

TALENTBRIDGE, INC.,
Defendant.

Case No.: 2:26-cv-00222-AH-SSC

Date: May 20, 2026
Time: 1:30 pm
Courtroom: 9C
Before: Hon. Anne Hwang

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE FOR CLARIFICATION, OF ORDER DENYING DKT. 17 AS MOOT**

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Please take notice that on a date and time to be set pursuant to the Court's procedures, or as soon thereafter as the matter may be heard, I, Plaintiff Vivek Shah, appearing *pro se*, will and hereby do move this Court for reconsideration, or in the alternative clarification, of the Court's April 17, 2026 Order, Dkt. 24, insofar as it denied my Motion for Protective and Corrective Relief Under the Court's Inherent Authority, Dkt. 17, as moot.

I do not seek reconsideration of the portion of the Order denying

Defendant's Motion to Dismiss, Dkt. 13, as moot. That ruling was procedurally understandable in light of the filing of the First Amended Complaint, Dkt. 23. This motion is directed only to the portion of Dkt. 24 that denied Dkt. 17 as moot. This motion is made under Federal Rule of Civil Procedure 54(b), Central District of California Local Rule 7-18, and the Court's inherent authority to manage its proceedings. The motion is based on the ground that Dkt. 17 sought prospective, nonmonetary, protective relief governing Defendant's litigation conduct going forward and therefore was not mooted merely because the operative pleading changed.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and any other matter the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On April 17, 2026, after I filed the First Amended Complaint, Dkt. 23, the Court entered a minute order stating that, "in light of the First Amended Complaint (Dkt. No. 23), Defendant's Motion to Dismiss (Dkt. No. 13) and Plaintiff's Motion for Relief (Dkt. No. 17) are DENIED without prejudice as moot." Dkt. 24 at 1.

I do not challenge the Court's denial of Defendant's Motion to Dismiss, Dkt. 13, as moot. But my Motion for Protective and Corrective Relief, Dkt. 17, stood on different footing. It did not ask the Court to adjudicate the sufficiency of a superseded pleading. It asked the Court to stop Defendant from using stale criminal-history allegations, accusations of extortion, unrelated civil complaints, and generalized character attacks as litigation weapons in this case. That request for prospective, nonmonetary relief did not become moot merely because I filed an amended complaint.

Defendant's challenged conduct was not tied only to the original complaint. It was litigation conduct directed at me personally and capable of repetition in future filings. In its Motion to Dismiss, Defendant opened by calling me a "convicted felon and serial, vexatious litigant" who had targeted companies "in an attempt to extort settlement funds," and asserted that my complaint was filed "for no purpose other than to extract money." Dkt. 13 at 7. Defendant then added a

section entitled "Statement of Facts" beginning with the assertion that "Plaintiff has a history of extortion," followed by discussion of a 2012 criminal matter. Dkt. 13 at 8-9. Defendant's Request for Judicial Notice likewise sought to place before the Court not only two old criminal-case documents, but also ten complaints from unrelated civil actions. Dkt. 14 at 2-4; see also Dkt. 14-1 at 2-18; Dkt. 14-2 at 2-6. Those tactics are not mooted by a new pleading. They concern the manner in which Defendant seeks to litigate this case. Because Dkt. 17 sought forward-looking case-management relief rather than merits adjudication of the original complaint, the denial of that motion as moot rested on a material misunderstanding of the nature of the relief requested.

I therefore respectfully ask the Court to reconsider the mootness ruling as to Dkt. 17 only. At minimum, if the Court does not wish to adjudicate Dkt. 17 now, I ask the Court to clarify that the denial was purely procedural, does not approve Defendant's challenged rhetoric or use of extraneous smear material, and does not bar immediate renewal if Defendant repeats the same conduct in responding to the First Amended Complaint.

**II. RELEVANT BACKGROUND**

This action concerns a CIPA claim arising from Defendant's alleged interception of my website communications. See Dkt. 1 at 1-5. After Defendant filed its Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), Dkt. 13, and its

Request for Judicial Notice, Dkt. 14, I filed my Motion for Protective and Corrective Relief Under the Court's Inherent Authority, Dkt. 17.

My motion was directed at Defendant's litigation conduct. Specifically, I asked the Court to stop Defendant from litigating this action through irrelevant criminal-history allegations, accusations of extortion, unrelated pleadings from other lawsuits, and generalized personal attacks that had no legitimate bearing on the Rule 12 issues. Dkt. 17. I did not seek attorney's fees or other monetary sanctions. I sought prospective, nonmonetary relief governing how the case should be handled going forward.

The need for that relief was based on what Defendant had already filed. In the introduction to Dkt. 13, Defendant described me as a "convicted felon and serial, vexatious litigant" who had targeted companies "in an attempt to extort settlement funds," and asserted that the complaint was filed "for no purpose other than to extract money." Dkt. 13 at 7. Defendant then stated, under a section labeled "Statement of Facts," that I have "a history of extortion," followed by several paragraphs about a 2012 criminal matter. Dkt. 13 at 8-9.

Defendant also asked the Court to take judicial notice of extensive collateral materials. Dkt. 14 at 2-4. Those materials included an affidavit from removal proceedings, Dkt. 14-1 at 2-18, a motion to terminate supervised release, Dkt. 14-2 at 2-6, and ten complaints from unrelated civil actions, all offered as part of a

narrative portraying me as a serial litigant and extortionist. Dkt. 14 at 2-4.

On April 17, 2026, after I filed the First Amended Complaint, Dkt. 23, the Court entered Dkt. 24 denying both Dkt. 13 and Dkt. 17 "without prejudice as moot." Dkt. 24 at 1. This motion concerns only the portion of Dkt. 24 denying Dkt. 17 as moot.

**III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(b), any order that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties "may be revised at any time" before entry of final judgment. Fed. R. Civ. P. 54(b). Because Dkt. 24 is interlocutory, the Court has authority to revise it.

Central District of California Local Rule 7-18 permits reconsideration upon a material difference in fact or law that could not previously have been known, the emergence of new material facts or law, or a manifest showing of a failure to consider material facts presented to the Court before the order issued. C.D. Cal. L.R. 7-18.

Federal courts also possess inherent authority to manage their proceedings and address abuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). That authority includes the power to issue protective and corrective orders addressing bad-faith litigation tactics and preserving the integrity of proceedings. In the Ninth Circuit, conduct tantamount to bad faith, including

reckless conduct undertaken with an improper purpose such as harassment, may justify exercise of the Court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001).

Finally, collateral matters do not automatically become moot merely because the principal merits issue changes or disappears. A court's authority to address litigation misconduct and similar collateral issues survives changes in the underlying merits posture. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990).

## IV. ARGUMENT

### A. The Court Correctly Denied the Motion to Dismiss as Moot, but Dkt. 17 Was Different.

I agree that Defendant's Motion to Dismiss, Dkt. 13, became moot once the First Amended Complaint superseded the original complaint. But my motion, Dkt. 17, was not simply the inverse of Dkt. 13. It did not depend on the continued viability of the original complaint.

Dkt. 17 sought prospective, nonmonetary relief directed to Defendant's litigation conduct. It asked the Court to disregard the smear material already submitted and to set boundaries so that future filings would be confined to matters genuinely relevant to the claims, defenses, and procedural issues properly before the Court. That request was not extinguished by the filing of an amended

complaint. To the contrary, it remained relevant precisely because Defendant would have another opportunity to file new motions or other papers in response to the First Amended Complaint.

The order in Dkt. 24 appears to have treated Dkt. 17 as though it rose and fell with Dkt. 13. But that overlooks the distinct nature of the relief I sought. Dkt. 17 was aimed at stopping a litigation tactic capable of immediate repetition, not at adjudicating the merits of a superseded pleading.

**B. The Relief Sought in Dkt. 17 Was Collateral and Forward-Looking, Not Mooted by the Filing of the First Amended Complaint.**

The challenged conduct consisted of Defendant's choice to litigate through irrelevant and inflammatory character attacks. Defendant called me a "convicted felon and serial, vexatious litigant," accused me of attempting to "extort settlement funds," claimed my complaint was filed "for no purpose other than to extract money," and asserted that I have "a history of extortion." Dkt. 13 at 7-9. Defendant then attempted to bolster that narrative through judicial notice materials including old criminal-case documents and ten complaints from unrelated civil actions. Dkt. 14 at 2-4; Dkt. 14-1 at 2-18; Dkt. 14-2 at 2-6.

Those materials were not necessary to challenge the legal sufficiency of the complaint under Rules 12(b)(1) and 12(b)(6). They were litigation tactics directed at me personally. Because the conduct concerned how Defendant was litigating the

case rather than merely whether the original complaint survived, the relief sought in Dkt. 17 was collateral to the merits of Dkt. 13.

That distinction matters. Collateral requests for relief addressing litigation misconduct do not automatically become moot whenever the underlying pleading changes. The Supreme Court has recognized that sanctions issues are collateral to the merits and may be decided even after the underlying case posture changes. Cooter & Gell, 496 U.S. at 395-98. My motion sought even narrower relief than sanctions: it sought protective and corrective limits governing future litigation conduct.

Because the risk addressed by Dkt. 17 remained live after the First Amended Complaint was filed, denying Dkt. 17 as moot swept too broadly.

**C. Reconsideration Is Proper Because the Mootness Ruling as to Dkt. 17 Overlooked a Material Feature of the Motion.**

Local Rule 7-18(c) permits reconsideration upon a manifest showing that the Court failed to consider material facts presented before the ruling. That standard is met here.

The material feature of Dkt. 17 was that it sought prospective, nonmonetary case-management relief. It did not seek attorney's fees. It did not ask the Court to resolve the merits of the original complaint. It asked the Court to prevent Defendant from using stale criminal-history allegations, accusations of extortion,

unrelated complaints, and other irrelevant personal attacks in future filings.

The April 17 order states, in a single sentence, that "in light of the First Amended Complaint (Dkt. No. 23), Defendant's Motion to Dismiss (Dkt. No. 13) and Plaintiff's Motion for Relief (Dkt. No. 17) are DENIED without prejudice as moot." Dkt. 24 at 1. That wording indicates the Court treated both motions as mooted by the same event. But the filing of the First Amended Complaint did not eliminate the need for prospective protection against repetition of the same misconduct. Thus, the mootness ruling as to Dkt. 17 rests on a material misunderstanding of the character of that motion.

**D. At Minimum, the Court Should Clarify That the Denial Was Procedural Only and Does Not Approve or Insulate Repetition of the Challenged Conduct.**

If the Court does not wish to reconsider Dkt. 24 by restoring Dkt. 17 to active status, the Court should at least clarify the effect of its order.

Without clarification, Defendant may argue that the Court's denial of Dkt. 17 as moot functionally rejected my objection to the smear tactics on the merits, or that Defendant is free to repeat the same rhetoric in responding to the First Amended Complaint. That would be an unfair and incorrect reading of Dkt. 24. A limited clarification would solve that problem. The Court can make clear that:

1. the denial of Dkt. 17 was procedural only;

2. the denial did not approve Defendant's use of stale criminal-history allegations, accusations of extortion, unrelated complaints, or generalized personal attacks;
3. the denial does not bar me from immediately renewing the request if Defendant repeats the same conduct in future filings; and
4. future briefing should remain confined to matters genuinely relevant to the operative pleading and issues properly before the Court.

That narrower alternative would preserve the Court's control over the proceedings without requiring it to adjudicate the full merits of Dkt. 17 now.

**V. REQUESTED RELIEF**

I respectfully request that the Court enter an order:

1. Reconsidering Dkt. 24 insofar as it denied Dkt. 17 as moot;
2. Vacating the portion of Dkt. 24 that denied Dkt. 17 as moot;
3. Restoring Dkt. 17 for decision, or alternatively deeming Dkt. 17 renewed as directed to Defendant's future litigation conduct in this action;
4. Or, in the alternative, clarifying that the denial of Dkt. 17 was procedural only, did not approve Defendant's challenged rhetoric or use of extraneous smear material, and does not bar immediate renewal if Defendant repeats the same conduct in responding to the First Amended Complaint;
5. Directing that future filings in this action be confined to matters genuinely

relevant to the claims, defenses, and procedural issues properly before the Court; and

6. Granting such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

I respectfully ask the Court to reconsider, or alternatively clarify, its April 17, 2026 Order, Dkt. 24, insofar as it denied Dkt. 17 as moot. My motion for protective and corrective relief sought prospective limits on Defendant's litigation conduct and was not rendered moot simply because I filed an amended complaint. At minimum, the Court should clarify that its order was procedural only and does not permit repetition of the same improper smear tactics in future filings.

Dated: April 17, 2026

*/s/ Vivek Shah*
Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com

## CERTIFICATION

I certify that the parties met by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part. I further certify that this motion contains 2,435 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Vivek Shah*

Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com