Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224) 246-2874
Plaintiff, *Pro Se*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

VIVEK SHAH,

               Plaintiff,

v.                          Case No. <u>2:26-cv-00222-AH-SSC</u>

TALENTBRIDGE, INC.,            Hon. Anne Hwang, District Judge

               Defendant.

## <u>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>

**Hearing Date: June 10, 2026**
**Hearing Time: 1:30 p.m.**
**Courtroom: 9C**

**TO DEFENDANT TALENTBRIDGE, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 10, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9C of the United States District Court for the Central District of California, Western Division, before the Honorable Anne Hwang, United States District Judge, Plaintiff Vivek Shah will and hereby does move this Court for sanctions against Defendant TalentBridge, Inc. and its counsel of record, Elizabeth A. Sperling and Sarah G. Miller of Glaser Weil Fink Howard Jordan & Shapiro LLP, under Federal Rule of Civil Procedure 11(b)(1) and 11(b)(2).

This Motion is made following compliance with the 21-day safe-harbor period required by Federal Rule of Civil Procedure 11(c)(2). Plaintiff served this Motion on Defendant's counsel by email on April 21, 2026. The 21-day safe-harbor period expired on May 12, 2026. Defendant did not withdraw or appropriately correct the challenged filings within the safe-harbor period. A true and correct copy of Plaintiff's safe-harbor service email to Defendant's counsel is attached as Exhibit A.

This Motion is made on the following grounds:

1. Defendant's Memorandum of Points and Authorities (Dkt. 27) was presented for an improper purpose under Rule 11(b)(1). The Memorandum accuses Plaintiff—five times in its opening pages—of "extortion" and "extortionist

tactics." That accusation is factually false: the extortion count under 18 U.S.C. § 1951 was dismissed; Plaintiff was convicted only of threatening-communications offenses under 18 U.S.C. §§ 875(b) and 876(b), which require no obtaining of property through force, violence, or fear. The accusation is also legally unwarranted: filing a civil CIPA complaint seeking statutorily authorized damages is not extortion. This rhetoric serves no legal purpose and was presented to harass and inflame the Court against a *pro se* Plaintiff.

2. Defendant's Request for Judicial Notice (Dkt. 28), Exhibits 1 and 2—a 2012 criminal affidavit and a motion to terminate supervised release—have no bearing on the issues presented and were filed solely to prejudice this Court against Plaintiff based on his criminal history, in violation of Rule 11(b)(1).

3. Defendant's amount-in-controversy argument is frivolous under Rule 11(b)(2). Counsel represents that "the FAC does not even identify the number of alleged violations," which is objectively false on the face of the document. The FAC pleads sixteen violations at ¶¶ 76–84; sixteen times $5,000 equals $80,000, exceeding the $75,000 threshold.

4. Defendant's tester-standing argument violates Rule 11(b)(2) and counsel's duty of candor. It relies on unpublished, distinguishable *Rodriguez v. Autotrader.com, Inc.* while omitting binding, directly adverse Ninth Circuit

authority—*Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023), and *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008)—and without citing *Gabrielli v. Motorola Mobility LLC* and *Gabrielli v. Haleon US Inc.*, which expressly distinguish *Rodriguez* on facts analogous to those here.

Plaintiff seeks: (a) an order striking the offending rhetoric and RJN Exhibits 1 and 2; (b) a non-monetary sanction directing counsel to refrain from *ad hominem* attacks and omission of controlling adverse authority in future filings; and (c) such further non-monetary relief as the Court deems just.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Exhibit A (Plaintiff's safe-harbor service email of April 21, 2026); the pleadings, records, and files in this action; and such further argument and evidence as may be presented at or before the hearing.

DATED: May 13, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah, Plaintiff *Pro Se*

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................... 1

II.  LEGAL STANDARD .................................................................. 2

III.  ARGUMENT ............................................................................. 3

    A.  The "Extortion" Rhetoric Violates Rule 11(b)(1)............................................... 3

        1.  The Accusation Is Factually False ............................................... 4

        2.  Filing Authorized Civil Litigation Is Not Extortion ................................ 4

        3.  The Repetition and Prominence Establish Improper Purpose ................... 5

    B.  The RJN Exhibits 1 and 2 Violate Rule 11(b)(1) ................................................. 6

    C.  The Jurisdictional Argument Violates Rule 11(b)(2).......................................... 7

    D.  The Tester Argument Violates Rule 11(b)(2) and Duty of Candor ..................... 8

IV.  RELIEF REQUESTED ......................................................... 10

V.  CONCLUSION ....................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991) ...... 3, 4

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ............................................. 3, 7

*D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008) ...................... 5, 9

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) ........................................................... 3, 5, 7

*Gabrielli v. Haleon US Inc.*, No. 25-cv-02555, 2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) ................................................................................................................................ 9

*Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533, 2025 WL 1939957 (N.D. Cal. July 14, 2025) ........................................................................................................................ 9

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ...................................................... 3, 8

*In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996) ................................... 2

*Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023).......................................................... 5, 9

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) ............................... 5

*Rodriguez v. Autotrader.com, Inc.*, No. 2:24-cv-09879, 2025 WL 1122387 (C.D. Cal. Mar. 14, 2025)        8

*Strojnik v. Bakersfield Conv. Hotel I, LLC*, 436 F. Supp. 3d 1332 (E.D. Cal. 2020) ........ 5

*Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991) (en banc) ....... 3, 8

*United States v. Nardello*, 393 U.S. 286 (1969) ................................................................ 4

*United States v. Villalobos*, 748 F.3d 953 (9th Cir. 2014) ............................................... 4

<u>**Statutes and Rules**</u>

18 U.S.C. § 875(b) .................................................................................................... 1, 4

18 U.S.C. § 876(b) .................................................................................................... 1, 4

18 U.S.C. § 1951 ....................................................................................................... 1, 4

28 U.S.C. § 1332 ........................................................................................................... 7

Cal. Penal Code § 637.2 ........................................................................................ 1, 5, 7

Fed. R. Civ. P. 11 passim

<u>**Other Authorities**</u>

ABA Model Rule of Professional Conduct 3.3(a)(2) ...................................................... 9

Cal. Rule of Professional Conduct 3.3(a)(2) ................................................................. 9

## I.  INTRODUCTION

Defendant TalentBridge, Inc. has filed a Motion to Dismiss that spends its opening paragraphs not on law, but on labeling a *pro se* Plaintiff an extortionist. Counsel uses the word "extortion" or "extortionist" five times in the first page and a half of the Memorandum, attaches a 2012 criminal affidavit and supervised-release motion as RJN exhibits, and saturates the Statement of Facts with Plaintiff's conviction history. This is not advocacy. It is character assassination. And it rests on a false factual premise.

Plaintiff was not convicted of extortion. The extortion count under 18 U.S.C. § 1951 was dismissed. He was convicted of threatening-communications offenses under 18 U.S.C. §§ 875(b) and 876(b)—statutes that punish the transmission of threatening communications, not the obtaining of property through force, violence, or fear. Federal law defines extortion precisely: "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Filing a civil lawsuit seeking statutory damages under California Penal Code § 637.2 satisfies none of that definition. No amount of repetition changes that.

Counsel's other violations compound the problem. The amount-in-controversy argument is mathematically impossible: sixteen counts at $5,000 each

is $80,000, yet counsel tells this Court the FAC does not even identify the number of alleged violations—a representation objectively false on the face of the document. And the tester-standing argument omits two binding Ninth Circuit decisions directly contrary to the position taken while relying on a later-distinguished unpublished order.

Plaintiff served this Motion on Defendant's counsel on April 21, 2026, in compliance with the 21-day safe-harbor requirement of Rule 11(c)(2). The safe-harbor period expired on May 12, 2026 without withdrawal or correction of the challenged filings. Plaintiff now files this Motion and respectfully requests the relief set forth herein.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) requires counsel certifying a filing to represent that: (1) it is not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument"; and (3) factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(1)–(3). Violations are assessed under an objective-reasonableness standard; subjective bad faith is not required. *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).

Rule 11(b)(1) is violated where "an improper purpose—harassment, ad hominem attacks, or protracting delay—can be inferred from the filing." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Rule 11(b)(2) is violated when no plausible, good faith argument can be made for the legal position taken. *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005). A legal contention is frivolous where completely without merit. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991) (en banc). Reasonable prefiling inquiry is required. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991); *Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002).

## III.  ARGUMENT

### A.  <u>The "Extortion" Rhetoric Violates Rule 11(b)(1)</u>

Counsel's Memorandum accuses Plaintiff of extortion five times in its opening pages: that Plaintiff has targeted companies "in an attempt to extort settlement funds" (Mem. 1); that the FAC was "filed for no purpose other than to extract money from TalentBridge" (Mem. 1); that "[t]he Court should dismiss the meritless FAC and put an end to Plaintiff's extortionist tactics" (Mem. 1); that "Plaintiff is not a stranger to extortion" (Mem. 1); and that "Plaintiff turned to litigation to continue his extortionist tactics" (Mem. 1). That rhetoric is factually false, legally unwarranted, and presented for an improper purpose.

### 1. The Accusation Is Factually False

*Plaintiff was not convicted of extortion.* The extortion count under 18 U.S.C. § 1951 was dismissed. He pleaded guilty to one count of transmitting a threatening communication in interstate commerce with intent to extort under 18 U.S.C. § 875(b), and seven counts of mailing threatening communications under 18 U.S.C. § 876(b). See RJN Ex. 2 ¶ 1. Those are threatening-communications statutes. They require transmission of a communication containing a threat to injure the person of another. They do not require—and Plaintiff was not convicted of—obtaining property through force, violence, or fear.

Federal extortion law requires two elements entirely absent here: *obtaining property* from another through the *wrongful use of actual or threatened force, violence, or fear*. 18 U.S.C. § 1951(b)(2); *United States v. Villalobos*, 748 F.3d 953, 955–56 (9th Cir. 2014); *United States v. Nardello*, 393 U.S. 286, 289–90 (1969). Counsel's own description of Plaintiff's alleged conduct—filing civil lawsuits and making settlement demands—satisfies neither element. Calling that "extortion" is both a misstatement of federal criminal law and a mischaracterization of Plaintiff's record. A reasonable prefiling inquiry under *Business Guides*, 498 U.S. at 551, would have disclosed both defects. Counsel filed the Memorandum anyway.

### 2. Filing Authorized Civil Litigation Is Not Extortion

PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

Even setting aside the false characterization of Plaintiff's record, the legal premise is indefensible. California Penal Code § 637.2 creates a private right of action with statutory damages of $5,000 per violation, expressly designed to incentivize private enforcement of CIPA. Filing such a lawsuit and offering to settle it is the mechanism the statute is designed to employ. Characterizing that as "extortion" is to accuse the California Legislature of enacting a vehicle for crime. No reasonable attorney could believe that, and Rule 11(b)(2) does not permit advocacy that no reasonable attorney could advance.

Defendant may argue that Plaintiff's litigation conduct is opportunistic or that the FAC lacks merit—those are permissible legal arguments. Accusing a plaintiff of a violent crime built on a false description of his criminal record, amplified by a document graphically describing "threats to kill members of [billionaires'] families" (Mem. 1), is not. The word "extortion" evokes coercion through violence. Counsel deployed it knowing that, in the context of Plaintiff's prior conviction, it would color every subsequent page of the Memorandum. That is a filing presented for an improper purpose.

### 3.  The Repetition and Prominence Establish Improper Purpose

Under *Fink*, improper purpose under Rule 11(b)(1) can be inferred from ad hominem attacks or conduct calculated to harass. 239 F.3d at 994. The inference is inescapable here. The word "extortion" appears five times in one and a half pages,

introduced against a backdrop of graphic criminal-history detail, reinforced in the Statement of Facts, and supported by criminal-history RJN exhibits. None of it advances any legal argument. The Ninth Circuit is unequivocal: *Langer v. Kiser*, 57 F.4th 1085, 1094–95 (9th Cir. 2023) (serial litigation is "necessary and desirable"; courts must avoid "adverse credibility determinations based on litigation history"); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) ("[T]he attempted use of past litigation to prevent a litigant from pursuing a valid claim . . . warrants our most careful scrutiny"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (serial litigation should not "be condemned . . . as vexatious as a matter of course"); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1337 (E.D. Cal. 2020) (considering serial-litigation history in ruling on a motion to dismiss "directly contradicts Ninth Circuit authorities").

Counsel are aware of this authority. Choosing to saturate the Memorandum with "extortionist" accusations—while knowing that the controlling circuit cases forbid credibility-based dismissals of serial litigants—can only be understood as an attempt to obtain by emotion what cannot be obtained by law. That is an improper purpose under Rule 11(b)(1).

## B.  <u>The RJN Exhibits 1 and 2 Violate Rule 11(b)(1)</u>

The RJN attaches, as Exhibits 1 and 2, a 2012 criminal affidavit and a motion to terminate supervised release from a prosecution concluded over a decade ago.

Counsel cites them for the proposition that Plaintiff "is not a stranger to extortion" (Mem. 1) and for the details of his 2012 sentence (Mem. 3). As shown above, that premise is false: Plaintiff was not convicted of extortion. Even if it were not, these exhibits are irrelevant: a defendant's CIPA liability turns on its website architecture in 2026, not on the plaintiff's biography in 2012.

Filing a RJN as a vehicle for character assassination is an abuse of Federal Rule of Evidence 201 and a violation of Rule 11(b)(1). *Fink*, 239 F.3d at 994. A reasonable prefiling inquiry, *Christian*, 286 F.3d at 1127, would have confirmed that Exhibits 1 and 2 are impertinent, scandalous, and procedurally improper. The only conceivable function of these exhibits is to force the Court to read about Plaintiff's prior conviction before reaching the first legal argument in the Memorandum. That is an improper purpose, and it is sanctionable.

### C.  The Jurisdictional Argument Violates Rule 11(b)(2)

The amount-in-controversy argument is frivolous because it is defeated by arithmetic visible on the face of the FAC. The FAC is captioned "Counts One Through Sixteen." It pleads sixteen separate violations at ¶¶ 76–84. Section 637.2 provides $5,000 per violation. Sixteen times $5,000 is $80,000, which exceeds the $75,000 threshold of 28 U.S.C. § 1332. That ends the inquiry.

Instead, counsel represents to this Court that "the FAC here does not even identify the number of alleged violations" (Mem. 7) and that "[t]he number of

alleged violations is pure speculation" (Mem. 7). Those statements are objectively false. They contradict the FAC's caption, the section heading preceding ¶ 76, paragraph 83 ("[e]ach separate search submission and each separate third-party acquisition . . . constituted at least one separate violation"), and paragraph 11 ("the aggregate statutory exposure exceeds $75,000"). An attorney making a reasonable prefiling inquiry would read those paragraphs. The representations to the contrary cannot be reconciled with the text of the document counsel purported to summarize.

Counsel further imports the arithmetic from *Shah v. Russco57, LLC*, 2026 WL 71868 (C.D. Cal. Jan. 9, 2026)—where the plaintiff alleged thirteen violations yielding $65,000—and applies it here, where the FAC alleges sixteen violations yielding $80,000. Mem. 6–7. That is not legal authority; it is an attempt to transplant a different case's arithmetic to disclaim jurisdiction the FAC plainly establishes. No competent attorney could honestly believe otherwise. The argument is completely without merit under *Townsend*, 929 F.2d at 1362, and objectively unreasonable under *Holgate*, 425 F.3d at 676.

### D. <u>The Tester Argument Violates Rule 11(b)(2) and the Duty of Candor</u>

Counsel's tester-standing argument relies primarily on *Rodriguez v. Autotrader.com, Inc.*, 2025 WL 1122387 (C.D. Cal. Mar. 14, 2025)—unpublished and non-precedential. The Memorandum treats it as dispositive while failing to

disclose that it has been expressly distinguished in subsequent decisions on the precise issue presented here.

In *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533, 2025 WL 1939957, at *7 (N.D. Cal. July 14, 2025), the court held that *Rodriguez* "do[es] not apply" where the plaintiff pleads a genuine, non-tester purpose. *Gabrielli v. Haleon US Inc.*, No. 25-cv-02555, 2025 WL 2494368, at *6 (N.D. Cal. Aug. 29, 2025), reached the same result on analogous facts. Both decisions are directly on point. Neither is cited.

More serious is the omission of binding, directly adverse Ninth Circuit authority. *Langer v. Kiser*, 57 F.4th 1085, 1094–95 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 823 (2024), is controlling precedent holding that courts may not make "adverse credibility determinations based on litigation history" and emphasizing "the necessity and desirability of serial litigation." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008), holds that using litigation history "to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny." Both cases directly foreclose the credibility-based dismissal Defendant seeks. Neither is cited.

An attorney has an affirmative duty under ABA Model Rule of Professional Conduct 3.3(a)(2) and California Rule of Professional Conduct 3.3(a)(2) to disclose controlling authority known to be directly adverse to the client's position. *Langer* and *D'Lil* are controlling and directly adverse. Their omission, while presenting a

distinguishable unpublished order as settled law, is inconsistent with both Rule 11(b)(2) and the duty of candor to the tribunal.

## IV.  RELIEF REQUESTED

Plaintiff requests the following non-monetary relief:

1.  An order striking from Defendant's Memorandum (Dkt. 27): (a) all references to Plaintiff as an "extortionist," as having engaged in "extortionist tactics," or as having filed this action to "extort" or "extract" settlement funds, wherever such references appear; and (b) the passages recounting Plaintiff's 2012 conviction and sentence at page 1, lines 3–22 and page 3, lines 3–12.

2.  An order denying Defendant's Request for Judicial Notice (Dkt. 28) as to Exhibits 1 (2012 criminal affidavit) and 2 (motion to terminate supervised release), and directing that those exhibits be disregarded in the Court's consideration of the Motion to Dismiss.

3.  A non-monetary sanction directing Defendant's counsel, Elizabeth A. Sperling and Sarah G. Miller, to refrain in any future filing in this action from: (a) characterizing Plaintiff's CIPA litigation or settlement conduct as "extortion" or "extortionist"; (b) offering Plaintiff's litigation history or criminal history as a substitute for legal argument on the merits; and (c)

PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

omitting controlling, directly adverse Ninth Circuit authority from any statement of applicable law.

4. Such further non-monetary relief as the Court deems just and proper, including an order to show cause in the event of noncompliance.

Plaintiff does not seek monetary sanctions. He seeks only compliance with the professional-conduct standards that Rule 11 and this Court's Standing Order § A.1 (Civility and Professionalism Guidelines) independently require.

## V.  CONCLUSION

The "extortion" rhetoric is factually false, legally unwarranted, and repeated five times for no purpose except to inflame. The RJN exhibits are irrelevant by any standard. The jurisdictional argument is mathematically impossible on the face of the FAC. The tester-standing argument omits two binding circuit decisions. Each violation is independent. Together they establish that counsel has substituted character attack for legal argument. The Court should strike the offending portions, deny RJN Exhibits 1 and 2, and direct counsel to conduct this litigation within the bounds Rule 11 exists to enforce.

DATED: May 13, 2026

Respectfully submitted,

/s/ Vivek Shah

Vivek Shah, Plaintiff *Pro Se*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, Plaintiff *pro se*, certifies that this Memorandum of Points and Authorities contains approximately 3,383 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 13, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah, Plaintiff *Pro Se*

PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11