ELIZABETH A. SPERLING (SBN 231474)
esperling@glaserweil.com
SARAH G. MILLER (SBN 281751)
smiller@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendant
TalentBridge, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBRIDGE, INC.,<br><br>Defendant. | CASE NO.: 2:26-cv-00222-AH(SSCx)<br>Hon. Anne Hwang, District Judge<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**<br><br>[Filed concurrently with Reply In Support of Request for Judicial Notice]<br><br>DATE:     May 27, 2026<br>TIME:     1:30 p.m.<br>CTRM:    Ctrm 9C<br><br>Case Filed:  January 5, 2026 |

Glaser Weil

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................... 1

II.   PLAINTIFF DOES NOT GET SPECIAL TREATMENT ........................... 3

III.  THE RULE 12(b)(6) MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND ............................................................ 4

      A.   Plaintiff Fails to Allege A Protectible Privacy Interest ........................ 4

      B.   Plaintiff Fails To Plead *In Transit* Interception ................................... 5

      C.   There Is No Third Party Eavesdropper ................................................. 7

      D.   There Is No Violation of the Fourth Clause ........................................ 10

      E.   Leave to Amend Should Be Denied ...................................................... 11

IV.   THE COURT LACKS SUBJECT MATTER JURISDICTION ................... 11

      A.   Plaintiff Confirms That He Fails To Allege Diversity Jurisdiction .... 11

      B.   Plaintiff Confirms That He Fails to Allege Article III Injury-in-Fact ...................................................................................................... 12

V.    CONCLUSION ...................................................................................... 17

# TABLE OF AUTHORITIES

Page

## CASES

*American Ass'n of Naturopathic Physicians v. Hayhurst*,
227 F.3d 1104 (9th Cir. 2000),
*as amended on denial of reh'g* (Nov. 1, 2000).................................................................. 3

*Armstrong v. Allied Ins. Co.*,
No. 14-cv-0424-JGB, 2014 WL 12591844 (C.D. Cal. Aug. 19, 2014)................... 16

*Augustine v. Great Wolf Resorts, Inc.*,
No. 23-CV-00281-DMS-DTF, 2024 WL 3450967 (S.D. Cal. July 18, 2024)........ 13

*Blue Ridge Ins. Co. v. Stanewich*,
142 F.3d 1145 (9th Cir. 1998) ..................................................................................... 12

*Bradshaw v. Lowe's Companies, Inc.*,
No. 25-cv-00742-DMS-MMP, 2025 WL 3171740 (S.D. Cal. Nov. 12, 2025)....... 15

*Brown v. Google*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) ......................................................................... 4

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-cv-01456-SB, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .......... 9, 13, 16

*Cody v. Boscov's, Inc.*,
No. 8:22-CV-01434-SSS-KKX, 2024 WL 2228973 (C.D. Cal. May 6, 2024)......... 6

*Cody v. Boscov's, Inc.*,
658 F. Supp. 3d 779, 782 (C.D. Cal. 2023) ..................................................... 7, 8, 10

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ........................................................................ 13

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ....................................................................... 6

*Erickson v. Pardus*,
551 U.S. 89 (2007)......................................................................................................... 3

*Esparza v. UAG Escondido A1 Inc.*,
No. 23-cv-00102, 2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ......................... 10, 13

*Gabrielli v. Haleon US Inc.*,
No. 25-cv-02555, 2025 WL 2494368 (N.D. Cal. Aug. 29, 2025)........................... 13

*Gabrielli v. Motorola Mobility LLC*,
No. 24-cv-09533, 2025 WL 1939957 (N.D. Cal. July 14, 2025)........................... 13

*Goldstein v. Rumble Inc.*,
No. CV 25-06304-MWF (SKX), 2025 WL 3691987 (C.D. Cal. Nov. 6, 2025)... 8, 9

ii

3209757

*Gonzalez v. Planned Parenthood of Los Angeles*,
   759 F.3d 1112 (9th Cir. 2014) ................................................................. 4

*Graham v. Noom, Inc.*,
   533 F.Supp.3d 823 (N.D. Cal. 2021) ................................................... 8, 9

*Heerde v. Learfield*,
   741 F. Supp. 3d 849 (C.D. Cal. 2024) .................................................... 4

*Heiting v. Taro Pharm. USA, Inc.*,
   728 F.Supp.3d 1112 (C.D. Cal. 2024) ................................................. 5, 9

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) ................................................... 4

*Jacobsen v. Filler*,
   790 F.2d 1362 (9th Cir. 1986) ................................................................ 3

*Javier v. Assurance IQ, LLC*,
   649 F. Supp. 3d 891 (N.D. Cal. 2023) ................................................ 7, 8

*Jones v. Tonal Sys., Inc.*,
   751 F. Supp. 3d 1025 (S.D. Cal. 2024) ................................................... 9

*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ................................................................. 6

*Langer v. Kiser*,
   57 F.4th 1085 (9th Cir. 2023) .............................................................. 13

*Licea v. American Eagle Outfitters*,
   659 F.Supp.3d 1072 (C.D. Cal. 2023) ..................................................... 5

*Maghoney v. Dotdash Meredith, Inc.*,
   No. 24-CV-2394-AJB-BJW, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026)............. 16

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) .................................................... 5

*Mikulsky v. Noom, Inc.*,
   682 F. Supp. 3d 855 (S.D. Cal. 2023) ........................................... 7, 15, 16

*Myers et al. v. Dick's Sporting Goods, Inc.*,
   No. 2:25-CV-03241-DJC-CKD, 2026 WL 1045528
   (E.D. Cal. Apr. 17, 2026)............................................................. 15, 16

*Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co.*,
   711 F. Supp. 1016 (E.D. Cal. 1989)................................................ 2, 11, 17

*Popa v. Microsoft Corp.*,
   153 F.4th 784 (9th Cir. 2025) .............................................................. 14

*Quigley v. Yelp, Inc.*,
   No. 17-CV-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ..................... 6

Glaser Weil

iii

3209757

*Rodriguez v. Autotrader.com, Inc.*,
   No. 2:24-cv-08735-RGK, 2025 WL 1122387 (C.D. Cal. Mar. 14, 2025) ............. 13

*Rodriguez v. Brushfire Recs.*,
   No. 2:25-CV-09797-CAS-PDX, 2025 WL 3692144
   (C.D. Cal. Dec. 15, 2025) ..................................................................................... 17

*Ross v. Williams*,
   950 F.3d 1160 (9th Cir. 2020) ................................................................................. 3

*Shah v. Russco57, LLC*,
   No. CV 25-12371 PA (MARX), 2026 WL 71868
   (C.D. Cal. Jan. 9, 2026)............................................................................. 2, 11, 12

*Sisti v. Bosley Inc., et al.*,
   No. 2:25-CV-10669-JFW-DFM, 2026 WL 1223927
   (C.D. Cal. Apr. 27, 2026)................................................................................ 14, 16

*Swarts v. Home Depot, Inc.*,
   689 F. Supp. 3d 732 (N.D. Cal. 2023) ................................................................ 8, 10

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ........................................................................................ 14, 17

*Valenzuela v. Keurig Green Mountain, Inc.*
   674 F.Supp.3d 751 (N.D. Cal. 2023) ........................................................................ 5

*Valenzuela v. Super Bright LEDs Inc.*,
   No. ED CV23-01148 JAK (SPx), 2023 WL 8424472 (C.D. Cal. Nov. 27, 2023).. 11

*Yockey v. Salesforce, Inc.*,
   688 F. Supp. 3d 962 (N.D. Cal. 2023) ...................................................................... 9

## STATUTES

Cal. Penal Code § 631(a) .................................................................................... passim

## RULES

C.D. Cal. L.R. 8-1 ................................................................................................... 12

Cal. Rules of Court 8.1115(a)................................................................................... 4

Fed. R. Civ. P. 10(b) .............................................................................................. 12

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 2

Fed. R. Civ. P. 8(a) ................................................................................................. 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's AI-generated brief confirms that his First Amended Complaint ("FAC") against Defendant TalentBridge, Inc. ("TalentBridge") fails to state a cognizable claim for relief under the California Invasion of Privacy Act ("CIPA"), and despite his amendments, he has failed to cure the defects.  Thus, Plaintiff's FAC should be dismissed *without leave to amend*.

Plaintiff admits that he attempts to assert a claim under CIPA Section 631(a), clause four, against TalentBridge, based on a predicate violation by a third party under clause two of that Section.  However, as set forth in the Motion and confirmed by Plaintiff's AI-generated opposition, the FAC fails to state a cognizable claim against TalentBridge, at least because (1) Plaintiff fails to plead any invasion of a legally protected privacy interest as contemplated by Section 631(a); (2) Plaintiff fails to allege facts to show that a third party actually "read, attempted to read, or learn[ed]" the contents of any protected communication *while in transit*; (3) Plaintiff fails to allege facts sufficient to show the presence of a third party eavesdropper; and (4) Plaintiff cannot state a claim under the fourth clause of Section 631(a) against TalentBridge because he fails to state a claim under the first, second, and third clauses against any third party.

Plaintiff has already amended his complaint in this case and numerous other similar cases, and has had ample opportunity to cure these deficiencies, which were set forth in detail in TalentBridge's initial motion to dismiss.  Plaintiff failed to do so, and thus amendment would be futile and should be denied.  Accordingly, TalentBridge respectfully requests dismissal on the merits *without leave to amend* for Plaintiff's failure to state a claim.  Further leave to amend is not warranted here because, if given, despite Plaintiff's failure to cure these deficiencies time and time again, Plaintiff will continue to waste this or another court's and TalentBridge's time and resources by pursuing the same fundamentally flawed claim over and over again.  TalentBridge and

1

3209757

other small out-of-state businesses are not equipped with unlimited resources to continue fighting meritless claims against this *pro per* AI-assisted vexatious litigant, whose full-time job is harassing small businesses like TalentBridge. As such, Plaintiff's deficient claim warrants dismissal on the merits ***without leave to amend***. *See, e.g., Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co.*, 711 F. Supp. 1016, 1027 (E.D. Cal. 1989) (dismissing first amended complaint without leave to amend where amended complaint failed to cure defects).

This Court also lacks subject matter jurisdiction over this matter and the case should be dismissed pursuant to Rule 12(b)(1) because Plaintiff fails to plead the jurisdictional threshold amount in controversy. Plaintiff's reliance – for the first time in Opposition – on a phrase in the middle of his FAC stating "Counts One Through Sixteen", which does not allege sixteen violations or sixteen claims, is not sufficient to establish that the amount in controversy exceeds $75,000. It does not. Plaintiff's speculative allegations fail to satisfy this jurisdictional requirement, and thus given that he has already amended his complaint in an effort to correct these allegations, dismissal is warranted ***without leave to amend***. *Shah v. Russco57, LLC*, No. CV 25-12371 PA (MARX), 2026 WL 71868, at *1 (C.D. Cal. Jan. 9, 2026).

This Court also lacks subject matter jurisdiction because Plaintiff confirms that he fails to allege a concrete injury-in-fact sufficient to satisfy Article III standing. Plaintiff's judicially-noticeable admissions from prior complaints – which are properly considered in evaluating this Motion – demonstrate that he is a "tester" plaintiff who visits websites specifically to identify alleged privacy violations, files numerous copy-and-paste complaints that match the initial complaint in this case, and thus has no reasonable expectation of privacy and cannot establish injury-in-fact. His new allegations in the FAC are aimed solely at avoiding these admissions, and are implausible. But even without his "tester" status, Plaintiff fails to allege a sufficient concrete and non-speculative injury-in-fact, as he does not even identify the specific search terms he allegedly submitted or anything beyond generalized, *anonymous*

3209757

Glaser Weil

interests not tied to Plaintiff.  Thus, absent subject matter jurisdiction, this case should be dismissed *with prejudice*.

## II.   PLAINTIFF DOES NOT GET SPECIAL TREATMENT

Contrary to Plaintiff's contentions, he, as an experienced and serial pro se litigant (*see, e.g.*, RJN Exs. 3-12), does not get special treatment for choosing to proceed *pro se*.  The Ninth Circuit has made clear that "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses himself as legal representative should be treated no differently." *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986).  "Additionally, courts consistently hold that pro se litigants must follow the same rules of procedure that govern other litigants and are "not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000).[1]

Both of the cases relied on by Plaintiff – *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Ross v. Williams*, 950 F.3d 1160, 1173 (9th Cir. 2020) – are inapplicable as they involve pro se ***prisoners*** with significantly limited access to information who are treated differently from serial, experienced pro se litigants, like Plaintiff.  *See Jacobsen*, 790 F.2d at 1364 (rejecting argument that rules applicable to *pro se* prisoners should be extended to all pro se litigants).  Moreover, Plaintiff relies on a quotation from *Williams that does not exist in the case*.

Accordingly, Plaintiff cannot hide behind his chosen *pro se* status to seek special treatment from the Court in evaluating his deficient pleading.  As to Plaintiff's further contention that the Court must accept as true all of his allegations, this is incorrect.

---

[1] Nevertheless, despite knowing this Court's pleading and formatting requirements, given his ability to follow those rules in prior filings in this case, Plaintiff has disregarded many of them with this filing.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FAC
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3209757

"[A] court need not accept as true allegations contradicted by judicially noticeable facts." *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1137 (N.D. Cal. 2013); *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) ("Although we normally treat all of a plaintiff's factual allegations in a complaint as true, we 'need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'") (Internal citation omitted).

## III.    THE RULE 12(b)(6) MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND

### A.    Plaintiff Fails to Allege A Protectible Privacy Interest

Plaintiff's claim fails because he cannot plausibly allege that the unspecified search terms at issue were intercepted in a context giving rise to a protected communication under CIPA. *See* Section IV(B). Plaintiff strains to argue otherwise, improperly relying on two **unpublished and noncitable** state court opinions that have **no precedential value**[2] – *Webb v. Louw* and *Bornstein v. Sonic Auto* – neither of which show that *any* data transmission, regardless of content, constitutes an actionable communication triggering liability under Section 631(a) . Further, *Brown v. Google* – Plaintiff's only published authority – actually confirms that a privacy interest is required, but that case, unlike here, turned on whether users had a concrete, context-specific expectation of privacy in Google's **private browsing mode** based on Google's representations about that mode. 685 F. Supp. 3d 909, 941 (N.D. Cal. 2023). *Heerde v. Learfield* is also distinguishable as that case discussed **unique** search terms transmitted in real time with an expectation of privacy, unlike the "tester" Plaintiff here, who expected third parties to intercept and read the contents of his searches. Section IV(B). 741 F. Supp. 3d 849, 859 (C.D. Cal. 2024). Thus, Plaintiff has not shown Section 631(a) imposes liability absent a protectible privacy interest – it doesn't – and here, Plaintiff has failed to plead any facts to show that he submitted anything within

---

[2] Unpublished state court opinions are not citable as authority and have no precedential value *in any court*. Cal. Rules of Court, Rule 8.1115(a).

4

3209757

Glaser
Weil

the scope of what Section 631(a) protects.

### B.   Plaintiff Fails To Plead *In Transit* Interception

The FAC also fails to allege that a third party read the contents of Plaintiff's search terms while in transit, **before it reached its intended recipient**.  Mot. at 15-17. *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1137 (E.D. Cal. 2021) ("[T]he crucial question under § 631(a)'s second clause is whether Mastel has plausibly alleged that Miniclip **read** one of his communications while it was still in transit, i.e., before it reached its intended recipient. [] Because the complaint fails to do so, the court finds that his complaint fails to state a claim against Miniclip under § 631(a)'s second clause."); *Valenzuela v. Keurig Green Mountain, Inc.* 674 F.Supp.3d 751, 754 (N.D. Cal. 2023) (allegation that "code embedded in the chat feature 'allows the [third-party] to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting visitors'" were conclusory and insufficient to state a claim); *Heiting v. Taro Pharm. USA, Inc.*, 728 F.Supp.3d 1112, 1126 (C.D. Cal. 2024) (allegations that communication were intercepted in transit and recorded by defendant, and defendant was aware that third party stores chat recordings as they occur, insufficient to satisfy "in transit" requirement, and thus "Plaintiff has failed to state a claim under the second clause of Section 631(a).")[3]

Plaintiff confirms that that the FAC alleges only conclusory allegations that third party "requests" happened "contemporaneously" before they become "exclusively confined" between Plaintiff and Defendant. Opp. at 20-21. Such conclusory allegations are insufficient. *Licea*, 659 F.Supp.3d at 1085 ("Plaintiff does not allege sufficient facts as to *how* and *when* the third party receives the communications. Plaintiffs must provide more than conclusory allegations that messages were intercepted "during transmission and in real time.") (emphasis added); *Cody v. Boscov's, Inc.*, No. 8:22-CV-01434-SSS-

---

[3] Plaintiff is incorrect that these cases, as well as *Licea v. American Eagle Outfitters*, 659 F.Supp.3d 1072, 1085 (C.D. Cal. 2023), *infra*, confirm that his allegations are sufficient.  They do not say that merely alleging a transmission occurred "contemporaneously" is sufficient. Rather, they suggest otherwise.

3209757

KKX, 2024 WL 2228973, at *3 (C.D. Cal. May 6, 2024) ("to survive motion to dismiss, plaintiff must allege 'how specifically the third-party vendor 'intercepts' communications in transit'").

But even considering them, Plaintiff's vague "exclusively confined" language does not satisfy the legal standard, which is whether the interception occurred *before reaching its intended recipient, i.e.,* TalentBridge's server. The FAC does not plausibly allege that any third party intercepted the search terms *before* TalentBridge did because Plaintiff alleges that it is *TalentBridge's* own code that fires outbound requests to those vendors in the first place. FAC ¶ 71 ("***Defendant's*** page architecture converted the search term into a live page location and transmitted that location outward to third parties…."). Thus, a third party does not intercept anything.  Rather, any data a third party receives is a copy that TalentBridge's own code generates and transmits, only after TalentBridge receives it first.

Further, the FAC says nothing about a third party actually *reading or learning the contents* of a protected communication while it was in transit, as is required. *Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018) (plaintiff failed to plead unlawful interception of communications where he "does not allege with particularity how or when any defendant became aware of his communications"). In *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. 2025), the Court confirmed that however trivial the timing difference may be, the "in transit" requirement applies only where the third party *reads or learns the contents* of the communication before the website receives it.  Further, "[r]eading or learning the contents of a communication requires 'some effort at understanding the substantive meaning' of the communication." *Id.* Plaintiff does not and cannot plausibly allege that occurred here.

Further, Plaintiff's authorities cannot save his allegations. In *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002), the Ninth Circuit held that interception requires acquisition *during* transmission and that accessing a communication even

6

Glaser Weil

moments after it is received does not satisfy the in transit requirement. Here, the FAC confirms that TalentBridge's code sends requests only after the term reaches its server, meaning no third party acquired anything prior to TalentBridge. *Mikulsky v. Bloomingdale's, LLC*, No. 24-3564, 2025 WL 1718225, at \*1 (9th Cir. 2025), focused on the distinction between the contents of communications being captured in real time versus the capture of "information regarding the characteristics of the communications", but did not hold that conclusory allegations that interception happened "in real time" or "contemporaneously," as Plaintiff alleges, were sufficient to reach that conclusion.

## C. There Is No Third Party Eavesdropper

Plaintiff also fails to plausibly allege non-conclusory facts to support that UserWay or Google Analytics were used on TalentBridge's website (as opposed to mere speculation that they *may* be used[4]), or that either had the capability to or did use the information obtained on the website for a purpose other than for supplying this information back to TalentBridge. Mot. at 17-20. Plaintiff's allegations are conclusory and insufficient. FAC ¶ 63 (mere passing reference to "third parties capable of recording, retaining, analyzing, and exploiting it"). They do not include facts showing that any third party is "recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant." *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023). Thus, there is no third party eavesdropper.

Plaintiff's Opposition does not cure these defects. First, Plaintiff misreads *Javiar* – which is nonbinding authority – suggesting that it counters TalentBridge's theory. It does not. As set forth in the Motion, *Javier* actually confirms that the alleged third

---

[4] Plaintiff alleges that the Terms of Service and Accessibility Statement indicate that these third parties *are used* on the website (FAC ¶¶ 21, 22),but the website's Terms of Service and Accessibility Statement state only that they *may* be used or deployed. *See* https://talentbridge.com/terms-of-service/;       https://talentbridge.com/accessibility-statement/.  Plaintiff's allegations are speculative and insufficient.

Glaser Weil

3209757

party must have at least the "capability to use its record of the interaction for [another] purpose." *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023). All Plaintiff offers is generalized argument – without reference to any allegations – about what the Court must assume Google is capable of doing. Opp. at 24. Plaintiff asserts no allegations whatsoever regarding what Google Analytics or User Way supposedly do or have the capability to do with information purportedly collected on TalentBridge's website, which is insufficient. *Cody*, 658 F.Supp.3d at 782 ("Plaintiff must provide facts suggesting that [third-party vendors] are recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant."); *Graham v. Noom, Inc.*, 533 F.Supp.3d 823, 832 (N.D. Cal. 2021) (granting motion to dismiss where "[T]here are no allegations here that FullStory intercepted and used the data itself."); *Swarts*, 689 F. Supp. 3d at 745-46 (dismissing CIPA claim where plaintiff failed to allege that third party could have used information obtained for any other purpose besides relaying it to retailer).

Further, this District has endorsed *Graham* as good law and dismissed CIPA claims where, like here, there is inadequately pled factual allegations to support a third party's capabilities to use the information obtained from the defendant's website independently. For example, in *Goldstein v. Rumble Inc.*, No. CV 25-06304-MWF (SKX), 2025 WL 3691987, at *3 (C.D. Cal. Nov. 6, 2025), despite allegations that defendant "'programmed' the Meta Pixel into its website 'to read or learn the contents or meaning of messages, reports, or communications' between [defendant] and its visitors" which resulted in disclosure to third party Meta, the complaint "lack[ed] any factual allegations pertaining to Meta's ability to use the information obtained by the Pixel on [defendant's] website for its own purposes." Despite Meta being a large social media and digital advertising company, the court observed that there were "no allegations as to what Meta did or was capable of doing after such disclosure occurred" and the complaint did not "specify, for example, that Meta was able to use the data independently for advertising analytics." *Id.* Thus, the court held that the allegations

8

were insufficient to establish the existence of a third party eavesdropper and dismissed the CIPA claim. *Id.* at \*4. The same is true here. The FAC contains no factual allegations as to what Google or User Way supposedly did or were capable of doing with the specific information purportedly obtained from TalentBridge's website; rather, general argument untethered to allegations that Google – or Meta -- is an "independent advertising company" (Opp. at 24), is not sufficient.[5] *Id.*; *see also Graham*, 533 F. Supp. 3d at 832 (dismissing section 631(a) claim where the alleged third party merely "provides a software service that captures its clients' data, hosts it on [its] servers, and allows the client to analyze their data."); *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1068 (C.D. Cal. 2023) (dismissing section 631(a) claim because the plaintiff "does not allege a single fact that suggests the third-party 'intercepted and used the data itself'" explaining, "[a]s in *Graham* ... Defendant uses a third-party vendor to 'record and analyze its own data in aid of [Defendant]'s business,' not the 'aggregation of data for resale,' which makes the third-party an 'extension' of Defendant's website, not a 'third-party eavesdropper.'"); *Heiting*, 709 F. Supp. 3d at 1017 (dismissing section 631(a) claim where allegations about third-party capabilities were conclusory "and do not allow for the inference that [it] has the capability to use, as opposed to store, data for its own business model."); *Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 973 (N.D. Cal. 2023) (plaintiffs failed to state a claim because the "allegations d[id] not support a reasonable inference that [the software provider vendor] has the capability to use these communications for any purpose other than furnishing them to [the defendant service]"); *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1035 (S.D. Cal. 2024) (granting motion to dismiss where "[t]he complaint 'only supports the inference that

---

[5] Similarly, nothing in paragraphs 53 through 59 of the FAC, which at most asserts an insufficient conclusory allegation that Google and User Way had the ability to use the information, is sufficient. *See Cody,* 658 F. Supp. 3d at 782-83 (dismissing section 631(a) claim, holding that allegations that third parties "use the code embedded in the chat program to 'harvest valuable data from such [customer] communications for the benefit of their clients like Defendant'" was "is too vague and conclusory to meet the standard).

9

3209757

*Glaser Weil*

[the vendor] receives and stores these communications for the benefit of its client, the Defendant.'").

Plaintiff's attempt to distinguish *Cody v. Boscov's, Inc.* and *Swarts v. Home Depot* is unpersuasive, as Plaintiff alleges no more than the conclusory allegations found insufficient in those cases. *Compare Cody,* 658 F. Supp. 3d at 782-83 (finding insufficiently vague and conclusory allegation that that third parties "use the code embedded in the chat program to 'harvest valuable data from such [customer] communications for the benefit of their clients like Defendant'") and *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 745 (N.D. Cal. 2023) (finding insufficient allegations the third party LivePerson is a "data mining company" that "uses [ ] private live chat conversations by analyzing data and providing Home Depot customer data metrics related to each conversation" and "accesses and analyzes the recorded conversation[s] to understand what Home Depot customers want, to increase sales, fix inefficiencies, and improve experiences" and that customer data also gets disclosed to Google and live chat sessions to Twilio) *with* FAC ¶ 57 (alleging merely that Google and User Way are "independent third parties" with "technical ability to receive, store, analyze, process, and use records"). In any event, Plaintiff does not attempt to distinguish the numerous other cases set forth above that show that Plaintiff's allegations are insufficient.

Because Plaintiff has failed to plausibly show that any third party has the capacity to use or did use intercepted protected data for another purpose, Plaintiff has failed to state a claim.

Plaintiff's Opposition also argues against a "consent" defense that was not raised in the Motion, demonstrating that his AI-generated response did not take care to consider the arguments actually made in the brief.

### D.    There Is No Violation of the Fourth Clause

Because Plaintiff has failed to allege a violation under any of the first three clauses of Section 631(a), his alleged claim against TalentBridge under the fourth clause fails as a matter of law. *Esparza*, 2024 WL 655986, at *4 (*citing Valenzuela v.*

Glaser Weil

10

3209757

*Super Bright LEDs Inc.*, No. ED CV23-01148 JAK (SPx), 2023 WL 8424472, at \*11 (C.D. Cal. Nov. 27, 2023)).

### E.      Leave to Amend Should Be Denied

Plaintiff has already amended his complaint after forcing TalentBridge to file its initial motion to dismiss, which detailed the deficiencies in Plaintiff's complaint. Yet Plaintiff failed to cure these deficiencies and still fails to state a cognizable CIPA claim. With each round, Plaintiff imposes a huge burden on small out-of-state businesses like TalentBridge, to continue to defend against his pro se, AI-litigation tactics that he pursues full time.  Plaintiff has failed to state a cognizable claim, and has had ample opportunity to cure.  Thus, here, amendment would be futile. *Sutro*, 711 F. Supp. at 1027 ("[T]he Ninth Circuit has clearly stated that 'futile amendments' will not be allowed.").  Where, like here, "Plaintiff's first amended complaint cured none of the defects of its original complaint, and in certain instances repeated some of the same allegations previously determined to be deficient, [] dismissal shall be without leave to amend." *Id.*

## IV.    THE COURT LACKS SUBJECT MATTER JURISDICTION

### A.      Plaintiff Confirms That He Fails To Allege Diversity Jurisdiction

TalentBridge demonstrated that Plaintiff's FAC fails to sufficiently allege the amount in controversy sufficient to establish diversity jurisdiction. Mot. at 5-7. Plaintiff alleges only that he "made multiple search submissions during the relevant period, each of which triggered one or more separate third-party acquisitions," while admitting he "cannot identify the exact number of affected search submissions." FAC ¶ 11. He nowhere alleges the number of purported violations.  This is insufficient. *Shah*, 2026 WL 71868, at \*1 (dismissing case with prejudice because even the thirteen violations alleged by plaintiff at $5,000 in statutory damages each would not exceed $75,000 in statutory damages)[6]; *see also Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d

---

[6] Plaintiff's attempt to distinguish *Shah* is misguided, as there, *unlike here*, Plaintiff expressly alleged "[t]here are at least thirteen violations" at $5,000 each, even though

3209757

Glaser Weil

1145, 1148 n.3 (9th Cir. 1998) ("[W]e deem it to be the better practice that [diversity jurisdiction] allegations be supported by prima facie proof.").

Plaintiff asserts, for the first time in his opposition that the FAC "is captioned" "Counts One Through Sixteen" yielding $80,000 in statutory damages, relying on paragraphs 76-84 which set forth his **single** claim for relief.  But simply placing the phrase "Counts One Through Sixteen" above the paragraphs that allege a **single** violation of CIPA (FAC, pg. 17) does not sufficiently or plausibly allege or factually support sixteen distinct claims for relief tied to concrete, non-conclusory facts, as required by FRCP 8(a) and 10(b) and Local Rule 8-1.  Indeed, merely labeling a single claim alleged as "Counts One Through Sixteen" without stating the legal basis, supporting facts, or corresponding damages for each purported count, is insufficient to establish the existence or value of any claim.[7]  The Court is, therefore, left to speculate as to the purported violations and whether they can support jurisdiction.  They cannot.  Thus, Plaintiff has failed to meet his burden to affirmatively allege competent facts demonstrating that the amount in controversy exceeds the jurisdictional threshold.  The FAC should, therefore, be dismissed.  As Plaintiff has already amended his complaint and failed to correct these defects, like in *Shah*, dismissal should be **without leave to amend**.  *See Shah*, 2026 WL 71868, at *1.

**B.    Plaintiff Confirms That He Fails to Allege Article III Injury-in-Fact**

Plaintiff also fails to show that he alleges a sufficient injury-in-fact.  Mot. at 7-12.  **First**, as to Plaintiff's "tester status," Plaintiff misunderstands that the Court does **not** need to accept as true his implausible allegations that he visited TalentBridge's website for a genuine purpose, when judicially-noticeable facts confirm that Plaintiff has admitted that he visits websites to "test" privacy violations (RJN, Ex. 10 ¶ 4), and

___

the amount did not actually meet the jurisdictional threshold.  RJN, Ex. 12, ¶ 5.

[7] It also defies logic that Plaintiff, who indicates that he simply entered a "confirmatory control term" in the search bar of the website (FAC ¶ 51), actually entered protected private information at all, much less *sixteen* separate times.

3209757

then files copy-and-paste complaints – some identical to the initial complaint in this action – against numerous companies alleging the same conduct. RJN, Exs. 6-11; ECF No. 1. He is an admitted "tester" who "fully expected" a privacy violation when visiting the website in order to file a lawsuit, and lacked a reasonable expectation of privacy or injury-in-fact to establish standing under CIPA. *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-cv-08735-RGK, 2025 WL 1122387, at \*2 (C.D. Cal. Mar. 14, 2025) (dismissing CIPA Section 631(a) claim with prejudice in light of plaintiff's tester status); *see also Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB, 2023 WL 2996686, at \*4 n.4 (C.D. Cal. Apr. 5, 2023) (dismissing privacy claims for lack of standing and noting that tester plaintiff could not be reasonably surprised by the recording of her information).

Plaintiff's reliance on *Augustine v. Great Wolf Resorts, Inc.*, No. 23-CV-00281-DMS-DTF, 2024 WL 3450967, at \*7 (S.D. Cal. July 18, 2024), *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1000 (N.D. Cal. 2024) , and *Esparza v. UAG Escondido A1 Inc.*, No. 23-cv-00102, 2024 WL 559241, at \*4 (S.D. Cal. Feb. 12, 2024), is misplaced, as those cases discuss whether plaintiff's "tester" status confirms *consent*, rather than lack of injury-in-fact, which is a different inquiry.

Further, *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023), also does not save the FAC, as that case did not involve standing under CIPA, but rather evaluated "paid testers" in the context of a Title III violations, where, *unlike with CIPA*, "a plaintiff's motive for going to a place of public accommodation is irrelevant to standing." Thus, *Langer* does not overrule or discredit *Rodriguez*, which squarely addressed whether a "tester" has standing under *CIPA* and the answer is a resounding "no." 2025 WL 1122387, at \*2. In addition, in *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533, 2025 WL 1939957, at \*7 (N.D. Cal. July 14, 2025) and *Gabrielli v. Haleon US Inc.*, No. 25-cv-02555, 2025 WL 2494368, at \*6 (N.D. Cal. Aug. 29, 2025), there was no judicially-noticeable admission by the Plaintiff – like there is here – that he *was* in fact a tester, which discredits Plaintiff's flimsy implausible allegation, crafted solely to defeat this motion.

13

3209757

Glaser Weil

None of Plaintiff's other authority (Opp. at 10)– which focus on serial litigants generally in deciding a motion to dismiss – is applicable here, where Plaintiff has admitted in filings that he is a tester plaintiff, has filed numerous identical copy-and-paste complaints against various companies that match the initial complaint in this case, and only amended his allegations to say that he visited TalentBridge's website for a legitimate reason in an effort to defeat this motion.[8]   Plaintiff's FAC should be dismissed without leave to amend.

**Second**, even without his "tester" status, Plaintiff fails to establish that he has a protectible privacy interest in the information he allegedly submitted on TalentBridge's website, and thus he fails to establish a concrete injury-in-fact. Mot. at 9-12.  Plaintiff is incorrect that a statutory CIPA violation on its own is sufficient. A recent decision in this District confirms TalentBridge's position, as endorsed by the Ninth Circuit:

> Plaintiff cannot establish standing merely by alleging that Defendant violated "statutory rights;" instead, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). The Ninth Circuit upholds this requirement in the context of alleged invasions of privacy -- Article III standing "requires a plaintiff to demonstrate more than just a statutory violation when evaluating whether a plaintiff has alleged a concrete injury." *Popa v. Microsoft Corp.*, 153 F.4th 784, 793 (9th Cir. 2025).

*Sisti v. Bosley Inc., et al.*, No. 2:25-CV-10669-JFW-DFM, 2026 WL 1223927, at *3 (C.D. Cal. Apr. 27, 2026). Thus, Plaintiff's attempt to reject *Spokeo* as applicable to CIPA has been squarely rejected by the Ninth Circuit in *Popa* and confirmed by subsequent decisions in this District.[9]

---

[8] This is further confirmed by Plaintiff's admission suggesting that he actually entered a "control term" in the search bar of the website instead of a legitimate job search term. *See* FAC ¶ 51; Mot. at 11-12.

[T] The cases relied on by Plaintiff at page 12 of the opposition to contends that no injury is required is repeatedly and directly contradicted by Ninth Circuit precedent. *Popa*, 153 F.4th at 793; *TransUnion* 594 U.S. at 427.

3209757

Glaser Weil

Nevertheless, despite his argument and rhetoric, the FAC does not even allege the content of the terms actually submitted on the website or anything identifying or associating them with Plaintiff, and thus cannot and does not allege more than an insufficient, bare, anonymous statutory violation. All Plaintiff alleges is that he entered terms "similar to" "felony friendly jobs" and "jobs no background check together with the Los Angeles city filter." FAC ¶ 69. He does not say what terms were actually entered. He does not show anything beyond generalized, anonymous interests for which there is no protectible privacy interest. He does not even allege that personal information was disclosed. *See Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) ("Plaintiff's conclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information…Plaintiff's allegation is insufficient to allege a concrete harm that is required for Article III standing.").

As to Plaintiff's mere conclusory and *speculative* allegation that Google Analytics "may" collect IP address and similar browser information (*id.* ¶ 54), there is no legally protected privacy interest in IP addresses or similar browser information. *Bradshaw v. Lowe's Companies, Inc.*, No. 25-cv-00742-DMS-MMP, 2025 WL 3171740, at *5 (S.D. Cal. Nov. 12, 2025) ("Defendants argue there is no reasonable expectation of privacy in one's IP address, and the case law overwhelmingly supports that argument"). Plaintiff does not allege that any search terms can be tied to him personally. *See Myers et al. v. Dick's Sporting Goods, Inc.*, No. 2:25-CV-03241-DJC-CKD, 2026 WL 1045528, at *2 (E.D. Cal. Apr. 17, 2026) (finding no sufficiently concrete injury where allegations stated that website tracked "when a user adds an item to their cart, adds payment information, adds an item to their wish list, customizes a product, submits a form, performs a search, or views content on a particular page" sent alongside a user's IP address and characteristics unique in the household and IP geolocation services that track city, state, and zip code); *Maghoney v. Dotdash Meredith, Inc.*, No. 24-CV-2394-AJB-BJW, 2026 WL 497402, at *5 (S.D. Cal. Feb.

*Glaser Weil*

15

23, 2026) ("And Plaintiff does not allege any of his searches were directly linked to his name or other personally identifiable information. At most, the data was associated with an IP address and other metadata (*id.* ¶ 31), which does not automatically qualify as personally identifiable information.").

Plaintiff's other alleged harms, such as loss of control over private information, exposure to profiling, and emotional and dignitary harm (Opp. at 13) are all *speculative* and insufficient. In *Maghoney*, the plaintiff searched "sensitive health related terms," but the Court held that "[a]nyone from a schoolteacher writing a lesson plan for a sex-ed class or a researcher looking to analyze potential findings could enter these searches into an informational health website." 2026 WL 497402, at *5. As the defendant's website was not a patient portal tied to the plaintiff's personal medical history (which would have been linked to plaintiff himself), the searches did not constitute a protectible privacy interest sufficient to establish standing. *Id.* Similarly here, even if Plaintiff had searched the exact phrases noted above (which he does not allege), these are broad, nonidentifying, and nonspecific searches that do not identify Plaintiff, disclose any criminal history, or disclose any sensitive details, not to mention that Plaintiff's criminal background is very *public*. RJN, Exs. 1, 2. At most, these terms reflect generalized interests, which is insufficient. Like in *Maghoney*, anyone, even a schoolteacher writing a lesson plan to teach kids the downside to having a run-in with the law, could be entering job searches for "felony friendly jobs" or "jobs no background check." These nonidentifiable searches could not be highly offensive to a reasonable person, and thus are insufficient to establish standing. *See Noom*, 682 F. Supp. 3d at 864; *Byars*, 2023 WL 2996686, at *3; *Armstrong v. Allied Ins. Co.*, No. 14-cv-0424-JGB, 2014 WL 12591844, at *6-7 (C.D. Cal. Aug. 19, 2014); *Myers,* 2026 WL 1045528, at *3; *Sisti*, 2026 WL 1223927, at *3.[10]

---

[10] Moreover, Plaintiff acknowledges that he has screenshots of entering "a confirmatory control term" in search bar (FAC ¶ 51) rather than these supposed job-related search terms which are implausible and added solely to try to avoid dismissal on this motion.

16

Glaser Weil

3209757

In addition, Plaintiff's attempt to distinguish Section 631 as not requiring a protectible privacy interest from Section 632 is misguided. Not only is this inaccurate (See Section III(A)), but Article III standing – separate and apart from the elements of the claims themselves – requires a concrete and nonspeculative injury-in-fact, which in the context of CIPA, requires a concrete and protectible privacy interest that is analogous to the common law tort of intrusion upon seclusion. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021); *Rodriguez v. Brushfire Recs.*, No. 2:25-CV-09797-CAS-PDX, 2025 WL 3692144, at *6 (C.D. Cal. Dec. 15, 2025). Plaintiff has not alleged this, and given his opportunity yet failure to cure these deficiencies, the FAC should be dismissed ***without leave to amend***. *Sutro*, 711 F. Supp. at 1027.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to plead the required elements of a CIPA Section 631(a) claim, and although he has amended his complaint in this and many other similar cases, he has still failed to cure the defects. As such, amendment would be futile, and the FAC should be dismissed ***without leave to amend***. To allow Plaintiff, a serial vexatious litigant to continue to pursue small, out-of-state businesses on the same fundamentally flawed claims, whether in this or another court, should not be permitted. Plaintiff's FAC fails on the merits and should be dismissed without leave to amend. Further, Plaintiff's failure to plead the jurisdictional amount in controversy, or a sufficient, concrete, and non-speculative injury-in-fact, despite opportunity to cure these deficiencies, warrants dismissal ***without leave to amend***.

DATED:  May 13, 2026

Respectfully submitted,

GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP


By: /s/ Sarah G. Miller
    ELIZABETH A. SPERLING
    SARAH G. MILLER
    Attorneys for Defendant
    TalentBridge, Inc.

17

3209757

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel for record TalentBridge, Inc., certifies that this Memorandum of Points and Authorities contains 5,849 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 13, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By:  /s/ Sarah G. Miller
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

Glaser
Weil

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FAC
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

3209757