ELIZABETH A. SPERLING (SBN 231474)
esperling@glaserweil.com
SARAH G. MILLER (SBN 281751)
smiller@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendant
TalentBridge, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TALENTBRIDGE, INC.,<br><br>　　　　Defendant. | CASE NO.: 2:26-cv-00222-AH(SSCx)<br>The Hon. Anne Hwang, District Judge<br><br>**DEFENDANT TALENTBRIDGE, INC.'S OPPOSITION TO MOTION FOR SANCTIONS**<br><br>[Filed concurrently with Declaration of Sarah Miller]<br><br>DATE:　　June 10, 2026<br>TIME:　　1:30 p.m.<br>CTRM:　　Ctrm 9C<br><br>Case Filed: January 5, 2026 |

Glaser
Weil

1
DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...........................................................................................6

II.     LEGAL STANDARD AND PLAINTIFF'S BURDEN ................................8

III.    PLAINTIFF'S MOTION IS PROCEDURALLY DEFICIENT ....................9

IV.     SANCTIONS ARE NOT WARRANTED.....................................................11

        A.    Sanctions Are Not Warranted for Referencing Extortion In The
              MTD Or For RJN Exhibits 1-2 ........................................................12

        B.    Sanctions Are Not Warranted For TalentBridge's Valid
              Jurisdictional Argument In The MTD ...............................................15

        C.    Sanctions Are Not Warranted For Asserting A Valid Tester
              Argument...........................................................................................17

V.      CONCLUSION ...........................................................................................19

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

# TABLE OF AUTHORITIES

<u>Page</u>

## <u>CASES</u>

*Art Attacks Ink, LLC v. MGA Ent., Inc.*,
No. 04CV1035 J (BLM), 2006 WL 8439887 (S.D. Cal. June 21, 2006) .................. 9

*Benedict v. Hewlett-Packard Co.*,
No. 13-CV-00119-LHK, 2014 WL 234207 (N.D. Cal. Jan. 21, 2014) .................... 9

*Blue Ridge Ins. Co. v. Stanewich*,
142 F.3d 1145 (9th Cir. 1998) ................................................................ 16

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) ................................................................ 8

*D'Lil v. Best Western Encina Lodge & Suites*,
538 F.3d 1031 (9th Cir. 2008) ......................................................... 14, 15

*Edmond v. United States*,
No. 1:26-CV-00140-KES-FJS, 2026 WL 1198437,
at *2 (E.D. Cal. May 1, 2026) ................................................................ 8

*Gabrielli v. Haleon US Inc.*,
No. 25-cv-02555, 2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) ......................... 18

*Gabrielli v. Motorola Mobility LLC*,
No. 24-cv-09533, 2025 WL 1939957 (N.D. Cal. July 14, 2025) ......................... 18

*Greenberg v. Sala*,
822 F.2d 882 (9th Cir.1987) ................................................................ 9

*Guillemin v. Stein*,
104 Cal. App. 4th 156 (2002) ................................................................ 11

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005) ................................................................ 17

*In re Keegan Mgmt. Co., Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) ................................................................ 8

*J.N. v. Goldberg*,
No. B345334, 2026 WL 1283680 (Cal. Ct. App. May 11, 2026) ......................... 11

*Langer v. Kiser*,
57 F.4th 1085 (9th Cir. 2023) ..................................................... 14, 15, 18

*MetLife Bank, N.A. v. Riley*,
No. 3:10-CV-00122-ECR, 2010 WL 4024898 (D. Nev. Oct. 13, 2010) ................ 10

*Molski v. Evergreen Dynasty Corp.*,
500 F.3d 1047 (9th Cir. 2007) ................................................................ 14

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

*Neilson v. Union Bank of Cal., N.A.*,
 290 F. Supp. 2d 1101 (C.D. Cal. 2004) ............................................................... 13

*Operating Eng'rs Pension Tr. v. A-C Co.*,
 859 F.2d 1336 (9th Cir. 1988) .............................................................................. 8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
 442 F.3d 741 (9th Cir. 2006) ............................................................................... 13

*Rodriguez v. Autotrader.com, Inc.*,
 No. 2:24-cv-08735-RGK, 2025 WL 1122387 (C.D. Cal. Mar. 14, 2025) ............. 18

*Shah v. Drexel Chemical Company*,
 Case No. 2:26-cv-01605-HDV-KES, Dkt. 22 (Apr. 21, 2026) ............................... 7

*Shah v. NYP Holdings, Inc.*,
 No. 23-1127, 2024 WL 3825220 (7th Cir. Aug. 15, 2024) ................................... 12

*Shah v. Russco57, LLC*,
 No. CV 25-12371 PA (MARX), 2026 WL 71868
 (C.D. Cal. Jan. 9, 2026) ......................................................................... 8, 16, 17

*Shaw v. Mason*,
 No. 2:16-CV-00729-TLN-CKD, 2024 WL 584160 (E.D. Cal. Feb. 13, 2024) 15, 19

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
 436 F. Supp. 3d 1332 (E.D. Cal. 2020) ................................................................ 15

*Townsend v. Holman Consulting Corp.*,
 929 F.2d 1358 (9th Cir. 1990) .............................................................................. 17

*Travelers Indem. Co. of Connecticut v. Newlin*,
 498 F. Supp. 3d 1262 (S.D. Cal. 2020) ................................................................ 13

*United States v. Taylor*,
 239 F.3d 994 (9th Cir. 2001) ................................................................................ 14

*Wayne v. Sierra Cnty.*,
 No. 2:25-CV-1113-DAD-CKD (PS), 2026 WL 962651
 (E.D. Cal. Apr. 9, 2026) ................................................................................ 15, 16

*Zaldivar v. City of Los Angeles*,
 780 F.2d 823 (9th Cir.1986)
 *abrogated on other grounds,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359
 (1990) ........................................................................................................... 9, 16

**STATUTES**

Cal. Penal Code § 631 ............................................................................................ 18

**RULES**

C.D. Cal. L.R. 7-1 .................................................................................................. 10

4

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

C.D. Cal. L.R. 8-1 ............................................................................................ 17

Fed. R. Civ. P. 10(b) ....................................................................................... 17

Fed. R. Civ. P. 11 .............................................................. 6, 7, 8, 10, 19

Fed. R. Civ. P. 11(c) ................................................................................... 7, 11

Fed. R. Civ. P. 11(c)(2) ............................................................................ 10, 11

Fed. R. Civ. P. 8(a) ........................................................................................ 17

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's defective Rule 11 motion is not well taken.  This is Plaintiff's third attempt to shield the Court from learning truthful and accurate contextual and background information about Plaintiff and his litigation tactics set forth in Defendant TalentBridge's Motion to Dismiss the First Amended Complaint (ECF No. 27) ("MTD"), to deny the Request for Judicial Notice filed with the MTD ("RJN"), and to block any future comment for the life of the case as to anything Plaintiff does not deem "relevant".

First, in his attempt to oppose TalentBridge's motion to dismiss the initial complaint, Plaintiff filed a Motion for Protective and Corrective Relief, seeking to strike information from the motion, deny the RJN, and obtain a prospective protective order blocking TalentBridge from introducing any information for the life of this case that Plaintiff did not consider relevant – the same relief requested here.  ECF Nos. 17, 21.  The Court denied that motion as moot without prejudice, and denied Plaintiff's second attempt, in his Motion for Reconsideration of the same, noting that "objections to material in an opposing party's motion may be presented in the opposition brief." ECF No. 33.

Plaintiff did not follow the Court's guidance.  Instead, now, in his third vexatious effort, Plaintiff repackages for the third time his request to remove truthful and relevant information from the introduction and background section of the MTD, deny the RJN, and block all future comment that Plaintiff does not like for the life of the case by seeking non-monetary sanctions under Federal Rule of Civil Procedure 11.  This is not the proper means for Plaintiff to oppose the MTD and RJN.  And, in any event, his arguments are meritless.

Plaintiff is attempting to use these same tactics and has filed a similar motion for sanctions against at least one other defendant in this District, Drexel Chemical Company, for including the same truthful information regarding Plaintiff's past in its

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

motion to dismiss the same California Invasion of Privacy Act claim. *See Shah v. Drexel Chemical Company,* Case No. 2:26-cv-01605-HDV-KES, Dkt. 22 (Apr. 21, 2026). While Plaintiff certainly wishes his checkered past were not relevant or public information, he cannot wish away reality.

The Motion is meritless and Plaintiff has not satisfied his heavy burden to show that Rule 11 sanctions are warranted. They are not.

***First***, the Motion is procedurally and fatally defective. Plaintiff did not comply with this Court's required videoconference or in person meet and confer requirement prior to filing this Motion, and he did not provide the required certification of the same. *See* Standing Order ¶ F(2). The Standing Order is clear that this rule applies "in all cases, including those with pro se litigants, and applies to all issues." Plaintiff also failed to comply with Rule 11's safe harbor rules which require that Plaintiff provide the opposing party ***the full and complete motion*** to be filed at least 21 days prior to filing. Plaintiff only provided TalentBridge with the draft motion, but not the accompanying declarations that complete the filing. Moreover, he made changes to the motion before filing and it was not identical to the draft that was sent. This violates Rule 11(c)'s safe harbor requirements, and warrants denial of this Motion.

***Second***, sanctions are not warranted for truthful references about Plaintiff's past in the MTD or for Exhibits 1-2 to the RJN. There is no basis to conclude this information was included for an improper purpose or to harass, because it was not. TalentBridge's reference to truthful statements in case law and judicially-noticeable documents regarding Plaintiff's past and litigation strategy, in the introduction and background sections of the MTD, are relevant context and background regarding Plaintiff's strategy and motivation for this lawsuit and his lack of injury and Article III standing. Plaintiff has not met his heavy burden to show that sanctions are warranted.

***Third***, Plaintiff has not and cannot show that sanctions are warranted for asserting a valid and meritorious jurisdictional argument in the MTD. Judge Percy Anderson recently dismissed with prejudice a similar complaint filed by this same

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

Glaser Weil

Plaintiff against a different company *for these same reasons*. *Shah v. Russco57, LLC*, No. CV 25-12371 PA (MARX), 2026 WL 71868, at \*1 (C.D. Cal. Jan. 9, 2026). No sanctions are warranted on this ground.

*Fourth*, Plaintiff has not and cannot show that sanctions are warranted for asserting a valid and meritorious "tester" argument based on Plaintiff's prior judicial admissions and supported by good case law in this District. Plaintiff's disagreement with these arguments should be raised in an opposition brief, not in a motion for sanctions. Indeed, the Court may properly consider the judicially-noticeable admissions by Plaintiff that he is a tester plaintiff who seeks out privacy violations to bring lawsuits, and thus, based on good law in this District, he had no expectation of privacy and cannot establish Article III standing. There is no basis to issue sanctions for the valid assertion of this argument.

Accordingly, Plaintiff cannot meet his heavy burden and his Motion should be denied. Moreover, Plaintiff should not be permitted to continue to file additional motions seeking this very same relief, which opposes the arguments in the MTD and RJN and seeks unwarranted prospective protective relief on the same issues. This conduct is vexatious, improper, and has drastically increased the costs of litigation for TalentBridge.

## II.   LEGAL STANDARD AND PLAINTIFF'S BURDEN

The fundamental purpose of "Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Edmond v. United States*, No. 1:26-CV-00140-KES-FJS, 2026 WL 1198437, at \*2 (E.D. Cal. May 1, 2026) (*citing Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002)) (cleaned up). "**Rule 11 is an extraordinary remedy, one to be exercised with extreme caution**." *Operating Eng'rs Pension Tr. v. A-C Co.,* 859 F.2d 1336, 1345 (9th Cir. 1988). Before sanctions are imposed under Rule 11, a court must determine that "a filing [] is *both* baseless and made without a reasonable and competent inquiry." *In re Keegan Mgmt. Co., Sec. Litig.*, 78

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

F.3d 431, 434 (9th Cir. 1996) (emph. in original).

"When Rule 11 sanctions are party-initiated, **the burden is on the moving party** to demonstrate why sanctions are justified." *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 234207, at *5 (N.D. Cal. Jan. 21, 2014) (emphasis added). A court may not impose sanctions where the attorney conducted a reasonable inquiry and determined that any papers filed with the court are well-grounded in fact, legally tenable, and not filed for an improper purpose. *Id.* (denying sanctions where claim was not factually or legally baseless); *Greenberg v. Sala,* 822 F.2d 882, 886–87 (9th Cir. 1987) (reversing sanctions where factual errors did not render plaintiff's complaint factually frivolous), *abrogated on other grounds*; *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 834–35 (9th Cir.1986) (reversing sanctions where filings did not amount to harassment), *abrogated on other grounds,* 496 U.S. 384 (1990).  Further, "the Ninth Circuit has held that an attorney 'cannot be sanctioned for a complaint which is well-founded, solely because she failed to conduct a reasonable inquiry[.]'" *Benedict* 2014 WL 234207, at *11 (internal citation omitted).

"Rule 11 is not intended to be used against attorneys for minor violations or 'to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *Art Attacks Ink, LLC v. MGA Ent., Inc.*, No. 04CV1035 J (BLM), 2006 WL 8439887, at *8 (S.D. Cal. June 21, 2006).  "Whether a party's actions rise to the level of sanctions is tested objectively and sanctions should only be imposed if "the paper filed ... is frivolous, legally unreasonable or without factual foundation." *Id.* at *8.  Here, the MTD and RJN are not frivolous, but rather are legally reasonable and are supported by facts and law, and thus no sanctions are warranted.

### III.    <u>PLAINTIFF'S MOTION IS PROCEDURALLY DEFICIENT</u>

Plaintiff's Motion is plagued by procedural and technical deficiencies that defeat the Motion.

***First***, Plaintiff chose not to comply with this Court's pre-motion meet and confer requirement, which requires a videoconference or in-person meeting and a certification

9

3212592

of the same in the brief. *See* Standing Order, ¶ F(2) (noting that requirement applies "in all cases, including those with pro se litigants, and extends to all issues"). "[E]mail correspondence is insufficient. *Id.* F(2)(a). Plaintiff also failed to comply with Local Rule 7-1. Plaintiff is aware of these requirements, as he has included the required certification in past filings in this case. *See* ECF No. 17 at 15. He simply chose not to comply here. There was no meet and confer aside from the email referenced in Plaintiff's declaration, which is insufficient. Miller Decl. ¶ 3. For this reason alone, his Motion should be denied. *See* Standing Order, ¶ F(2)(c) (**Sanctions**. Failure by any party to comply in good faith with the "meet and confer" requirement shall result in an order to show cause re sanctions—including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions."). TalentBridge requests an award of monetary sanctions for having to incur substantial costs associated with opposing this improper motion, as Plaintiff has vexatiously weaponized the litigation process in particular against this small business.

*Second*, Plaintiff did not properly comply with Rule 11's required safe harbor requirements, which warrants denial of the Motion. Rule 11(c)(2) requires that a party seeking sanctions must serve the complete motion on the opposing party at least 21 days before filing it with the court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within that period. The safe harbor provision of Rule 11(c)(2) requires strict compliance, and courts have consistently held that failure to satisfy these procedural prerequisites warrants denial of sanctions regardless of the merits of the underlying claim.

For example, in *MetLife Bank, N.A. v. Riley*, No. 3:10-CV-00122-ECR, 2010 WL 4024898, at *3 (D. Nev. Oct. 13, 2010), the Court reasoned that since the purpose of the safe harbor provision is to "define precisely the conduct claimed to violate the rule," parties most effectively achieve this goal by providing a complete, filing-ready motion *including all supporting documentation, including declarations*. The Court held that providing a motion for sanctions to the opposing party without the accompany

3212592

declarations 21 days before filing does not satisfy the safe harbor requirements, and denied the motion. *MetLife*, 2010 WL 4024898, at *3 ("[P]laintiff deserved the benefit of consideration of a complete motion for sanctions for the twenty-one day safe harbor period [with the accompanying declarations]. Therefore, the court denies defendants' motion for sanctions for failure to comply with Rule 11(c)(2) procedural requirements.").

Here, Plaintiff did not provide the accompanying declarations filed with his Motion with the draft motion he provided to TalentBridge 21 days prior to filing, and thus he failed to comply with Rule 11(c)(2)'s procedural requirements. Miller Decl. ¶¶ 2-3 & Ex. A. For this reason alone, the Motion should be denied. In addition, Plaintiff made changes to the draft motion after emailing it to TalentBridge and before filing, including adding a hearing date and making other changes, which also violates the rule and warrants denial. Miller Decl, ¶ 3 & Ex. B. *See J.N. v. Goldberg*, No. B345334, 2026 WL 1283680, at *5 (Cal. Ct. App. May 11, 2026) (reversing award of sanctions because "a formal noticed motion is required to begin the 21-day period" and because motion did not include the hearing date it was "fatally defective" and did not start the 21 day period); *Guillemin v. Stein*, 104 Cal. App. 4th 156, 167 (2002) ("[California] Code of Civil Procedure section 128.7 was adopted to apply rule 11 of the Federal Rules of Civil Procedure (hereinafter rule 11), as amended in 1993, to cases brought on or after January 1, 1995. [] Because of this intent and the fact that the wording of Code of Civil Procedure section 128.7, subdivisions (b)(2) and (c) is almost identical to that found in rule 11(b)(2) and (c), federal case law construing Rule 11 is persuasive authority with regard to the meaning of Code of Civil Procedure section 128.7.") Accordingly, Plaintiff's Motion did not comply with Rule 11(c), the safe period never began to run, and thus the Motion is fatally defective and should be denied.

## IV.    SANCTIONS ARE NOT WARRANTED

Even if the Court considers the merits of the Motion, it should be denied. Plaintiff's request for non-monetary sanctions seeks an order striking statements and

Glaser Weil

11

3212592

references from TalentBridge's MTD, an order denying TalentBridge's RJN, and a prospective protective order – already requested in Plaintiff's Motion for Corrective Relief (ECF Nos. 17, 21, 24, 33) – blocking TalentBridge from making statements that Plaintiff does not like in other filings in this case. Mot. at 10-11. No such non-monetary sanctions are warranted here. Rather, this is just a summary of Plaintiff's disagreements with and oppositions to the MTD and RJN.

In any event, TalentBridge's Motion to Dismiss was well-grounded in fact, legally tenable, and not interposed for an improper purpose. It did not include sanctionable or frivolous legal contentions. And, as the Court acknowledged, Plaintiff's arguments opposing the MTD and RJN should have been presented in its Opposition to the MTD, rather than through this separate filing. In any event, Plaintiff's arguments lack merit.

### A. Sanctions Are Not Warranted for Referencing Extortion In The MTD Or For RJN Exhibits 1-2

In the introduction and background sections of the MTD, TalentBridge referenced contextual background information regarding Plaintiff's criminal history. TalentBridge referenced case law discussing this history – *i.e.*, specifically that "[Plaintiff] was arrested by the FBI after he mailed threatening communications with the intent to extort. He had targeted billionaires and other wealthy individuals through threats to kill members of their families. He later was convicted of attempted extortion and sentenced to 87 months in prison." ECF No. 27, citing *Shah v. NYP Holdings, Inc.*, No. 23-1127, 2024 WL 3825220, at *1 (7th Cir. Aug. 15, 2024). This is a quotation from the case, not a mischaracterization. Further, this demonstrates a different iteration of a similar pattern that TalentBridge believes Plaintiff is perpetrating on it through this litigation as well as numerous other companies.

TalentBridge also concurrently filed a RJN in support of the MTD, seeking judicial notice of 12 documents, all of which are publicly-filed court documents. ECF No. 29. Plaintiff complains about Exhibits 1 and 2, which are judicially-noticeable

12

3212592

public court filings, including an Affidavit filed in federal court attaching copies of the Arrest Warrant and Complaint against Plaintiff (Exhibit 1) and Plaintiff's Motion to Terminate Supervised Release (Exhibit 2), both of which provide relevant contextual background about Plaintiff's past.  *See* ECF Nos. 35-1, 29.  Exhibits 1-2 were referenced in the introduction and background section of the MTD but not to support any argument for dismissal of the meritless CIPA claim alleged in the FAC.

Nevertheless, the inclusion of this contextual information in the introduction and background section of the MTD, and Exhibits 1 and 2 to the RJN, is relevant context for the MTD and was not presented for an improper purpose.  Nor did TalentBridge assert any sanctionable or frivolous statements.  As an initial matter, Exhibits 1 and 2 to the RJN, public court filings, are properly the subject of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Travelers Indem. Co. of Connecticut v. Newlin*, 498 F. Supp. 3d 1262, 1280 n.4 (S.D. Cal. 2020) ("Under Federal Rule of Evidence 201, the Court may take judicial notice of filings in other courts.").  Further, these judicially-noticeable documents are properly considered on a motion to dismiss, and do not require the Court to transform the MTD into one for summary adjudication. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1112 (C.D. Cal. 2004) ("In addition to the allegations of the complaint, a court may consider exhibits submitted with the complaint, documents whose contents are alleged in the complaint when authenticity is not questioned, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201."); *see also* ECF No. 35-1. Finally, TalentBridge's Exhibits 1 and 2 to the RJN, are not inflammatory or prejudicial, but rather provide relevant and pertinent judicially-noticeable documents regarding Plaintiff's background and history of attempted extortion which provides context to Plaintiff's lawsuit against TalentBridge.

As to Plaintiff's contention that the references to extortion are inaccurate, TalentBridge included verbatim quotations from both publicly-filed and judicially-

13

3212592

noticeable court documents, as well as from case law, regarding attempted extortion. ECF No. 27 at 8. There is no false characterization. Further, TalentBridge's reference to Plaintiff's strong-arm tactics in this lawsuit in the introduction of the MTD is TalentBridge's view of what Plaintiff is doing here to TalentBridge and numerous other companies. Plaintiff has threatened and filed a tidal wave of lawsuits using the same CIPA claim in an effort to force small business to pay him settlements to avoid burdensome and costly litigation.

Nevertheless, the Court is appropriately positioned to determine the weight and relevance of this information in the introduction and background section of the MTD when it reviews the MTD and RJN. And, as the Court has recognized, Plaintiff's arguments are more appropriately raised in a challenge to TalentBridge's RJN or in opposition to the MTD, rather than in a Rule 11 motion seeking non-monetary sanctions through a protective order striking statements in the MTD, denying the RJN, and blocking relevant context and information that Plaintiff deems irrelevant for the entirety of the case. Plaintiff does not get another bite at the apple – he had ample opportunity in his opposition to the MTD, asserted the same arguments in his Motion for Corrective Relief that was denied as moot, his Motion for Reconsideration, and again here. Plaintiff is unnecessarily expending considerable Court and party resources to repeat the same arguments that should have been addressed in its Opposition to the MTD, and which do not warrant the extreme remedy of sanctions.

Plaintiff's reliance on *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001)[1] is misplaced. That case discussed sanctions under the court's inherent power for ***willful actions***, such as recklessness, harassment, or improper purpose, but declined to consider whether that standard was met, and instead remanded to the district court. *Id.* at 994. There is no such willful bad faith conduct here that warrants sanctions.

Further, Plaintiff's reliance on *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir.

---

[1] Plaintiff miscites *Fink* throughout the brief, citing "239 F.3d at 994", which is actually *United States v. Taylor*, 239 F.3d 994 (9th Cir. 2001).

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

2023) , *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008), *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007), and *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1337 (E.D. Cal. 2020), does not show otherwise. Not a single one of these cases supports a finding that sanctions are warranted for TalentBridge's mention of Plaintiff's history in the introduction and background section of the MTD, or for considering Plaintiff's judicially-noticeable admissions made in publicly-filed court documents. They do not. Each is factually distinguishable in any event. *Langer*, 57 F.4th at 1094 (discussing that serial litigation *may* be necessary and desirable in the context of public accommodations and compliance with the ADA, which is irrelevant in the CIPA context), *D'Lil*, 538 F.3d at 1040 (also in the ADA context, noting that it should be carefully considered before a litigant is prevented from pursing a valid claim because of past litigation, which is not the case here, where plaintiff is asserting a meritless CIPA claim based on the merits and failure to plead required elements of the claim, rather than because of his serial filings); *Molski*, 500 F.3d at 1062 (also inapplicable ADA context, and irrelevant as the MTD does not seek to deem Plaintiff vexatious as a matter of course); *Strojnik*, 436 F. Supp. 3d at 1337 (irrelevant ADA case finding that "[c]ourts must tread carefully before construing a Disability Act plaintiff's history of litigation against him" which his irrelevant and inapplicable to the MTD and the CIPA claim here).

**B.     Sanctions Are Not Warranted For TalentBridge's Valid Jurisdictional Argument In The MTD**

"Requests for sanctions based on disagreement over facts and legal arguments generally will not justify imposition of sanctions." *Wayne v. Sierra Cnty.*, No. 2:25-CV-1113-DAD-CKD (PS), 2026 WL 962651, at *2 (E.D. Cal. Apr. 9, 2026); *Shaw v. Mason*, No. 2:16-CV-00729-TLN-CKD, 2024 WL 584160, at *3 (E.D. Cal. Feb. 13, 2024) (denying motion for sanctions that asserted a motion to dismiss made arguments that were "frivolous, legally unreasonable, and made for an improper purpose" even

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

though court disagreed with the novel argument asserted, and cautioning the plaintiff against filing further motions for sanctions under similar circumstances). "An incorrect legal argument does not equate to a legal theory that is sanctionable." *Wayne*, 2026 WL 962651, at *2 (E.D. Cal. Apr. 9, 2026); *Zaldivar* ("It is obvious from the text of [Rule 11] that the pleader need not be correct in his view of the law.").

Nevertheless here, TalentBridge had ample support for its nonfrivolous and legally tenable jurisdiction argument. Indeed, as set forth in the MTD and Reply thereto, the FAC fails to plead the jurisdictional threshold amount in controversy. ECF Nos. 26, 35. Judge Percy Anderson recently dismissed with prejudice a similar complaint filed by this same Plaintiff against a different company *for these same reasons*. *Russco57,* 2026 WL 71868, at *1.

Plaintiff alleges only that he "made multiple search submissions during the relevant period, each of which triggered one or more separate third-party acquisitions," while admitting he "cannot identify the exact number of affected search submissions." FAC ¶ 11. He nowhere alleges the number of purported violations. This is insufficient. *Shah*, 2026 WL 71868, at *1 (dismissing case with prejudice because even the thirteen violations alleged by plaintiff at $5,000 in statutory damages each would not exceed $75,000 in statutory damages)[2]; *see also Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998) ("[W]e deem it to be the better practice that [diversity jurisdiction] allegations be supported by prima facie proof.").

Plaintiff's assertion for the first time in his Opposition to the MTD that the FAC "is captioned" "Counts One Through Sixteen" yielding $80,000 in statutory damages, relying on paragraphs 76-84 which set forth his ***single*** claim for relief, does not satisfy the jurisdictional pleading requirement or show that this argument is so lacking in merit

---

[2] Plaintiff's attempt distinguish *Shah* is unavailing, as there, *unlike here*, Plaintiff expressly alleged "[t]here are at least thirteen violations" at $5,000 each, even though the amount did not actually meet the jurisdictional threshold. RJN, Ex. 12, ¶ 5. Here, a random phrase in the middle of a page of the FAC stating "Counts One Through Sixteen" without alleging that there were sixteen violations or sixteen claims is insufficient.

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

as to warrant sanctions. Indeed, simply placing the phrase "Counts One Through Sixteen" above the paragraphs that allege a *single* violation of CIPA (FAC, pg. 17) does not sufficiently or plausibly allege or factually support sixteen distinct claims for relief tied to concrete, non-conclusory facts, as required by FRCP 8(a) and 10(b) and Local Rule 8-1.[3] Thus, the FAC should be dismissed on this ground. There is no basis whatsoever to justify sanctions against TalentBridge for asserting this valid and meritorious argument.

Plaintiff's reliance on *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990), which Plaintiff says holds that a legal contention is frivolous when it is ***completely without merit***, and *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005), which he says stands for the proposition that Rule 11 is violated when there is ***no plausible, good faith argument for the legal position taken***, are inapplicable here for the reasons discussed. TalentBridge's jurisdiction argument is not only plausible and made in good faith, but it is meritorious for the many reasons discussed in the MTD and Reply. ECF Nos. 26, 35; *see also Shah*, 2026 WL 71868, at *1.

## C. Sanctions Are Not Warranted For Asserting A Valid Tester Argument

Similarly, there is no basis to justify sanctions for TalentBridge's valid and good faith "tester" argument. As set forth in the MTD and Reply thereto, Plaintiff misunderstands that the Court does ***not*** need to accept as true his implausible allegations that he visited TalentBridge's website for a genuine purpose, which he added to the FAC to avoid dismissal, given that judicially-noticeable admissions confirm that Plaintiff states that he visits websites to "test" privacy violations (RJN, ECF No. 29, Ex. 10 ¶ 4), and then files copy-and-paste complaints – some identical to the initial complaint in this action – against numerous companies alleging the same

---

[3] It also defies logic that Plaintiff, who indicates that he simply entered a "confirmatory control term" in the search bar of the website (FAC ¶ 51), actually entered his protected private information at all, much less *sixteen* separate times.

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

conduct. ECF No. 29 (RJN), Exs. 6-11; ECF No. 1. He is an admitted "tester" who "fully expected" a privacy violation when visiting the website in order to file a lawsuit, and lacked a reasonable expectation of privacy or injury-in-fact to establish standing under CIPA. There is nothing frivolous or sanctionable about this supported argument.

Further, the law in this District supports TalentBridge's position. In a substantially similar situation in *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-cv-08735-RGK, 2025 WL 1122387, at *2 (C.D. Cal. Mar. 14, 2025), the Court held that because the plaintiff was a tester and "fully expected" a privacy violation when visiting the website at issue in order to file a lawsuit, the plaintiff lacked a reasonable expectation of privacy or an injury-in-fact to establish standing to bring her claims under CIPA. The Court dismissed Plaintiff's CIPA Section 631 claim with prejudice. *Rodriguez*, 2025 WL 1122387, at *5, *3 ("Plaintiff's injury squarely depends on her expectations, as an invasion of privacy requires a reasonable expectation of privacy to have been violated. And as a tester seeking to file lawsuits for invasions of her privacy, she had no expectation of privacy, and thus, no injury in fact."); *Rodriguez v. Autotrader.com*, 2025 WL 1085787, at *1 ("a tester that visited and entered information into Defendant's website expecting the information to be accessed, recorded, and disclosed, she cannot claim an injury when her expectations were ultimately met."). Thus, there is no violation of Rule 11 or of the duty of candor in asserting this argument.

Nor has *Rodriguez* been overruled. *Langer* did not involve standing under CIPA, but rather evaluated "paid testers" in the context of a Title III violations, where, *unlike with CIPA*, "a plaintiff's motive for going to a place of public accommodation is irrelevant to standing." Thus, *Langer* does not overrule or discredit *Rodriguez*, which squarely addressed whether a "tester" has standing under *CIPA* and the answer is a resounding "no." 2025 WL 1122387, at *2. In *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533, 2025 WL 1939957, at *7 (N.D. Cal. July 14, 2025) and *Gabrielli v. Haleon US Inc.*, No. 25-cv-02555, 2025 WL 2494368, at *6 (N.D. Cal. Aug. 29, 2025), there was no judicially-noticeable admission by the Plaintiff – like there is here – that

Glaser Weil

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

he *was* in fact a tester, which discredits Plaintiff's flimsy implausible allegation, crafted solely to defeat this motion. *Rodriguez* is still good law. Plaintiff has not shown any violation of Rule 11 or the duty of candor based on TalentBridge's assertion of an argument supported by facts and good law in this District.

## V.    **CONCLUSION**

Accordingly, Plaintiff has not satisfied his heavy burden to justify his request for non-monetary sanctions. Indeed, Plaintiff simply takes issue with the MTD and RJN, and is improperly asserting objections to the information in those documents. This is improper. Nevertheless, Plaintiff's Motion should be denied. Plaintiff did not comply with either the meet and confer requirements of this Court or the safe harbor requirements of Rule 11, which warrants denial of this Motion. Further, nothing contained in the MTD or RJN is so frivolous, baseless, or harassing, or asserted for an improper purpose, so as to warrant the extreme remedy of sanctions. To the contrary, TalentBridge merely asserted truthful and relevant contextual background information through case law and judicially-noticeable documents in the introduction and background section of the MTD, and asserted legal arguments supported by the facts and law in this District. As such, Plaintiff's Motion should be denied with prejudice. In addition, Plaintiff should not be permitted to continue seeking the same relief requested herein through additional motions. *See Shaw*, 2024 WL 584160, at *4 ("[I]t is unclear why [plaintiff] chose to file a motion for sanctions rather than merely respond to Defendants' argument in her opposition to the motion to dismiss. The Court cautions Plaintiff against moving for sanctions under similar circumstances in the future . . . [and] DENIES Defendants' request to sanction Plaintiff at this time."). Monetary sanctions should be imposed on Plaintiff for his improper and vexatious motion.

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

DATED:  May 20, 2026

Respectfully submitted,

GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP

By:  */s/ Sarah G. Miller*
    ELIZABETH A. SPERLING
    SARAH G. MILLER
    Attorneys for Defendant
    TalentBridge, Inc.

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel for record TalentBridge, Inc., certifies that this Memorandum of Points and Authorities contains 4,859 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 20, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: /s/ Sarah G. Miller
ELIZABETH A. SPERLING
SARAH G. MILLER
Attorneys for Defendant
TalentBridge, Inc.

DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

3212592