UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00222-AH-SSCx | Date | May 28, 2026 |
| Title | Vivek Shah v. Talentbridge, Inc. | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 26)  [JS-6]**

Before the Court is Defendant Talentbridge, Inc.'s ("Defendant") Motion to
Dismiss ("Motion") the First Amended Complaint ("FAC").[1]  Dkt. No. 26.
Plaintiff Vivek Shah ("Plaintiff") opposed.  Dkt. No. 32.  Defendant replied.  Dkt.
No. 35.  The Court held oral argument on May 27, 2026.  For the following
reasons, the Court GRANTS the Motion.

## I.    BACKGROUND[2]

Plaintiff brings this action under the California Invasion of Privacy Act
("CIPA"), section 631(a) of the California Penal Code, for the alleged interception
of Plaintiff's electronic communications while using Defendant's job search

---

[1] Defendant filed a Request for Judicial Notice ("RJN") in support of its Motion.
Dkt. Nos. 27–29.  Because the Court's ruling herein does not consider the material
subject to the RJN, the Court DENIES the RJN as moot.
[2] The following factual allegations are taken from the FAC.  Dkt. No. 23.  The
Court considers well-pleaded factual allegations as true for the purposes of this
Motion.

---

website.  *See generally* FAC.  Plaintiff alleges Defendant embedded third-party tracking and analytics code in its website, which transmitted Plaintiff's search queries to third-party companies without notice or consent.  *Id.* ¶¶ 1, 5–6, 49.

Plaintiff accessed Defendant's website and entered search terms "similar to 'felony-friendly jobs['] near Los Angeles and 'jobs no background check' near Los Angeles."  *Id.* ¶¶ 23–24.  Before submitting these searches, Plaintiff selected "Reject All" on Defendant's website's cookie banner.  *Id.* ¶¶ 31–32.  Using browser developer tools, Plaintiff observed network requests that disclosed Plaintiff's search terms from Plaintiff's browser to the third-party domains Google Analytics and UserWay.  *Id.* ¶¶ 41–46.  Plaintiff captured screenshots of the website, the cookie banner, and outbound requests, though the search term in these screenshots was "a confirmatory control term" rather than job-related search terms.[3]  *Id.* ¶¶ 50–51.

Plaintiff initiated this action on January 5, 2026, bringing one cause of action for violation of CIPA.  Dkt. No. 1.  Defendant moved to dismiss the Complaint on March 16, 2026.  Dkt. No. 13.  Plaintiff filed the FAC on April 6, 2026, again bringing one cause of action for violation of CIPA but with the label "Counts One Through Sixteen."  Dkt. No. 23.  Defendant moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on April 20, 2026.  Dkt. No. 26.

## II.    LEGAL STANDARD

A motion for lack of subject matter jurisdiction may be brought under Federal Rule of Civil Procedure 12(b)(1).  A defendant's challenge under Rule 12(b)(1) may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Id.*  A factual attack "contests the truth of the

---

[3] Plaintiff does not include these screenshots in the FAC.

plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.*

## III.   DISCUSSION

### A.     Rule 12(b)(1) Motion

Defendant argues that Plaintiff fails to allege (1) the requisite amount in controversy for diversity jurisdiction, and (2) an injury in fact required for Article III standing.[4]

### 1.     <u>Diversity Jurisdiction</u>

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §§ 1331, 1332(a). District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *In re Mexico City Aircrash,* 708 F.2d 400, 404 n.4 (9th Cir.1983). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction," if challenged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). Once challenged, the party asserting diversity jurisdiction must establish "complete diversity by a preponderance of the evidence." *See Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 613 (9th Cir. 2016).

The FAC brings only a state law claim and asserts diversity jurisdiction. FAC ¶ 8. Defendant argues the FAC fails to allege that the amount in controversy exceeds $75,000. Mot. at 6. Plaintiff argues the amount in controversy exceeds $75,000 because he alleges "multiple separate violations" of CIPA from "multiple search submissions during the relevant period." FAC ¶ 11; *see* Cal. Penal Code

---

[4] The Court addresses Defendant's arguments that the FAC's allegations are insufficient to establish jurisdiction, not that they are untrue, so the Court construes these arguments as facial attacks. *See Safe Air for Everyone*, 373 F.3d at 1039.

§ 637.2 (establishing statutory damages of $5,000 "per violation" of CIPA). Plaintiff claims the "exact number of affected search submissions . . . is within Defendant's possession, custody, and control, but based on the requests observed and the architecture of the page, Plaintiff plausibly alleges that the aggregate statutory exposure exceeds $75,000." *Id.* This conclusory assertion, without plausible allegations of the number of violations, fails to sufficiently allege that the amount in controversy exceeds $75,000. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (noting that courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Plaintiff argues the FAC's label of "Counts One Through Sixteen" means he alleges sixteen violations of CIPA, but this mere label is not a sufficient affirmative allegation of the number of violations when the FAC only alleges Plaintiff entered "multiple search submissions." *See* Opp'n at 7–8.

Accordingly, Plaintiff has not sufficiently alleged diversity jurisdiction.

### 2. <u>Standing</u>

The case or controversy requirement under Article III of the U.S. Constitution "limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be ripe for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010) (citation modified). To have standing, a plaintiff must plausibly plead three elements: "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation modified).

Defendant argues Plaintiff lacks Article III standing because he fails to allege a concrete injury in fact that is sufficient to confer standing.[5] Mot. at 7. An

---

[5] Defendant also argues Plaintiff is a "tester" who "seeks out privacy violations for the purpose of litigation" and "cannot claim a reasonable expectation of privacy." Mot. at 7. In light of the Court's ruling regarding Plaintiff's failure to allege a

injury in fact requires a "concrete and particularized" harm that is "actual or imminent." *Lujan*, 504 U.S. at 560. A "plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. Article III standing requires a concrete injury even in the context of a statutory violation."[6] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 331 (2016). An intangible injury may be concrete, such as harms with "a close relationship to a harm traditionally recognized as providing a basis for lawsuits in American courts," including, for example, "disclosure of private information" and "intrusion upon seclusion." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (citation modified). "*TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025). An alleged injury based on invasion of privacy therefore requires a harm that is "similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* (referring to the elements of public disclosure of private facts and intrusion upon seclusion).

For alleged transmissions of private information, courts "make their decisions regarding whether a plaintiff has stated a legally protectable privacy interest based on the nature of the information at issue." *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023). A plaintiff therefore "must identify the specific personal information she disclosed that implicates a protectable privacy interest." *Mikulsky*, 682 F. Supp. 3d at 864; *see also, e.g.*, *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (dismissing CIPA

---

concrete injury in fact, the Court need not address the parties' arguments regarding whether Plaintiff is a "tester."

[6] Plaintiff incorrectly argues that a CIPA violation itself constitutes a concrete injury for purposes of Article III standing, appearing to conflate statutory standing with Article III standing. *See* Opp'n at 12. For instance, Plaintiff cites *Camplisson v. Adidas Am., Inc.* for the proposition that a "violation of one's privacy rights is an injury in itself, and the statute does not require more." *See* 809 F. Supp. 3d 1095, 1104 (S.D. Cal. 2025). This quote is referring to statutory standing under CIPA, not Article III standing. *See id.* at 1103–04. Regarding Article III standing, in contrast, *Camplisson* recognizes that "even if the legislature has 'grant[ed] a person a statutory right and purport[ed] to authorize that person to sue to vindicate that right,' that alone is not sufficient for standing." *Id.* at 1104 (alterations in original) (quoting *Spokeo*, 578 U.S. at 341).

---

claim due to lack of standing because the plaintiff did not "identify any specific personal information she disclosed that implicates a protectable privacy interest").

Defendant argues Plaintiff does not have a protectable privacy interest in the search terms he entered.  Mot. at 10.  Plaintiff does not allege the exact search terms he entered, but only alleges that he searched terms "similar to" "felony-friendly jobs" and "jobs no background check" in Los Angeles, as well as an unspecified "confirmatory control term."  FAC ¶¶ 2, 51, 69.  Even if the Court presumes that Plaintiff entered the exact search terms "felony-friendly jobs" and "jobs no background check" near Los Angeles, Plaintiff has not shown a protectable privacy interest in these generic search terms that may reveal the searcher's interests but are not linked to Plaintiff's identity.  In the similar case *Maghoney v. Dotdash Meredith, Inc.*, the court concluded that a plaintiff who "merely *searched* sensitive health related terms" on a publicly accessible website did not have a protectable privacy interest over his searches because "nothing about Plaintiff's searches indicates those searches were tied to his personal medical history."  2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026) (emphasis in original).  Likewise, Plaintiff here merely searched about felony-friendly job opportunities or jobs with no background checks on Defendant's public website, with no indication that his searches were tied to his sensitive personal information or a personal account.[7]  *See id.* ("Plaintiff does not allege any of his searches were directly linked to his name or other personally identifiable information.  At most, the data was associated with an IP address and other metadata, which does not automatically qualify as personally identifiable information.") (citation omitted).  These general search terms do not disclose Plaintiff's specific criminal history, or even necessarily his status as a felon, given that anyone seeking a job without background checks might enter such search terms.  *See id.* (noting that "[a]nyone

---

[7] The FAC alleges that "the requests to Google Analytics and UserWay were accompanied by or associated with contextual information sufficient to tie the disclosed search-bearing page location to Plaintiff's browser, device, session, timestamp, referrer, page view, or other digital profile data."  FAC ¶ 54.  However, courts have routinely concluded there is no protectable privacy interest over such metadata that is voluntarily turned over to third parties.  *See, e.g.*, *United States v. Forrester*, 512 F.3d 500, 503 (9th Cir. 2008) ("Internet users have no expectation of privacy in the to/from addresses of their messages or the IP addresses of the websites they visit."); *Myers v. Dick's Sporting Goods, Inc.*, 2026 WL 1045528, at *3 (E.D. Cal. Apr. 17, 2026) ("The disclosure of an IP address is insufficient harm to confer standing unless paired with more sensitive information.").

---

from a schoolteacher writing a lesson plan for a sex-ed class or a researcher looking to analyze potential findings could enter [health-related search queries] into an informational health website"). This case is therefore distinguishable from those that involve disclosures of "information [that] concerns [a plaintiff's] person" or "a broad set of [a plaintiff's] personal identifying and addressing information." *Cf. Camplisson*, 809 F. Supp. 3d at 1106 (finding an injury in fact where a website's "tracking pixels" transmitted users' "personal information (e.g., name, date of birth, address)" and "personally identifying information"). The information at issue in this case concerns how Plaintiff interacted with Defendant's website, rather than his private, personally identifying information. The alleged privacy invasion here is therefore not "similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *See Popa*, 153 F.4th at 791.

Because Plaintiff has not sufficiently alleged an injury in fact, Plaintiff lacks Article III standing.[8]

## B.      Leave to Amend

Plaintiff requests leave to amend. Opp'n at 30–31. As an initial matter, Plaintiff highlights his status as a pro se litigant. *Id.* at 6, 31. However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ P. 15(a). However, a "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiff asserts that "no amendment is necessary" and does not indicate how he would further amend the FAC in his Opposition. Opp'n at 31. The Court concludes that amendment would be futile in this case. Even if Plaintiff could plausibly allege sixteen separate violations of CIPA, consistent with his obligations under Rule 11(b), Plaintiff would still lack standing because the search terms he submitted do not implicate a protected privacy interest, and he has not alleged any other sensitive personal information

---

[8] In light of the Court's ruling, the Court does not address the parties' arguments regarding the Rule 12(b)(6) motion for failure to state a claim under CIPA.

was transmitted.[9]  Plaintiff has not sufficiently alleged standing despite two opportunities to do so and after being put on notice of the pleading deficiencies by Defendant's motion to dismiss the original Complaint before he filed the FAC. Accordingly, the Court declines to grant leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion and DISMISSES the FAC without prejudice.  The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

---

[9] During the hearing on this Motion, Plaintiff argued that he could amend the FAC to allege sixteen violations of CIPA, but did not indicate that he could allege additional search terms he entered or other allegations to cure the standing issue.