VIVEK SHAH
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
Telephone: (224) 246-2874
Email: newvivekshah@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| VIVEK SHAH,<br><br>Plaintiff,<br><br>v.<br><br>TALENTBRIDGE, INC.,<br><br>Defendant. | **Case No. 2:26-cv-00222-AH (SSCx)**<br>The Hon. Anne Hwang, District Judge<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO RETAX COSTS**<br><br>Date: September 9, 2026<br>Time: 1:30 pm<br>Courtroom: 9C |

## I. INTRODUCTION

TalentBridge's Opposition never cites 28 U.S.C. § 1920. Not once. It does not mention *Crawford Fitting*, *City of San Antonio*, *Taniguchi*, *Alflex*, *Frederick*, *Yasui*, *Alexander Manufacturing*, *In re Online DVD-Rental*, or *Hesterberg*. It does not identify the standard of review or acknowledge that this Court reviews the Clerk's taxation de novo. It does not mention the $298.20 rush surcharge or the $99.00 rush surcharge — the word "rush" does not appear in the Opposition at all.

The Motion's central premise is that § 1920 is a ceiling, that neither a local rule nor Rule 54(d) can raise it, and that private vendor filing charges and messenger delivery charges lie outside it. TalentBridge does not dispute that premise. It does not engage it.

What the Opposition does instead is instructive. For Item 10(a) it block-quotes Local Rule 54-3.10(a) verbatim. For Item 1 it paraphrases Local Rule 54-3.1 — and the paraphrase drops the words that decide the question. The rule taxes fees "listed in the Judicial Conference Schedule of Fees District Court Miscellaneous Fee Schedule" that are "actually paid to the Clerk." The Opposition renders this as "Clerk fees paid in connection with the case." (Opp. at 3:9–10.) Both limiting requirements disappear.

TalentBridge paid the Clerk nothing. It says so itself: "There are no different receipts for these payments." (Opp. at 3:11–12.) That is not a defense. It is the concession on which this Motion turns.

## II. ARGUMENT

### A. TalentBridge Does Not Contest the § 1920 Ceiling, and That Alone Resolves This Motion.

Failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.

This is not a forfeited technicality at the margins of the dispute. The § 1920 ceiling *is* the dispute. Rule 54(d) "provide[s] for taxing only the costs already made taxable by statute, namely, 28 U.S.C. § 1920." *City of San Antonio v. Hotels.com, L.P.*, 593 U.S. 330, 337 (2021). Taxable costs are "narrow, limited, and modest in scope." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). TalentBridge offers no response to any of it.

The Opposition is likewise silent on the standard of review. This Court reviews the Clerk's taxation de novo, and the Clerk's conclusion is owed no deference.

### B. Item 1: The Opposition's Paraphrase of Local Rule 54-3.1 Omits the Rule's Two Operative Requirements.

Local Rule 54-3.1 provides in full: "Fees listed in the Judicial Conference Schedule of Fees District Court Miscellaneous Fee Schedule, issued in accordance with 28 U.S.C. § 1914, that are actually paid to the Clerk in connection with a case are taxable. Pro hac vice fees and other fees not included in the District Court Miscellaneous Fee Schedule are not taxable."

The rule imposes two requirements: the charge must appear in the Miscellaneous Fee Schedule, and it must have been actually paid to the Clerk. Item 1 satisfies neither.

First, no fee was paid to the Clerk. TalentBridge was the defendant; it filed no complaint and owed no filing fee. Its own Opposition confirms that no Clerk receipt exists. (Opp. at 3:11–12.) A statement that no other receipt exists does not establish that a fee was paid to the Court — it establishes the opposite.

Second, "FILING-FAX, PDF RUSH" and "eFILING IMMEDIATE" are not entries in the Judicial Conference Miscellaneous Fee Schedule. (ECF No. 43, Tabs 1A–1B.) They are line items on the invoices of First Legal Network, a private attorney service. The final sentence of Local Rule 54-3.1 forecloses exactly this: "other fees not included in the District Court Miscellaneous Fee Schedule are not taxable." The rule TalentBridge invokes is the rule that defeats Item 1.

Third, the $124.25 "eFILING IMMEDIATE" charge was paid to a vendor to transmit a document through CM/ECF — a service this Court provides to registered filers at no charge. A litigant may pay a vendor to press the button. It may not tax that choice to its opponent.

### C. *Kalitta Air* Is Not Distinguishable; TalentBridge Recites Its Two Holdings and Declares Both Irrelevant.

TalentBridge argues that *Kalitta Air*, "which considered *pro hac vice* fees and costs beyond copying costs for deposition editing, is inapplicable and irrelevant to this case." (Opp. at 3:13–16.) That sentence accurately identifies the Ninth Circuit's two holdings — and each one controls here.

*Holding one.* The court held that "§ 1920(1)'s reference to fees of the clerk draws its meaning from 28 U.S.C. § 1914," which authorizes the district court to collect a filing fee and "such additional fees only as are prescribed by the Judicial Conference of the United States." 741 F.3d at 957. Because § 1914(b) confines the clerk to fees the Judicial Conference has prescribed, § 1920(1) is confined the same way: only charges appearing in the Miscellaneous Fee Schedule are taxable "fees of the clerk." *Id. Pro hac vice* fees were the application of that rule; the rule is the holding. And the Central District's own local rule adopts it: Local Rule 54-3.1 excludes "[p]ro hac vice fees *and other fees not included in the District Court*

*Miscellaneous Fee Schedule*." First Legal's invoices are precisely "other fees not included" in that schedule.

*Holding two.* The court reversed the videotape-editing award as "a service in excess of the costs of making copies," and the synchronization award because it "was not an act of copying or exemplification." 741 F.3d at 959. That reasoning disposes of Item 10(a): carrying a document across town is not an act of copying either.

TalentBridge does not engage this reasoning. It labels the case irrelevant and moves on. Labeling is not distinguishing.

## D. Item 10(a): TalentBridge Establishes Only Half of the Rule It Quotes, and No Local Rule Can Exceed § 1920.

**1. The invoices show delivery and nothing else.** TalentBridge block-quotes Local Rule 54-3.10(a) — "the cost of copying *and* delivering Mandatory Chambers Copies" — and asserts that the receipts "support – the cost of copying and delivering mandatory chambers copies." (Opp. at 3:23–26.) They do not. Tab 10(a)A bills "PDF COURTESY DELIVERY" ($40.25); Tabs 10(a)B and 10(a)C bill "PDF COURTESY DEL.-RUSH" ($162.25 and $64.75). Not one shows a page count, a per-page rate, or any reproduction charge. TalentBridge claimed nothing for copying because it charged nothing for copying. On the conjunctive rule it quotes, it has proven half the predicate.

**2. The rush surcharge is unaddressed and indefensible.** Local Rule 54-3.10 taxes only "*reasonable* document preparation costs." Tab 10(a)B's $162.25 consists of a $63.25 base delivery charge plus a $99.00 rush surcharge — a 156% premium. The same vendor's other chambers-copy deliveries in this same case cost $40.25 and $64.75. The Opposition never mentions the surcharge. It is therefore both waived and, on this record, plainly unreasonable.

**3. Nothing required expedited delivery.** TalentBridge asserts the deliveries were made "in the time required by the Court and the Local Rules." (Opp. at 3:25–26.) Local Rule 5-4.5 requires delivery of a mandatory chambers copy "no later than 12:00 noon on the following business day." Ordinary next-day delivery meets that requirement — as the $40.25 and $64.75 deliveries in this case demonstrate. Nothing in the record supports the assertion that a rush was required.

**4. A local rule cannot raise the statutory ceiling.** Section 1920(4) reaches only "[f]ees for exemplification and the costs of making copies." If Local Rule 54-3.10(a) is read as TalentBridge reads it — to authorize taxation of pure messenger charges — then to that extent it conflicts with § 1920 and cannot be applied. This Court so held in *Viacao Aerea Sao Paulo, S.A. v. International Lease Finance Corp.*, 119 F.R.D. 435, 439 (C.D. Cal. 1988), declining to apply

any part of a Local Rule that conflicted with *Crawford Fitting*. And courier charges are overhead, not litigation costs.

### E. "Form Over Substance" Is Not an Answer to the Applicant's Documentation Burden.

TalentBridge calls the documentation objection an attempt "to elevate form over substance." (Opp. at 4:2–3.) The objection is one of substance. The applicant bears the burden of establishing both the amount and the taxability of each item, and courts disallow costs resting on invoices that show no rate and no page count. Local Rule 54-2.1 is mandatory: failure "to attach sufficient documentation to support an item will constitute grounds for not taxing that item."

The attachments are monthly account statements for defense counsel's firm covering multiple client matters, with totals of $1,666.52, $4,952.11, $1,607.33, and $870.23 — far exceeding the amounts claimed. On Tabs 1B and 10(a)B, the printed client-matter reference "00001-004" is struck through by hand and "12291.0002" written in. The Opposition addresses none of this. That these are "the only receipts that exist" (Opp. at 4:1–2) explains the deficiency; it does not cure it.

### F. Footnote 1's Attack on the Amended Objections Is Incorrect and, in Any Event, Immaterial.

**1. The Amended Objections were timely and required no leave.** Local Rule 54-2.2 permits a party against whom costs are claimed to file objections "[w]ithin 14 days after service" of the Application. The Application was served June 11, 2026; the window ran through June 25. The Amended Objections were filed June 17. Nothing in Local Rules 54-2.1 through 54-2.5 requires leave to amend within that period, and Local Rule 54-2.3 gave TalentBridge three days to respond. It chose not to.

**2. Nothing turns on it.** Plaintiff's original objections (ECF No. 44) — filed June 11 and indisputably part of the record before the Clerk — challenged the same two items on the same grounds, including expressly under 28 U.S.C. § 1920. Even if the Court disregarded ECF No. 46 entirely, the objections would remain preserved and the analysis unchanged.

**3. The Opposition's new factual assertions are outside the record and unsworn.** TalentBridge states for the first time that its "counsel was out of the country at that time … and had auto responses set on its emails." (Opp. at 2 n.1.) No declaration supports that assertion, no auto-reply appears anywhere in the record, and the assertion appears nowhere in the materials before the Clerk. "Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence." L.R. 7-6. Having devoted a section of its Opposition to the principle that review

is "limited to the record made before the Clerk" (Opp. at 3:3–6), TalentBridge cannot simultaneously ask the Court to credit facts found nowhere in that record.

**4. The dispositive point.** Local Rule 54-2.2 provides that "[i]n the absence of a timely objection, any *allowable* item may be taxed as requested." Local Rule 54-2.4 provides that the Clerk "has no discretion to tax any item not identified as taxable in this L.R. 54 and its subparts." So even if every objection Plaintiff filed were stricken, the Clerk still could not have taxed items that are not allowable — and on de novo review, neither can this Court. A procedural complaint about objections cannot supply substantive authority to tax a charge that § 1920 and Local Rule 54-3 do not reach.

### G. Prevailing-Party Status Was Never in Dispute and Does Not Answer Taxability.

The Opposition opens by establishing, in bold type, that TalentBridge is the prevailing party and that "Plaintiff does not dispute this." (Opp. at 2:5–10.) Correct — Plaintiff has never disputed it. The Motion does not ask the Court to redetermine the prevailing party; it asks which claimed charges are taxable.

The Rule 54(d) presumption operates only within the categories Congress made taxable. Prevailing-party status entitles a party to its *taxable* costs. It does not convert a vendor's convenience charge into one.

## III. CONCLUSION

TalentBridge had one opportunity to explain why 28 U.S.C. § 1920 permits taxation of a private company's fax-filing, e-filing, and courier charges. It did not mention the statute. Every dollar taxed is a charge paid to First Legal Network for filing convenience or courtesy-copy delivery, and neither § 1920 nor Local Rule 54-3 reaches either category.

Plaintiff respectfully requests that the Court grant the Motion, vacate the Clerk's August 10, 2026 taxation (ECF No. 50), and tax costs in the amount of $0.00. In the alternative, Plaintiff requests that the Court disallow Item 1 in full ($541.20) and the $99.00 rush surcharge within Item 10(a), and tax costs in an amount no greater than $168.25.

DATED: August 18, 2026

Respectfully submitted,

/s/ Vivek Shah
VIVEK SHAH

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, Plaintiff appearing pro se, certifies that this Reply contains 2,050 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 18, 2026

/s/ Vivek Shah
VIVEK SHAH